UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------- x
POLICE AND FIRE RETIREMENT SYSTEM : Civil Action No. 1:06-cv-05797-PAC
OF THE CITY OF DETROIT, On Behalf of :
Itself and All Others Similarly Situated, : <u>CLASS ACTION</u>
:
              Plaintiff, :
:
  vs. :
:
SAFENET, INC., et al., :
:
              Defendants. :
---------------------------------------------------------- :
MICHAEL J. GOLDE, On Behalf of Himself : Civil Action No. 1:06-cv-06194-PAC
and All Others Similarly Situated, :
: <u>CLASS ACTION</u>
              Plaintiff, :
:
  vs. :
:
SAFENET, INC., et al., :
:
              Defendants. :
---------------------------------------------------------- x

MEMORANDUM OF LAW IN SUPPORT OF THE PENSION & ANNUITY FUND
GROUP'S MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT
AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL

**I.      INTRODUCTION**

The Pension & Annuity Fund Group, in connection with its transactions in the publicly-traded securities of SafeNet, Inc. ("SafeNet" or the "Company") between March 31, 2003 and May 18, 2006 (the "Class Period"), submits this memorandum of law in support of its motion pursuant to §21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §78u-4(a)(3)(B), for entry of an order: (1) appointing the Pension & Annuity Fund Group as lead plaintiff for the class; (2) approving Lerach Coughlin Stoia Geller Rudman & Robbins LLP ("Lerach Coughlin") as lead counsel; and (3) consolidating the related actions.[1]

The Pension & Annuity Fund Group is the "most adequate plaintiff," as defined by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), because, to the best of its knowledge, it has the greatest financial interest of any moving class member or plaintiff who has brought suit or filed an application to serve as lead plaintiff in these related actions.[2] *See In re Comverse Tech., Inc. Sec. Litig.*, 2006 U.S. Dist. LEXIS 69900 (E.D.N.Y. Sept. 26, 2006). In addition, the Pension & Annuity Fund Group satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") because its claims are typical of the claims of the putative class and because it will fairly and adequately represent the interests of the class. *See Montoya v.*

---

[1]     The Pension & Annuity Fund Group is comprised of four sophisticated institutional investors: (i) Central States, Southeast and Southwest Areas Pension Fund; (ii) Teamsters Affiliates Pension Plan; (iii) Structural Ironworkers Local Union #1 Annuity, Pension and Welfare Funds; and (iv) Massachusetts State Guaranteed Annuity Fund. *See In re Cardinal Health, Inc. Sec. Litig.*, 226 F.R.D. 298, 305-06 (S.D. Ohio 2005).

[2]     *See* Affidavit of David A. Rosenfeld in Support of the Pension & Annuity Fund Group's Motion for Consolidation of Related Actions, Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel ("Rosenfeld Aff."), Ex. A.

*Mamma.Com, Inc.*, 2006 U.S. Dist. LEXIS 13207 (S.D.N.Y. 2006).[3] Finally, the Pension & Annuity Fund Group's selection of lead counsel should be approved because Lerach Coughlin will adequately represent the interests of the class. *See, e.g.*, *In re Enron Corp. Sec. Derivative & "ERISA" Litig.*, 2006 U.S. Dist. LEXIS 43146, at *77 (S.D. Tex. 2006) ("[Lerach Coughlin] is comprised of probably the most prominent securities class action attorneys in the country."); *Tyler v. Astrazeneca, PLC*, 2006 U.S. Dist. LEXIS 6479, at *7 (S.D.N.Y. 2006) ("Lerach Coughlin possesses extensive experience litigating securities class actions and has successfully prosecuted complex securities fraud class actions in both state and federal court. The court finds that Lerach Coughlin has the requisite qualifications to serve as lead counsel.").

## II.  FACTUAL BACKGROUND

During the Class Period, SafeNet and the individual defendants issued numerous false and misleading public statements pertaining to SafeNet's stock option grants and executive compensation policies and practices.[4] Defendants improperly administered SafeNet's stock option plans and failed to disclose the implications of their conduct. When these improper grants were finally revealed, SafeNet's stock declined dramatically, damaging shareholders.[5]

---

[3] Pursuant to the PSLRA, the Court must consolidate the two related actions pursuant to Federal Rule of Civil Procedure 42(a) before appointing a lead plaintiff. *See* §III.C, *infra*.

[4] The class includes all former shareholders of Rainbow Technologies, Inc. ("Rainbow") whose shares were converted into common shares of SafeNet pursuant to the registration statement and joint proxy statement/prospectus filed with the United States Securities and Exchange Commission in connection with the Company's March 15, 2004 acquisition by SafeNet.

[5] SafeNet also issued false and misleading proxy statements in violation of §14(a) of the Exchange Act and issued various other false and misleading statements regarding SafeNet's financial condition in violation of §10(b).

On March 15, 2004, SafeNet closed a stock-based merger between a SafeNet subsidiary and Rainbow in a deal valued at more than $450 million (the "Acquisition"). As a result of the Acquisition, Rainbow's shareholders exchanged each Rainbow share they owned for 0.374 SafeNet shares, receiving 43% of the total shares of the combined entity. On October 21, 2003, the day before disclosure of the Acquisition, SafeNet's stock price closed at $42.95 per share.

Defendants solicited the vote of Rainbow's shareholders in favor of the Acquisition and caused the exchange described above by issuing a materially false and misleading registration statement. Defendants issued the false and misleading registration statement and proxy/prospectus in violation of §11 of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. §77k, and §14(a) of the Exchange Act.

In addition to issuing false financial statements, defendants also violated Generally Accepted Accounting Principles regarding SafeNet's revenues and expenses relating to long-term product development contracts. Through a series of disclosures at and near the end of the Class Period, defendants finally admitted their wrongdoing by restating SafeNet's reported financial results for the second and third quarters of 2005, causing the value of SafeNet shares to drop precipitously. As a result of defendants' false and misleading statements, the Pension & Annuity Fund Group purchased shares of SafeNet stock at artificially inflated prices and were injured thereby.

### III.     ARGUMENT

#### A.     The Pension & Annuity Fund Group Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1); *see also Dolan v. Axis Capital Holdings Ltd.*, 2005 U.S. Dist. LEXIS 6538 (S.D.N.Y. 2005).

- 3 -

First, the plaintiff who files the initial action must publish a notice to the class within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. §78u-4(a)(3)(A)(i).  Here, in connection with the filing of the first-filed action, notice was published on August 1, 2006.  *See* Rosenfeld Aff., Ex. B.  Within 60 days of publishing the notice, any person who is a member of the proposed class may apply to the court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action.  15 U.S.C. §78u-4(a)(3)(A)(i)(II), (B)(i).

Second, the PSLRA provides that within 90 days after publication of the notice the court shall consider any motion made by a class member and shall appoint as lead plaintiff the member of the class that the court determines to be most capable of adequately representing the interests of class members.  15 U.S.C. §78u-4(a)(3)(B)(i).  In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this [Act] is the person or group of persons that –
>
> > (aa) has either filed the complaint *or made a motion in response to a notice* . . . ;
> >
> > (bb) in the determination of the court, has the *largest financial interest* in the relief sought by the class; and
> >
> > (cc) otherwise *satisfies the requirements of Rule 23* of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I) (emphasis added).

The time period in which class members may move to be appointed lead plaintiff in this case, expires October 2, 2006.  *See* 15 U.S.C. §78u-4(a)(3)(A)-(B).  Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the required notice, the Pension & Annuity Fund Group has timely moved this Court to be appointed lead plaintiff on behalf of all members of the class.

### 1. The Pension & Annuity Fund Group Has the Largest Financial Interest in the Relief Sought by the Class

During the Class Period, the Pension & Annuity Fund Group purchased 233,975 shares of SafeNet stock and lost approximately $1,819,575 million in connection therewith. *See Comverse*, 2006 U.S. Dist. LEXIS 69900, at *5-*6. To the best of the Pension & Annuity Fund Group's knowledge, there are no other applicants who have sought, or are seeking, appointment as lead plaintiff that have a larger financial interest. *See* 15 U.S.C. §78u-4(a)(3)(B).

### 2. The Pension & Annuity Fund Group Otherwise Satisfies Rule 23 of the Federal Rules of Civil Procedure

In addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Of Rule 23(a)'s four prerequisites to class certification, only two – typicality and adequacy – directly address the personal characteristics of the class representative. Consequently, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification.

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. Typicality exists where the plaintiff's claims arise from the same series of events and are based on the same legal theories as the claims of all the class members. *See Rossini v. Ogilvy & Mather, Inc.*, 798 F.2d 590, 598 (2d Cir. 1986). Typicality does not require that there be no factual differences between the class representatives and the class members because it is the generalized nature of the claims asserted which determines whether the class representatives are typical. The requirement that the proposed class representatives' claims be typical of the claims of the class does not mean, however, that the claims must be identical. *See In re Crayfish Co. Sec. Litig.*, 2002 U.S. Dist. LEXIS 10134, at *14 (S.D.N.Y. 2002).

The Pension & Annuity Fund Group satisfies this requirement because, just like all other class members, it: (1) purchased SafeNet securities during the Class Period; (2) purchased SafeNet securities in reliance upon the alleged materially false and misleading statements issued by defendants; and (3) suffered damages thereby. Thus, the Pension & Annuity Fund Group's claims are typical of those of other class members since its claims and the claims of other class members arise out of the same course of events.

Under Federal Rule of Civil Procedure 23(a)(4) the representative parties must also "fairly and adequately protect the interests of the class." Rule 23(a)(4) is met where: "(1) class counsel is 'qualified, experienced, and generally able to conduct the litigation;' and (2) class members do not have interests that are antagonistic to one another." *Babcock v. Computer Assocs. Int'l*, 212 F.R.D. 126, 131 (E.D.N.Y. 2003) (citation omitted).

Here, the Pension & Annuity Fund Group is adequate because its interests are aligned with the interests of the class. Furthermore, there is no evidence of antagonism between the Pension & Annuity Fund Group and the class. The Pension & Annuity Fund Group's members have also certified their willingness to serve as representatives of the class. Rosenfeld Aff., Ex. A. In addition, as shown below, the Pension & Annuity Fund Group's proposed lead counsel is highly qualified, experienced and able to conduct this complex litigation in a professional manner. Thus, the Pension & Annuity Fund Group satisfies the *prima facie* showing of the typicality and adequacy requirements of Rule 23 for the purposes of this Motion.

### B. The Court Should Approve the Pension & Annuity Fund Group's Selection of Lead Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). The Court should not disturb the lead plaintiff's choice of counsel unless it is necessary to "protect the interests of the class." 15 U.S.C.

§78u-4(a)(3)(B)(iii)(II)(aa).  Here, the Pension & Annuity Fund Group has selected Lerach Coughlin to serve as lead counsel to the class.  The Pension & Annuity Fund Group and Lerach Coughlin bring to this action a securities litigation team consisting of attorneys, investigators and forensic accountants who have repeatedly demonstrated their willingness to undertake the painstaking process of unraveling accounting irregularities and improper transactions, all of whom are able to devote substantial resources to the prosecution of this action.  *See* Rosenfeld Aff., Ex. C.  Thus, the Court may be assured that in the event this Motion is granted, the members of the class will receive the highest caliber of legal representation available from Lerach Coughlin.

### C. This Court Should Consolidate Related Actions

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this [title] [is] filed," the court shall not appoint a lead plaintiff "until after the decision on the motion to consolidate is rendered."  15 U.S.C. §78u-4(a)(3)(B)(ii).  To date, the Pension & Annuity Fund Group is aware of two related actions in this district against defendants:

| CASE NAME | CASE NO. | DATE FILED |
|---|---|---|
| *Police and Fire Retirement System of the City of Detroit v. SafeNet, Inc.* | 06-cv-5797 | 8/1/06 |
| *Golde v. SafeNet, Inc.* | 06-cv-6194 | 8/15/06 |

Under Rule 42(a) of the Federal Rules of Civil Procedure, consolidation is appropriate when the actions involve common questions of law or fact.  Consolidation is particularly appropriate in securities class action litigations such as this.  *See id.*  The above-referenced actions relate to the same series of false and misleading statements and arise under the Exchange Act.  Therefore, consolidation is appropriate.  *See Johnson v. Celotex Corp.*, 899 F.2d 1281, 1285 (2d Cir. 1990).

**IV.     CONCLUSION**

For all the foregoing reasons, the Pension & Annuity Fund Group respectfully requests that the Court: (1) appoint the Pension & Annuity Fund Group as lead plaintiff; (2) approve its selection of Lerach Coughlin to serve as lead counsel; and (3) consolidate the related actions.

DATED:  October 2, 2006

Respectfully submitted,

LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
SAMUEL H. RUDMAN (SR-7957)
DAVID A. ROSENFELD (DR-7564)


              s/ David A. Rosenfeld
             DAVID A. ROSENFELD

58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
DARREN J. ROBBINS
RAMZI ABADOU
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

[Proposed] Lead Counsel for Plaintiffs

S:\CasesSD\Safenet\BRF00035290-LP-IW.doc

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 2, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ David A. Rosenfeld
DAVID A. ROSENFELD

LERACH COUGHLIN STOIA GELLER
    RUDMAN & ROBBINS LLP
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
E-mail:drosenfeld@lerachlaw.com

# Mailing Information for a Case 1:06-cv-05797-PAC

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Richard Howard Klapper**
  klapperr@sullcrom.com

- **Gerald Harlan Silk**
  jerry@blbglaw.com

- **Catherine A. Torell**
  ctorell@cmht.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Douglas M. McKeige
Bernstein, Litowitz, Berger & Grossmann, L.L.P.
1285 Avenue of the Americas
New York, NY 10019-6028
```