**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| POLICE AND FIRE RETIREMENT SYSTEM OF THE CITY OF DETROIT, PLYMOUTH COUNTY RETIREMENT SYSTEM, STATE-BOSTON RETIREMENT SYSTEM, and MICHAEL GOLDE, On Behalf of Themselves and All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> SAFENET, INC., ANTHONY A. CAPUTO, KENNETH A. MUELLER, CAROLE D. ARGO, THOMAS A. BROOKS, IRA A. HUNT, Jr., BRUCE R. THAW, ARTHUR L. MONEY, SHELLEY A. HARRISON, and ANDREW E. CLARK <br><br> Defendants. | Lead Case No. 06 Civ. 5797 (PAC) <br> **DEFENDANT ANTHONY A. CAPUTO'S ANSWER TO THE CONSOLIDATED AMENDED CLASS ACTION COMPLAINT** |

Defendant Anthony A. Caputo, by and through his undersigned counsel, hereby answers the Consolidated Amended Class Action Complaint ("Complaint") in the above-captioned action as follows:

In addition to the numbered paragraphs, the Complaint contains an introduction and various section headings. No response is required to these elements of the Complaint. To the extent a response is deemed required, Mr. Caputo denies any allegations contained therein.

Defendant Caputo notes that on August 5, 2009, this Court issued an order granting, in part, Defendants' Motion to Dismiss, and that Order dismisses certain of Plaintiffs' claims and allegations. Defendant Caputo answers the Complaint in its entirety, but, where appropriate, asserts that certain claims or allegations are no longer valid in light of the Court's August 5, 2009 Order.

1.    To the extent that paragraph 1 alleges conduct by Defendants other than Mr. Caputo, no response is required. To the extent that paragraph 1 alleges conduct by Mr. Caputo, Defendant Caputo denies the allegations in paragraph 1.

2.    Defendant Caputo admits the first sentence of paragraph 2. To the extent that paragraph 2 purports to characterize statements allegedly made by Mr. Caputo within an April 22, 2003 SafeNet press release, or materials contained within SafeNet's public financial reports, Defendant Caputo refers to those cited documents for their full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 2.

3.    Paragraph 3 does not allege conduct by Mr. Caputo, therefore no response is required. Furthermore, the statements in paragraph 3 that concern non-stock option related fraud allegations refer to claims that have been dismissed, and require no response. To the extent that the remaining allegations in paragraph 3 require a response, Defendant Caputo denies them.

4.      Paragraph 4 does not allege conduct by Mr. Caputo, therefore no response is required.  Furthermore, paragraph 4 does not assert facts that might be admitted or denied but rather sets forth Plaintiffs' characterization of "options backdating."  To the extent a response is deemed required, Mr. Caputo denies the allegations in paragraph 4.

5.      Paragraph 5 does not allege conduct by Mr. Caputo, therefore no response is required.  Furthermore, paragraph 5 does not allege facts but purports to characterize certain unnamed SEC and GAAP rules relating to "option grants."  To the extent that a response is deemed required, Defendant Caputo refers to the alleged SEC and GAAP rules cited in paragraph 5 for their full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 5.

6.      To the extent that paragraph 6 alleges conduct by Defendants other than Mr. Caputo, no response is required.  To the extent that paragraph 6 alleges conduct by Mr. Caputo, Defendant Caputo denies the allegations in paragraph 6.

7.      Paragraph 7 does not allege conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Defendant Caputo refers to the cited SafeNet and SEC Forms 10-K for their full and complete contents,denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 7.

8.      Paragraph 8 sets forth allegations in support of claims dismissed by the Court's August 5, 2009 Opinion and Order, therefore no response is required.  To the extent a response is deemed required, Mr. Caputo denies the allegations in paragraph 8.

9.      Defendant Caputo denies the statement in the first sentence of paragraph 9 that alleges that Defendant Caputo was involved in a "fraudulent scheme."  With respect to the allegations concerning certain SafeNet disclosures, Defendant Caputo refers to the disclosures

themselves for their full and complete content, including their dates of issuance. With respect to the allegations concerning SafeNet's stock price on certain dates, Defendant Caputo refers to the published stock price of SafeNet stock on those dates. Defendant Caputo otherwise denies the allegations in paragraph 9.

10.    Paragraph 10 does not allege conduct by Mr. Caputo, therefore no response is required. To the extent that a response is deemed required, Defendant Caputo refers to each of the SafeNet public disclosures cited in paragraph 10 for its full and complete content, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 10.

11.    Paragraph 11 does not allege conduct by Mr. Caputo, therefore no response is required. To the extent that a response is deemed required, Defendant Caputo denies the allegations in paragraph 11.

12.    The first two sentences of paragraph 12 do not contain allegations concerning the conduct by Mr. Caputo, therefore no response is required. The last sentence of paragraph 12 does not assert facts and constitutes a speculative statement to which no response is required. To the extent that further response is required, Defendant Caputo denies the allegations in paragraph 12.

13.    Defendant Caputo denies the allegations in paragraph 13.

14.    Paragraph 14 does not allege conduct by Mr. Caputo, therefore no response is required. To the extent that a response is deemed required, Defendant Caputo denies the allegations in paragraph 14.

15.    Defendant Caputo denies the allegations in paragraph 15.

16.    The first two sentences of paragraph 16 state legal conclusions to which no response is required. Defendant Caputo denies the remaining allegations in paragraph 16.

17.     Paragraph 17 asserts legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant Caputo admits that the Court has subject matter jurisdiction over this matter.

18.     Paragraph 18 asserts legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant Caputo denies that venue is proper in this District.

19.     Paragraph 19 asserts legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant Caputo denies the allegations in paragraph 19.

20.     Defendant Caputo lacks sufficient information to admit or deny the assertions in paragraph 20 concerning Detroit Police and Fire, and therefore denies those allegations.

21.     Defendant Caputo lacks sufficient information to admit or deny the assertions in paragraph 21 concerning Plymouth and therefore denies those allegations.

22.     Defendant Caputo lacks sufficient information to admit or deny the assertions in paragraph 22 concerning Boston Retirement and therefore denies those allegations.

23.     Defendant Caputo admits the allegation in paragraph 23.

24.     Defendant Caputo lacks sufficient information to admit or deny the assertions in paragraph 24 concerning Plaintiff Golde and therefore denies those allegations.

25.     Defendant Caputo admits the allegations in the first, third and fourth sentence of paragraph 25.  Defendant Caputo lacks sufficient information to admit or deny the allegation in the second sentence of paragraph 25 and therefore denies that allegation.

26.     Defendant Caputo admits the first sentence of paragraph 26, and denies the second and third sentences of paragraph 26.  Mr. Caputo admits that he signed the Rainbow

Registration Statement and that in his capacity as SafeNet's CEO he signed certain of the company's SEC Form 10-Ks and 10-Qs. Defendant Caputo refers to SafeNet's October 2006 press release concerning his resignation for its full and complete contents and denies any allegations inconsistent therewith. Defendant Caputo otherwise denies the allegations in paragraph 26.

27.    Paragraph 27 does not allege conduct by Mr. Caputo, therefore no response is required. To the extent that a response is deemed required, Defendant Caputo denies the allegations in paragraph 27.

28.    Defendant Caputo admits the allegations in the first and fourth sentences of paragraph 28. Defendant Caputo denies the second and third sentences of paragraph 28. The fifth sentence of paragraph 28 describes the contents of a press release: Defendant Caputo refers to that press release for its full and complete contents, denies any allegation inconsistent therewith, and otherwise denies the allegations in paragraph 28.

29.    To the extent that paragraph 29 alleges conduct by Defendants other than Mr. Caputo, no response is required. To the extent that paragraph 29 alleges conduct by Mr. Caputo and a response is deemed required, Defendant Caputo admits that he had access to information about the Company's business, operations, products, and operational trends, but otherwise denies the allegations in paragraph 29.

30.    Paragraph 30 asserts legal conclusions to which no response is required. To the extent that a response is deemed required, Defendant Caputo denies the allegations in paragraph 30.

31.    Paragraph 31 does not allege conduct by Mr. Caputo and sets forth allegations in support of claims dismissed by the Court's August 5, 2009 Opinion and Order; therefore no

response is required.  To the extent that a response is deemed required, Defendant Caputo denies the allegations in paragraph 31.

32.    Paragraph 32 does not allege conduct by Mr. Caputo, and sets forth allegations in support of claims dismissed by the Court's August 5, 2009 Opinion and Order; therefore no response is required.  To the extent that a response is deemed required, Defendant Caputo denies the allegations in paragraph 32.

33.    Paragraph 33 does not allege conduct by Mr. Caputo and sets forth allegations in support of claims dismissed by the Court's August 5, 2009 Opinion and Order; therefore no response is required.  To the extent that a response is deemed required, Defendant Caputo denies the allegations in paragraph 33.

34.    Paragraph 34 does not allege conduct by Mr. Caputo and sets forth allegations in support of claims dismissed by the Court's August 5, 2009 Opinion and Order; therefore no response is required.  To the extent that a response is deemed required, Defendant Caputo denies the allegations in paragraph 34.

35.    Paragraph 35 does not allege conduct by Mr. Caputo and sets forth allegations in support of claims dismissed by the Court's August 5, 2009 Opinion and Order; therefore no response is required.  To the extent that a response is deemed required, Defendant Caputo denies the allegations in paragraph 35.

36.    Paragraph 36 does not allege conduct by Mr. Caputo and sets forth allegations in support of claims dismissed by the Court's August 5, 2009 Opinion and Order; therefore no response is required.  To the extent that a response is deemed required, Defendant Caputo denies the allegations in paragraph 36.

37.     Paragraph 37 does not allege conduct by Mr. Caputo and sets forth allegations in support of claims dismissed by the Court's August 5, 2009 Opinion and Order; therefore no response is required.  To the extent that a response is deemed required, Defendant Caputo denies the allegations in paragraph 37.

38.     Paragraph 38 does not allege conduct by Mr. Caputo and sets forth allegations in support of claims dismissed by the Court's August 5, 2009 Opinion and Order; therefore no response is required.  To the extent that a response is deemed required, Defendant Caputo denies the allegations in paragraph 38.

39.     Paragraph 39 asserts legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant Caputo denies the allegations in paragraph 39.

40.     Mr. Caputo admits that he signed a registration statement related to SafeNet's acquisition of Rainbow Technologies.  To the extent that paragraph 40 alleges conduct by Defendants other than Mr. Caputo, no response is required.  To the extent that a response is deemed required, Defendant Caputo denies the allegations in paragraph 40.

41.     Paragraph 41 asserts legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant Caputo denies the allegations in paragraph 41.

42.     Paragraph 42 does not allege conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Defendant Caputo admits the first three sentences in paragraph 42, but states that he lacks sufficient information to admit or deny the fourth sentence in paragraph 42, and therefore denies that allegation.

43.     Paragraph 43 and its accompanying footnote do not allege conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Defendant Caputo refers to the SEC and GAAP accounting rules referenced in paragraph 43 (and its accompanying footnote) for their full and complete content, denies any allegation inconsistent therewith, and otherwise denies the allegations in paragraph 43.

44.     Paragraph 44 does not allege conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Defendant Caputo denies the allegations in paragraph 44.

45.     Paragraph 45 does not allege conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Defendant Caputo refers to the GAAP accounting rules referenced in paragraph 45 for their full and complete content, denies any allegation inconsistent therewith, and otherwise denies the allegations in paragraph 45.

46.     Paragraph 46 does not allege conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Defendant Caputo denies the allegations in paragraph 46.

47.     Paragraph 47 does not allege conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Defendant Caputo refers to the Stock Option Plans and Proxy Statement cited in paragraph 47 for their full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 47.

48.     Paragraph 48 does not allege conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Defendant Caputo refers to the cited

SafeNet Stock Option Plans for their full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 48.

49.    The first sentence of paragraph 49 does not allege conduct by Mr. Caputo, therefore no response is required.  To the extent that the second sentence alleges conduct by Defendants other than Mr. Caputo, no response is required.  To the extent that a response is deemed required, Defendant Caputo denies the allegations in paragraph 49.

50.    To the extent that the first sentence of paragraph 50 alleges conduct by Defendants other than Mr. Caputo, no response is required.  To the extent that paragraph 50 alleges conduct by Mr. Caputo and a response is deemed required, Defendant Caputo refers to the unnamed "SEC and accounting rules" cited in the second sentence of paragraph 50 for their full and complete content, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 50.

51.    Paragraph 51 does not allege conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Defendant Caputo refers to the unnamed "U.S. tax rules" cited in paragraph 51 for their full and complete contents, denies any allegations inconsistent therewith, and otherwise the denies the allegations in paragraph 51.

52.    Defendant Caputo denies the allegations in paragraph 52.

53.    Paragraph 53 does not allege conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Defendant Caputo denies the allegations in paragraph 53.

54.    Defendant Caputo denies the allegations in paragraph 54.

55.    Paragraph 55 does not allege conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Defendant Caputo denies the allegations in paragraph 55.

56.    Paragraph 56 does not allege conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Defendant Caputo denies the allegations in paragraph 56.

57.    Paragraph 57 asserts legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant Caputo denies the allegations in paragraph 57.

58.    Paragraph 58 contains allegations concerning the statement of another Defendant, therefore no response is required.  To the extent that a response is deemed required, Defendant Caputo refers to the transcript of proceedings cited in paragraph 58 for its full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 58.

59.    Defendant Caputo denies the allegations in the first and third sentences of paragraph 59.  The second sentence of paragraph 59 states a legal conclusion to which no response is required.  The fourth sentence of paragraph 59 purports to describe the contents of a proxy statement: Defendant Caputo refers to the proxy statement for its full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 59.

60.    Defendant Caputo denies the allegations in paragraph 60.

61.     Paragraph 61 does not allege conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Defendant Caputo denies the allegations in paragraph 61.

62.     Paragraph 62 does not allege conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Defendant Caputo denies the allegations in paragraph 62.

63.     Paragraph 63 does not allege conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Defendant Caputo denies the allegations in paragraph 63.

64.     Paragraph 64 does not allege conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Defendant Caputo denies the allegations in paragraph 64, except that to the extent the allegations regarding SafeNet's share price are reflected in publicly available documents, Defendant Caputo refers to these documents for their full and complete contents, and denies any allegations of Paragraph 64 inconsistent therewith.

65.     Defendant Caputo denies the allegations in paragraph 65 except that to the extent that the data contained in the chart presented in paragraph 65 appears in a SafeNet proxy statement, Defendant Caputo refers to that proxy statement for its full and complete contents, and denies any allegations inconsistent therewith.

66.    Defendant Caputo denies the allegations in paragraph 66 except that to the extent that the data contained in the chart presented in paragraph 66 appears in publicly available documents, Defendant Caputo refers to those documents for their full and complete contents, and denies any allegations inconsistent therewith.

67.    As respects the first sentence of paragraph 67, Defendant Caputo lacks sufficient information and knowledge to form a belief as to whether the grants described were backdated and therefore denies that allegation.    Defendant Caputo denies the second sentence of paragraph 67 except that to the extent that SafeNet's stock prices appear in publicly available documents, Defendant Caputo refers to those documents for their full and complete contents and denies any allegations inconsistent therewith.    Defendant Caputo otherwise denies the allegations in paragraph 67.

68.    Defendant Caputo denies the allegations in paragraph 68 except that to the extent that the data contained in the chart presented in paragraph 68 appears in proxy statements or other public statements, Defendant Caputo refers to those documents for their full and complete contents, and denies any allegations inconsistent therewith.

69.    Defendant Caputo denies the allegations in paragraph 69 except that to the extent that the data contained in the chart presented in paragraph 69 appears in publicly available documents, Defendant Caputo refers to those documents for their full and complete contents, and denies any allegations inconsistent therewith.

70.    Paragraph 70 does not allege conduct by Mr. Caputo, therefore no response is required.    Furthermore, paragraph 70 sets forth allegations in support of claims dismissed by the Court's August 5, 2009 Opinion and Order, therefore no response is required.    To the extent that a response is deemed required, Defendant Caputo denies the allegations in paragraph 70.

71.     Defendant Caputo refers to the SEC civil complaint and the Argo criminal indictment cited in paragraph 71 for their full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 71.

72.     Defendant Caputo denies the allegations in paragraph 72 except that to the extent that the data contained in the chart presented in paragraph 72 appears in publicly available documents, Defendant Caputo refers to those documents for their full and complete contents, and denies any allegations inconsistent therewith.

73.     Paragraph 73 does not allege conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Defendant Caputo refers to the SEC civil complaint and Argo criminal indictment and to the transcript of Argo's plea allocution for their full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 73.

74.     Paragraph 74 does not allege conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Defendant Caputo denies the allegations in paragraph 74.

75.     Defendant Caputo denies the allegations in paragraph 75 except that to the extent that the data contained in the chart presented in paragraph 75 appears in proxy statements or other public statements, Defendant Caputo refers to those documents for their full and complete contents, and denies any allegations inconsistent therewith.

76.     Defendant Caputo denies the allegations in paragraph 76 except that to the extent that the data contained in the chart presented in paragraph 76 appears in publicly available documents, Defendant Caputo refers to those documents for their full and complete contents, and denies any allegations inconsistent therewith.

77.     Paragraph 77 does not allege any conduct by Defendant Caputo therefore no response is required.  To the extent that a response is deemed required, Defendant Caputo denies the allegations in paragraph 77.

78.     Paragraph 78 does not allege conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Defendant Caputo refers to the SEC civil complaint and Argo criminal indictment and to the transcript of Argo's plea allocution for their full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 78.

79.     Paragraph 79 does not allege conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Defendant Caputo denies the allegations in paragraph 79.

80.     Defendant Caputo denies the allegations in paragraph 80 except that to the extent that the data contained in the chart presented in paragraph 80 appears in publicly available proxy statements or other public statements, Defendant Caputo refers to those documents for their full and complete contents, and denies any allegations inconsistent therewith.

81.     Defendant Caputo denies the allegations in paragraph 81 except that to the extent that the data contained in the chart presented in paragraph 81 appears in publicly available documents, Defendant Caputo refers to those documents for their full and complete contents, and denies any allegations inconsistent therewith.

82.     Defendant Caputo denies the allegations in paragraph 82 except that to the extent that the data contained in the chart presented in paragraph 82 appears in publicly available documents, Defendant Caputo refers to those documents for their full and complete contents, and denies any allegations inconsistent therewith.

83.    Defendant Caputo refers to the SEC civil complaint and Argo criminal indictment cited in paragraph 83 for their full and complete contents, denies any allegation inconsistent therewith, and otherwise denies the allegations in paragraph 83.

84.    Paragraph 84 does not allege conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Defendant Caputo refers to the cited SEC civil complaint and Argo criminal indictment and to the transcript of Argo's plea allocution for their full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 84.

85.    Paragraph 85 does not allege conduct by Mr. Caputo, therefore no response is required.  To the extent a response is required Defendant Caputo denies the allegations in paragraph 85.

86.    Defendant Caputo denies the allegations in paragraph 86 except that to the extent that the data contained in the chart presented in paragraph 86 appears in publicly available proxy statements or other public statements, Defendant Caputo refers to those documents for their full and complete contents, and denies any allegations inconsistent therewith.

87.    Defendant Caputo denies the allegations in paragraph 87 except that to the extent that the data contained in the chart presented in paragraph 87 appears in publicly available documents, Defendant Caputo refers to those documents for their full and complete contents, and denies any allegations inconsistent therewith.

88.    Paragraph 88 does not allege conduct by Mr. Caputo, therefore no response is required.  To the extent a response is deemed required, Defendant Caputo denies the allegations in paragraph 88 except that to the extent that the data contained in the chart presented in

paragraph 88 appears in publicly available documents, Defendant Caputo refers to those documents for their full and complete contents, and denies any allegations inconsistent therewith.

89. Paragraph 89 does not allege conduct by Mr. Caputo, therefore no response is required. To the extent a response is required Defendant Caputo refers to the indictment and e-mail cited in paragraph 89 for their full and complete contents, denies any allegation inconsistent therewith, and otherwise denies the allegations in paragraph 89.

90. To the extent that paragraph 90 alleges conduct by Defendants other than Mr. Caputo, no response is required. To the extent that paragraph 90 alleges conduct by Mr. Caputo and a response is deemed required, Defendant Caputo refers to the indictment and e-mail cited in paragraph 90 for their full and complete contents, denies any allegation inconsistent therewith, and otherwise denies the allegations in paragraph 90.

91. Paragraph 91 does not allege conduct by Mr. Caputo, therefore no response is required. To the extent a response is required Defendant Caputo denies the allegations in paragraph 91.

92. Defendant Caputo denies the allegations in paragraph 92 except that to the extent that the data contained in the chart presented in paragraph 92 appears in publicly available proxy statements or other public statements, Defendant Caputo refers to those documents for their full and complete contents, and denies any allegations inconsistent therewith,.

93. Defendant Caputo denies the allegations in paragraph 93 except that to the extent that the data contained in the chart presented in paragraph 93 appears in publicly available documents, Defendant Caputo refers to those documents for their full and complete contents, and denies any allegations inconsistent therewith.

94.    Defendant Caputo denies the allegations in paragraph 94 except that to the extent that the quoted material cited therein appears in publicly available press releases Defendant Caputo refers to those documents for their full and complete contents, and denies any allegations inconsistent therewith.

95.    Paragraph 95 does not contain any allegations concerning Defendant Caputo, therefore no response is required.  To the extent a response is required Defendant Caputo denies the allegations in paragraph 95, except that, to the extent that the SafeNet stock prices cited appear in publicly available documents, Defendant Caputo refers to those documents for their full and complete contents and denies any allegations inconsistent therewith.

96.    Paragraph 96 does not contain any allegations concerning Defendant Caputo, therefore no response is required.  To the extent a response is required Defendant Caputo denies the allegations in paragraph 96.

97.    Paragraph 97 does not allege conduct by Mr. Caputo, therefore no response is required.  Furthermore, paragraph 97 asserts legal conclusions to which no response is required. To the extent that a response is deemed required, Defendant Caputo denies the allegations in paragraph 97.

98.    Paragraph 98 does not allege conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Defendant Caputo denies the allegations in paragraph 98.

99.    Paragraph 99 does not allege conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Defendant Caputo denies the allegations in paragraph 99.

100.    Paragraph 100 sets forth allegations in support of claims dismissed by the Court's August 5, 2009 Opinion and Order, therefore no response is required.  To the extent that a response is deemed required, Defendant Caputo denies the allegations in paragraph 100.

101.    Paragraph 101 sets forth allegations in support of claims dismissed by the Court's August 5, 2009 Opinion and Order, therefore no response is required.  To the extent that a response is deemed required, Defendant Caputo denies the allegations in paragraph 101.

102.    Paragraph 102 sets forth allegations in support of claims dismissed by the Court's August 5, 2009 Opinion and Order, therefore no response is required.  To the extent that a response is deemed required, Defendant Caputo denies the allegations in paragraph 102.

103.    Paragraph 103 sets forth allegations in support of claims dismissed by the Court's August 5, 2009 Opinion and Order, therefore no response is required.  To the extent that a response is deemed required, Defendant Caputo denies the allegations in paragraph 103.

104.    Paragraph 104 sets forth allegations in support of claims dismissed by the Court's August 5, 2009 Opinion and Order, therefore no response is required.  To the extent that a response is deemed required, Defendant Caputo denies the allegations in paragraph 104.

105.    Paragraph 105 sets forth allegations in support of claims dismissed by the Court's August 5, 2009 Opinion and Order, therefore no response is required.  To the extent that a response is deemed required, Defendant Caputo denies the allegations in paragraph 105.

106.    Paragraph 106 sets forth allegations in support of claims dismissed by the Court's August 5, 2009 Opinion and Order, therefore no response is required.  To the extent that a response is deemed required, Defendant Caputo denies the allegations in paragraph 106.

107.     Paragraph 107 sets forth allegations in support of claims dismissed by the Court's August 5, 2009 Opinion and Order, therefore no response is required.  To the extent that a response is deemed required, Defendant Caputo denies the allegations in paragraph 107.

108.     Paragraph 108 and its accompanying footnote sets forth allegations in support of claims dismissed by the Court's August 5, 2009 Opinion and Order, therefore no response is required.  To the extent that a response is deemed required, Defendant Caputo denies the allegations in paragraph 108 and its accompanying footnote.

109.     Paragraph 109 sets forth allegations in support of claims dismissed by the Court's August 5, 2009 Opinion and Order, therefore no response is required.  To the extent that a response is deemed required, Defendant Caputo denies the allegations in paragraph 109.

110.     Paragraph 110 sets forth allegations in support of claims dismissed by the Court's August 5, 2009 Opinion and Order, therefore no response is required.  To the extent that a response is deemed required, Defendant Caputo denies the allegations in paragraph 110.

111.     Paragraph 111 sets forth allegations in support of claims dismissed by the Court's August 5, 2009 Opinion and Order, therefore no response is required.  To the extent that a response is deemed required, Defendant Caputo denies the allegations in paragraph 111.

112.     Paragraph 112 sets forth allegations in support of claims dismissed by the Court's August 5, 2009 Opinion and Order, therefore no response is required.  To the extent that a response is deemed required, Defendant Caputo denies the allegations in paragraph 112.

113.     Paragraph 113 sets forth allegations in support of claims dismissed by the Court's August 5, 2009 Opinion and Order, therefore no response is required.  To the extent that a response is deemed required, Defendant Caputo denies the allegations in paragraph 113.

114.    Paragraph 114 sets forth allegations in support of claims dismissed by the Court's August 5, 2009 Opinion and Order, therefore no response is required. To the extent that a response is deemed required, Defendant Caputo denies the allegations in paragraph 114.

115.    Paragraph 115 sets forth allegations in support of claims dismissed by the Court's August 5, 2009 Opinion and Order, therefore no response is required. To the extent that a response is deemed required, Defendant Caputo denies the allegations in paragraph 115.

116.    Paragraph 116 sets forth allegations in support of claims dismissed by the Court's August 5, 2009 Opinion and Order, therefore no response is required. To the extent that a response is deemed required, Defendant Caputo denies the allegations in paragraph 116.

117.    Paragraph 117 sets forth allegations in support of claims dismissed by the Court's August 5, 2009 Opinion and Order, therefore no response is required. To the extent that a response is deemed required, Defendant Caputo denies the allegations in paragraph 117.

118.    Paragraph 118 sets forth allegations in support of claims dismissed by the Court's August 5, 2009 Opinion and Order, therefore no response is required. To the extent that a response is deemed required, Defendant Caputo denies the allegations in paragraph 118.

119.    Paragraph 119 sets forth allegations in support of claims dismissed by the Court's August 5, 2009 Opinion and Order, therefore no response is required. To the extent that a response is deemed required, Defendant Caputo denies the allegations in paragraph 119.

120.    Paragraph 120 sets forth allegations in support of claims dismissed by the Court's August 5, 2009 Opinion and Order, therefore no response is required. To the extent that a response is deemed required, Defendant Caputo denies the allegations in paragraph 120.

121.    Paragraph 121 sets forth allegations in support of claims dismissed by the Court's August 5, 2009 Opinion and Order, therefore no response is required.  To the extent that a response is deemed required, Defendant Caputo denies the allegations in paragraph 121.

122.    Paragraph 122 sets forth allegations in support of claims dismissed by the Court's August 5, 2009 Opinion and Order, therefore no response is required.  To the extent that a response is deemed required, Defendant Caputo denies the allegations in paragraph 122.

123.    Paragraph 123 sets forth allegations in support of claims dismissed by the Court's August 5, 2009 Opinion and Order, therefore no response is required.  To the extent that a response is deemed required, Defendant Caputo denies the allegations in paragraph 123.

124.    Paragraph 124 sets forth allegations in support of claims dismissed by the Court's August 5, 2009 Opinion and Order, therefore no response is required.  To the extent that a response is deemed required, Defendant Caputo denies the allegations in paragraph 124.

125.    Paragraph 125 sets forth allegations in support of claims dismissed by the Court's August 5, 2009 Opinion and Order, therefore no response is required.  To the extent that a response is deemed required, Defendant Caputo denies the allegations in paragraph 125.

126.    Paragraph 126 sets forth allegations in support of claims dismissed by the Court's August 5, 2009 Opinion and Order, therefore no response is required.  To the extent that a response is deemed required, Defendant Caputo denies the allegations in paragraph 126.

127.    Paragraph 127 sets forth allegations in support of claims dismissed by the Court's August 5, 2009 Opinion and Order, therefore no response is required.  To the extent that a response is deemed required, Defendant Caputo denies the allegations in paragraph 127.

128.    Paragraph 128 sets forth allegations in support of claims dismissed by the Court's August 5, 2009 Opinion and Order, therefore no response is required.  To the extent that a response is deemed required, Defendant Caputo denies the allegations in paragraph 128.

129.    Paragraph 129 sets forth allegations in support of claims dismissed by the Court's August 5, 2009 Opinion and Order, therefore no response is required.  To the extent that a response is deemed required, Defendant Caputo denies the allegations in paragraph 129.

130.    Paragraph 130 sets forth allegations in support of claims dismissed by the Court's August 5, 2009 Opinion and Order, therefore no response is required.  To the extent that a response is deemed required, Defendant Caputo denies the allegations in paragraph 130.

131.    Paragraph 131 sets forth allegations in support of claims dismissed by the Court's August 5, 2009 Opinion and Order, therefore no response is required.  To the extent that a response is deemed required, Defendant Caputo denies the allegations in paragraph 131.

132.    Paragraph 132 sets forth allegations in support of claims dismissed by the Court's August 5, 2009 Opinion and Order, therefore no response is required.  To the extent that a response is deemed required, Defendant Caputo denies the allegations in paragraph 132.

133.    Paragraph 133 sets forth allegations in support of claims dismissed by the Court's August 5, 2009 Opinion and Order, therefore no response is required.  To the extent that a response is deemed required, Defendant Caputo denies the allegations in paragraph 133.

134.    Paragraph 134 sets forth allegations in support of claims dismissed by the Court's August 5, 2009 Opinion and Order, therefore no response is required.  To the extent that a response is deemed required, Defendant Caputo denies the allegations in paragraph 134.

135.    Paragraph 135 sets forth allegations in support of claims dismissed by the Court's August 5, 2009 Opinion and Order, therefore no response is required.  To the extent that a response is deemed required, Defendant Caputo denies the allegations in paragraph 135.

136.    Paragraph 136 sets forth allegations in support of claims dismissed by the Court's August 5, 2009 Opinion and Order, therefore no response is required.  To the extent that a response is deemed required, Defendant Caputo denies the allegations in paragraph 136.

137.    Defendant Caputo admits that he signed SafeNet's 2002 Form 10-K, but refers to that document for its full and complete contents, denies any allegation inconsistent therewith, and otherwise denies the allegations in paragraph 137.

138.    Paragraph 138  does not allege conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Defendant Caputo refers to SafeNet's 2002 financial statements and 2002 Form 10-K for their full and complete content, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 138.

139.    Paragraph 139 does not allege conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Defendant Caputo refers to SafeNet's 2002 financial statements and 2002 Form 10-K for their full and complete content, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 139.

140.    Paragraph 140 asserts legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant Caputo denies the allegations in paragraph 140.

141.    Paragraph 141 does not allege any conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Defendant Caputo refers to the

2003 Proxy Statement cited in paragraph 141 for its full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 141.

142.    Paragraph 142 does not allege any conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Defendant Caputo refers to the 2003 Proxy Statement cited in paragraph 142 for its full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 142.

143.    To the extent that paragraph 143 alleges conduct by Defendants other than Mr. Caputo, no response is required.  To the extent that paragraph 143 alleges conduct by Mr. Caputo and a response is deemed required, Defendant Caputo refers to the 2003 Proxy Statement cited in paragraph 143 for its full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 143.

144.    Defendant Caputo admits that he signed SafeNet's first quarter 2003 SEC Form 10-Q.  Defendant Caputo refers to SafeNet's first quarter 2003 SEC Form 10-Q for its full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 144.

145.    Paragraph 145 does not allege any conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Defendant Caputo refers to SafeNet's 1Q 2003 Form 10Q for its full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 145.

146.    Paragraph 146 asserts legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant Caputo denies the allegations in paragraph 146.

147. Defendant Caputo admits that he signed SafeNet's second quarter 2003 SEC Form 10-Q. Defendant Caputo refers to the second quarter 2003 SEC Form 10-Q for its full and complete contents, including its date of filing, denies any allegations inconsistent therewith, and otherwise denies the allegations ins paragraph 147.

148. Paragraph 148 does not allege any conduct by Mr. Caputo, therefore no response is required. To the extent that a response is deemed required, Defendant Caputo refers to SafeNet's second quarter 2003 Form 10-Q for its full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 148.

149. Paragraph 149 does not allege any conduct by Mr. Caputo, therefore no response is required. To the extent a response is required, Defendant Caputo denies the allegations in paragraph 149.

150. Defendant Caputo admits that he signed SafeNet's third quarter 2003 SEC Form 10-Q. Defendant Caputo refers to SafeNet's third quarter 2003 SEC Form 10-Q for its full and complete contents, including its date of filing, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 150.

151. Paragraph 151 does not allege any conduct by Mr. Caputo, therefore no response is required. To the extent that a response is deemed required, Defendant Caputo refers to SafeNet's third quarter 2003 Form 10-Q for its full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 151.

152. Paragraph 152 does not allege any conduct by Mr. Caputo, therefore no response is required. To the extent that a response is deemed required, Defendant Caputo denies the allegations in paragraph 152.

153.    Paragraph 153 does not allege any conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Defendant Caputo refers to the registration statement and proxy/prospectus cited in paragraph 153 for its full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 153.

154.    Paragraph 154 does not allege any conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Defendant Caputo refers to the proxy statement/prospectus cited in paragraph 154 for its full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 154.

155.    Paragraph 155 does not allege any conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Defendant Caputo refers to the registration statement and proxy/prospectus cited in paragraph 155 for its full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 155.

156.    Defendant Caputo refers to the documents cited in paragraph 156 for their full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 156.

157.    Paragraph 157 does not allege any conduct by Mr. Caputo and sets forth allegations in support of claims dismissed by the Court's August 5, 2009 Opinion and Order, therefore no response is required.  To the extent that a response is deemed required, Defendant Caputo denies the allegations in paragraph 157.

158.    Defendant Caputo admits that he signed SafeNet's 2003 SEC Form 10-K. Defendant Caputo refers to SafeNet's 2003 SEC Form 10-K for its full and complete contents,

including its date of filing, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 158.

159.    Paragraph 159 does not allege any conduct by Mr. Caputo, therefore no response is required. To the extent that a response is deemed required, Defendant Caputo refers to SafeNet's 2003 financial statements and its 2003 Form 10-K for the full and complete contents of those documents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 159.

160.    Paragraph 160 does not allege any conduct by Mr. Caputo, therefore no response is required. To the extent that a response is deemed required, Defendant Caputo refers to SafeNet's 2003 financial statements and its 2003 Form 10-K for the full and complete contents of those documents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 160.

161.    Paragraph 161 does not allege any conduct by Mr. Caputo, therefore no response is required. To the extent that a response is deemed required, Defendant Caputo denies the allegations in paragraph 161.

162.    Paragraph 162 does not allege any conduct by Mr. Caputo and sets forth allegations in support of claims dismissed by the Court's August 5, 2009 Opinion and Order, therefore no response is required. To the extent that a response is deemed required, Defendant Caputo denies the allegations in paragraph 162.

163.    Paragraph 163 does not allege any conduct by Mr. Caputo, therefore no response is required. To the extent that a response is deemed required, Defendant Caputo refers to the proxy statement cited in paragraph 163 for its full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 163.

164.    Paragraph 164 does not allege any conduct by Defendant Caputo therefore no response is required.  To the extent that a response is deemed required, Defendant Caputo refers to the 2004 proxy statement cited in paragraph 164 for its full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 164.

165.    Defendant Caputo admits that he signed SafeNet's first quarter 2004 SEC Form 10-Q, refers to that document for its full and complete contents, including its date of filing, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 165.

166.    Paragraph 166 does not allege any conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Defendant Caputo denies the allegations in paragraph 166 except that he refers to SafeNet's first quarter 2004 SEC Form 10-Q for its full and complete contents and denies any allegations inconsistent therewith.

167.    Paragraph 167 does not allege any conduct by Mr. Caputo, therefore no response is required.  Furthermore, paragraph 167 sets forth allegations in support of claims dismissed by the Court's August 5, 2009 Opinion and Order, therefore no response is required.  To the extent that a response is deemed required, Defendant Caputo refers to SafeNet's first quarter 2004 SEC Form 10-Q for its full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 167.

168.    Defendant Caputo admits that he signed SafeNet's second quarter 2004 SEC Form 10-Q.  Defendant Caputo refers to SafeNet's second quarter 2004 SEC Form 10-Q for its full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 168.

169.     Paragraph 169 does not allege any conduct by Mr. Caputo, therefore no response is required. To the extent that a response is deemed required, Defendant Caputo refers to SafeNet's second quarter 2004 SEC Form 10-Q for its full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 169.

170.     Paragraph 170 does not allege any conduct by Mr. Caputo, therefore no response is required. To the extent that a response is deemed required, Defendant Caputo refers to SafeNet's second quarter 2004 SEC Form 10-Q for its full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 170.

171.     Paragraph 171 does not allege any conduct by Mr. Caputo, therefore no response is required. Furthermore, paragraph 171 sets forth allegations in support of claims dismissed by the Court's August 5, 2009 Opinion and Order, therefore no response is required. To the extent that a response is deemed required, Defendant Caputo refers to SafeNet's second quarter 2004 SEC Form 10-Q for its full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 171.

172.     Defendant Caputo admits that he signed SafeNet's third quarter 2004 SEC Form 10-Q. Defendant Caputo refers to SafeNet's third quarter 2004 SEC Form 10-Q for its full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 172.

173.     Paragraph 173 does not allege any conduct by Mr. Caputo, therefore no response is required. To the extent that a response is deemed required, Defendant Caputo refers to SafeNet's second quarter 2004 SEC Form 10-Q for its full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 173.

174.    Paragraph 174 does not allege any conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Defendant Caputo refers to SafeNet's third quarter 2004 SEC Form 10-Q for its full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 174.

175.    Paragraph 175 does not allege any conduct by Mr. Caputo, therefore no response is required.  Furthermore, paragraph 175 sets forth allegations in support of claims dismissed by the Court's August 5, 2009 Opinion and Order, therefore no response is required.  To the extent that a response is deemed required, Defendant Caputo refers to SafeNet's third quarter 2004 SEC Form 10-Q for its full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 175.

176.    Defendant Caputo admits that he signed SafeNet's 2004 SEC Form 10-K. Defendant Caputo refers to SafeNet's 2004 SEC Form 10-K for its full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 176.

177.    Paragraph 177 does not allege any conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Defendant Caputo refers to SafeNet's 2004 SEC Form 10-K for its full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 177.

178.    Paragraph 178 does not allege any conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Defendant Caputo refers to SafeNet's 2004 SEC Form 10-K for its full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 178.

179.     Paragraph 179 does not allege any conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Defendant Caputo refers to SafeNet's 2004 SEC Form 10-K for its full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 179.

180.     Paragraph 180 does not allege any conduct by Mr. Caputo, therefore no response is required.  Furthermore, paragraph 180 sets forth allegations in support of claims dismissed by the Court's August 5, 2009 Opinion and Order, therefore no response is required.  To the extent that a response is deemed required, Defendant Caputo refers to SafeNet's 2004 SEC Form 10-K for its full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 180.

181.     Defendant Caputo admits that he signed SafeNet's 2004 SEC Form 10-K/A. Defendant Caputo refers to SafeNet's 2004 SEC Form 10-K/A for its full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 181.

182.     Paragraph 182 does not allege any conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Defendant Caputo refers to SafeNet's 2004 SEC Form 10-K/A for its full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 182.

183.     Paragraph 183 does not allege any conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Defendant Caputo refers to SafeNet's 2004 SEC Form 10-K/A for its full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 183.

184.    Paragraph 184 does not allege any conduct by Mr. Caputo, therefore no response is required.  Furthermore, paragraph 184 sets forth allegations in support of claims dismissed by the Court's August 5, 2009 Opinion and Order.  To the extent that a response is deemed required, Defendant Caputo refers to SafeNet's 2004 SEC Form 10-K/A for its full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 184.

185.    Defendant Caputo admits that he signed SafeNet's first quarter 2005 SEC Form 10-Q.  Defendant Caputo refers to SafeNet's first quarter 2005 SEC Form 10-Q for its full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 185.

186.    Paragraph 186 does not allege any conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Defendant Caputo refers to SafeNet's first quarter 2005 SEC Form 10-Q for its full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 186.

187.    Paragraph 187 does not allege any conduct by Mr. Caputo, therefore no response is required.  Furthermore, paragraph 187 sets forth allegations in support of claims dismissed by the Court's August 5, 2009 Opinion and Order.  To the extent that a response is deemed required, Defendant Caputo refers to SafeNet's first quarter 2005 SEC Form 10-Q for its full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 187.

188.    Paragraph 188 does not allege any conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Defendant Caputo refers to the

2005 Proxy Statement cited in paragraph 188 for its full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 188.

189.    Paragraph 189 does not allege any conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Defendant Caputo refers to the 2005 Proxy Statement cited in paragraph 189 for its full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 189.

190.    Defendant Caputo admits that he signed the SafeNet 2005 Form 8-K cited in paragraph 190, refers to that 8-K for its full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 190.

191.    Paragraph 191 does not allege any conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Defendant Caputo refers to the 2005 8-K cited in paragraph 191 for its full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 191.

192.    Defendant Caputo admits that he signed SafeNet's second quarter 2005 SEC Form 10-K.  Mr. Caputo refers to that 10-K for its full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 192.

193.    Paragraph 193 does not allege any conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Defendant Caputo refers to SafeNet's second quarter 2005 SEC Form 10-Q for its full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 193.

194.    Paragraph 194 does not allege any conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Defendant Caputo refers to

SafeNet's second quarter 2005 SEC Form 10-Q for its full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 194.

195.    Defendant Caputo admits that he signed SafeNet's third quarter 2005 SEC Form 10-K.    Mr. Caputo refers to the cited 10-K for its full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 195.

196.    Paragraph 196 does not allege any conduct by Mr. Caputo, therefore no response is required.    To the extent that a response is deemed required, Defendant Caputo refers to SafeNet's third quarter 2005 SEC Form 10-Q for its full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 196.

197.    Paragraph 197 does not allege any conduct by Mr. Caputo, therefore no response is required.    To the extent that a response is deemed required, Defendant Caputo refers to SafeNet's third quarter 2005 SEC Form 10-Q for its full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 197.

198.    Paragraph 198 does not allege any conduct by Mr. Caputo, therefore no response is required.    Furthermore, paragraph 198 sets forth allegations in support of claims dismissed by the Court's August 5, 2009 Opinion and Order.    To the extent that a response is deemed required, Defendant Caputo refers to SafeNet's third quarter 2005 SEC Form 10-Q for its full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 198.

199.    Defendant Caputo admits that he signed SafeNet's 2005 SEC Form 10-K, refers to that 10-K for its full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 199.

200.    Paragraph 200 does not allege any conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Defendant Caputo refers to SafeNet's 2005 SEC Form 10-K for its full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 200.

201.    Paragraph 201 does not allege any conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Defendant Caputo refers to SafeNet's 2005 SEC Form 10-K for its full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 201.

202.    Paragraph 202 does not allege any conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Defendant Caputo refers to SafeNet's 2005 SEC Form 10-K for its full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 202.

203.    Paragraph 203 does not allege any conduct by Mr. Caputo, therefore no response is required.  Furthermore, paragraph 203 sets forth allegations in support of claims dismissed by the Court's August 5, 2009 Opinion and Order.  To the extent that a response is deemed required, Defendant Caputo refers to SafeNet's 2005 SEC Form 10-K for its full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 203.

204.    Defendant Caputo admits that he signed SafeNet's first quarter 2006 SEC Form 10-Q, refers to that 10-Q for its full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 204.

205.    Paragraph 205 does not allege any conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Defendant Caputo refers to

SafeNet's first quarter 2006 SEC Form 10-Q for its full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 205.

206.    Paragraph 206 does not allege any conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Defendant Caputo refers to SafeNet's first quarter 2006 SEC Form 10-Q for its full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 206.

207.    Paragraph 207 does not allege any conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Defendant Caputo refers to SafeNet's first quarter 2006 SEC Form 10-Q for its full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 207.

208.    Paragraph 208 does not allege any conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Defendant Caputo refers to SafeNet's first quarter 2006 SEC Form 10-Q for its full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 208.

209.    Paragraph 209 does not allege any conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Defendant Caputo refers to SafeNet's first quarter 2006 SEC Form 10-Q for its full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 209.

210.    Paragraph 210 does not allege any conduct by Mr. Caputo, therefore no response is required.  Furthermore, paragraph 210 sets forth allegations in support of claims dismissed by the Court's August 5, 2009 Opinion and Order.  To the extent that a response is deemed required, Defendant Caputo refers to SafeNet's first quarter 2006 SEC Form 10-Q for its full and complete

contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 210.

211.    To the extent that paragraph 211 alleges conduct by Defendants other than Mr. Caputo, no response is required.  Furthermore, the portion of paragraph 211 that purports to characterize the requirements of the Sarbanes-Oxley Act of 2002 asserts legal conclusions to which no response is required.  To the extent that paragraph 211 alleges conduct by Mr. Caputo and a response is deemed required, Defendant Caputo admits that he signed certain SafeNet SEC Form 10-Qs and 10-Ks, refers to those 10-Ks and 10-Qs for their full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 211.

212.    Paragraph 212 does not allege any conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Defendant Caputo refers to SafeNet 8K and press release cited in paragraph 212 for their full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 212.

213.    Paragraph 213 does not allege any conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Defendant Caputo refers to the Restatement Disclosure cited in paragraph 213 for its full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 213.

214.    Paragraph 214 does not allege any conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Defendant Caputo refers to the Restatement Disclosure and GAAP rules cited in paragraph 214 for their full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 214.

215.    Paragraph 215 does not allege any conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Defendant Caputo refers to the published article cited in paragraph 215 for its full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 215.

216.    Paragraph 216 does not allege any conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Defendant Caputo refers to the Deutsche Bank report cited in paragraph 216 for its full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 216.

217.    Paragraph 217 does not allege any conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Defendant Caputo denies the allegations in paragraph 217 except that to the extent that the stock price information cited in paragraph 217 appears in publicly available documents, Defendant Caputo refers to those documents for their full and complete contents and denies any allegations inconsistent therewith.

218.    To the extent that paragraph 218 alleges conduct by Defendants other than Mr. Caputo, no response is required.  To the extent that paragraph 218 alleges conduct by Mr. Caputo and a response is deemed required, Defendant Caputo admits that he signed the SafeNet third quarter SEC Form 10-Q, refers to that document for its full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 218.

219.    Paragraph 219 does not allege any conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Defendant Caputo refers to the March 13, 2006 SafeNet press release and Form 8-K/A cited in paragraph 219 for their full and

complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 219.

220.    Paragraph 220 does not allege any conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Defendant Caputo denies the allegations in paragraph 220 except that to the extent that the stock price information cited in paragraph 220 appears in a SafeNet press release or Form 8-K, Defendant Caputo refers to those documents for their full and complete contents and denies any allegations inconsistent therewith.

221.    To the extent that paragraph 221 alleges conduct by Defendants other than Mr. Caputo, no response is required.  To the extent that paragraph 221 alleges conduct by Mr. Caputo and a response is deemed required, Defendant Caputo, refers to the cited March 13, 2006 SEC Form 8-K/A and press release for their full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 221.

222.    Paragraph 222 does not allege any conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Defendant Caputo refers to the SafeNet 2005 SEC Form 10-K for its full and complete contents, denies any allegation inconsistent therewith, and otherwise denies the allegations in paragraph 222.

223.    Paragraph 223 does not allege any conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Defendant Caputo refers to the April 6, 2006 SafeNet press release and Form 8-K cited therein for their full and complete contents, denies any allegation inconsistent therewith, and otherwise denies the allegations in paragraph 223.

224.    Paragraph 224 does not allege any conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Defendant Caputo denies the

allegations in paragraph 224 except that to the extent that the stock price information cited therein appears in publicly available documents, Defendant Caputo refers to those documents for their full and complete contents and denies any allegation inconsistent therewith.  Defendant Caputo also refers to the Associated Press report cited in paragraph 224 for its full and complete contents and denies any allegation inconsistent therewith.  Defendant Caputo otherwise denies the allegations in paragraph 224.

225.    To the extent that paragraph 225 alleges conduct by Defendants other than Mr. Caputo, no response is required.  Mr. Caputo admits that he signed SafeNet's Amended SEC Forms 10-Q for the second and third quarters of 2005, refers to those documents for their full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 225.

226.    Paragraph 226 does not allege any conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Defendant Caputo refers to the May 18, 2006 SafeNet press release cited therein for its full and complete contents, denies any allegation inconsistent therewith, and otherwise denies the allegations in paragraph 226.

227.    Paragraph 227 does not allege any conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Defendant Caputo denies the allegations in paragraph 227 except that to the extent that the stock price information cited therein appears in publicly available documents, Defendant Caputo refers to those documents for their full and complete contents and denies any allegation inconsistent therewith.

228.    Paragraph 228 does not allege any conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Defendant Caputo to the analyst

report cited in paragraph 228 for its full and complete contents, denies any allegation inconsistent therewith, and otherwise denies the allegations in paragraph 228.

229.    Paragraph 229 does not allege any conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Defendant Caputo refers to the analyst reports cited in paragraph 229 for their full and complete contents, denies any allegation inconsistent therewith, and otherwise denies the allegations in paragraph 229.

230.    Defendant Caputo denies the allegations in paragraph 230.

231.    Paragraph 231 does not allege any conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Defendant Caputo refers to the press release cited in paragraph 231 for its full and complete contents, denies any allegation inconsistent therewith, and otherwise denies the allegations in paragraph 231.

232.    Paragraph 232 does not allege any conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Defendant Caputo refers to the SafeNet SEC Form 8-K and Form 8K/A cited in paragraph 232 for their full and complete contents, denies any allegation inconsistent therewith, and otherwise denies the allegations in paragraph 232.

233.    Paragraph 233 does not allege any conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Defendant Caputo refers to the SafeNet SEC Form 8-K cited in paragraph 233 for its full and complete contents, denies any allegation inconsistent therewith, and otherwise denies the allegations in paragraph 233.

234.    Paragraph 234 does not allege any conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Defendant Caputo refers to the

indictment and SEC complaint cited in paragraph 234 for their full and complete contents, denies any allegation inconsistent therewith, and otherwise denies the allegations in paragraph 234.

235.    Paragraph 235 does not allege any conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Defendant Caputo refers to the transcript of plea allocution proceedings cited in paragraph 235 for its full and complete contents, denies any allegation inconsistent therewith, and otherwise denies the allegations in paragraph 235.

236.    Defendant Caputo denies the first sentence of paragraph 236, and denies the second sentence of paragraph 236 except that he refers to the cited Indictment for its full and complete contents and denies any allegations inconsistent therewith.  Upon information and belief, Defendant Caputo admits the next to last sentence of paragraph 236 and denies the last sentence of paragraph 236.

237.    Paragraph 237 does not allege any conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Defendant Caputo states that he lacks information sufficient to admit or deny the allegations in sentences one and two of paragraph 237, and therefore denies them.  Defendant Caputo denies the allegations in sentence three of paragraph 237 except that he refers to the FASB Concepts Statement cited therein for its full and complete contents and denies any allegation inconsistent therewith.

238.    Paragraph 238 does not allege any conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Defendant Caputo denies the allegations in paragraph 238.

239.    Paragraph 239 asserts legal conclusions to which no response is required.

240.    Paragraph 240 does not allege any conduct by Mr. Caputo, therefore no response is required. To the extent that a response is deemed required, Defendant Caputo lacks information sufficient to admit or deny the allegations in paragraph 240 and therefore denies them.

241.    Paragraph 241 does not allege any conduct by Mr. Caputo, therefore no response is required. To the extent that a response is deemed required, Defendant Caputo refers to the cited APB and FASB rules for their full and complete content, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 241.

242.    Paragraph 242 does not allege any conduct by Mr. Caputo, therefore no response is required. Furthermore, the allegations in paragraph 242 relate to claims dismissed by the Court's August 5, 2009 Opinion and Order, therefore no response is required. To the extent that a response is deemed required, Defendant Caputo refers to the GAAP rules cited in paragraph 242 for their full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 242.

243.    Paragraph 243 does not allege any conduct by Mr. Caputo, therefore no response is required. Furthermore, paragraph 243 sets forth allegations in support of claims dismissed by the Court's August 5, 2009 Opinion and Order. To the extent that a response is deemed required, Defendant Caputo refers to the cited GAAP and SEC rules for their full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 243.

244.    Paragraph 244 does not allege any conduct by Mr. Caputo, therefore no response is required. Furthermore, paragraph 244 sets forth allegations in support of claims dismissed by the Court's August 5, 2009 Opinion and Order. To the extent that a response is deemed required,

Defendant Caputo refers to the cited GAAP rules for their full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 244.

245.    To the extent that paragraph 245 alleges conduct by Defendants other than Mr. Caputo, no response is required.  To the extent that paragraph 245 alleges conduct by Mr. Caputo and a response is deemed required, Defendant Caputo denies those allegations.

246.    To the extent that paragraph 246 alleges conduct by Defendants other than Mr. Caputo, no response is required.  To the extent that paragraph 246 alleges conduct by Mr. Caputo and a response is deemed required, Defendant Caputo denies the allegations in paragraph 246.

247.    To the extent that paragraph 247 alleges conduct by Defendants other than Mr. Caputo, no response is required.  To the extent that paragraph 247 alleges conduct by Mr. Caputo and a response is deemed required, Defendant Caputo denies the allegations in paragraph 247.

248.    To the extent that paragraph 248 alleges conduct by Defendants other than Mr. Caputo, no response is required.  To the extent that paragraph 248 alleges conduct by Mr. Caputo and a response is deemed required, Defendant Caputo denies the allegations in paragraph 248.

249.    To the extent that paragraph 249 alleges conduct by Defendants other than Mr. Caputo, no response is required.  To the extent that paragraph 249 alleges conduct by Mr. Caputo and a response is deemed required, Defendant Caputo denies the allegations in paragraph 249.

250.    To the extent that paragraph 250 alleges conduct by Defendants other than Mr. Caputo, no response is required.  To the extent that paragraph 250 alleges conduct by

Mr. Caputo and a response is deemed required, Defendant Caputo denies those allegations, except that to the extent that the SafeNet stock transaction information underlying the table in paragraph 250 appears in publicly available documents, Defendant Caputo refers to those documents for their full and complete contents and denies any allegation inconsistent therewith.

251.    To the extent that paragraph 251 alleges conduct by Defendants other than Mr. Caputo, no response is required.  To the extent that paragraph 251 alleges conduct by Mr. Caputo and a response is deemed required, Defendant Caputo denies those allegations, except that to the extent that the SafeNet transaction data cited in paragraph 251 appears in publicly available documents, Defendant Caputo refers to those documents for their full and complete contents and denies any allegation inconsistent therewith.

252.    To the extent that paragraph 252 alleges conduct by Defendants other than Mr. Caputo, no response is required.  To the extent that paragraph 252 alleges conduct by Mr. Caputo and a response is deemed required, Defendant Caputo denies the allegations in paragraph 252.

253.    Defendant Caputo admits the first sentence and denies the second and third sentences of paragraph 253.

254.    Defendant Caputo admits that SafeNet was awarded a contract by the United States government to supply KIV-7M units.  Defendant Caputo denies the remaining allegations in paragraph 254 except that he refers to the cited analyst report for its full and complete contents and denies any allegations inconsistent therewith.

255.    Paragraph 255 asserts legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant Caputo denies the allegations in paragraph 255.

256.    Paragraph 256 asserts legal conclusions to which no response is required.

257.    Defendant Caputo lacks information sufficient to admit or deny the allegations in paragraph 257 and therefore denies them.

258.    Paragraph 258 does not allege conduct by Mr. Caputo, therefore no response is required.    To the extent that a response is deemed required, Defendant Caputo admits that SafeNet's stock was at one time actively traded on NASDAQ, but that he lacks sufficient knowledge to admit or deny the remaining allegations in paragraph 258 and therefore denies them.

259.    Defendant Caputo denies the allegations in paragraph 259 except that to the extent that the data concerning the number of outstanding shares of SafeNet stock at various dates is contained in publicly available documents, Mr. Caputo refers to those documents for their full and complete content and denies any allegations inconsistent therewith.

260.    Paragraph 260 asserts legal conclusions to which no response is required.    To the extent that a response is deemed required, Defendant Caputo denies the allegations in paragraph 260.

261.    Paragraph 261 asserts legal conclusions to which no response is required.    To the extent that a response is deemed required, Defendant Caputo denies the allegations in paragraph 261.

262.    Paragraph 262 asserts legal conclusions to which no response is required.    To the extent that a response is deemed required, Defendant Caputo denies the allegations in paragraph 262.

263.    Paragraph 263 asserts legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant Caputo denies the allegations in paragraph 263.

264.    Paragraph 264 asserts legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant Caputo denies the allegations in paragraph 264.

265.    Paragraph 265 asserts legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant Caputo denies the allegations in paragraph 265.

266.    Paragraph 266 asserts legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant Caputo denies the allegations in paragraph 266.

267.    Paragraph 267 asserts legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant Caputo denies the allegations in paragraph 267.

268.    Defendant Caputo repeats and reasserts his answer to each and every allegation set forth in ¶¶ 1 to 268 as if fully set forth herein.  Furthermore, paragraph 268 asserts legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant Caputo denies the allegations in paragraph 268.

269.    To the extent that paragraph 269 alleges conduct by Defendants other than Mr. Caputo, no response is required.  Furthermore, paragraph 269 asserts legal conclusions to which no response is required.  To the extent that paragraph 269 alleges conduct by Mr. Caputo and a response is deemed required, Defendant Caputo denies the allegations in paragraph 269.

270.    To the extent that paragraph 270 alleges conduct by Defendants other than Mr. Caputo, no response is required.  Furthermore, paragraph 270 asserts legal conclusions to which no response is required.  To the extent that paragraph 270 alleges conduct by Mr. Caputo and a response is deemed required, Defendant Caputo denies the allegations in paragraph 270.

271.    To the extent that paragraph 271 alleges conduct by Defendants other than Mr. Caputo, no response is required.  Furthermore, paragraph 271 asserts legal conclusions to which no response is required.  To the extent that paragraph 271 alleges conduct by Mr. Caputo and a response is deemed required, Defendant Caputo denies the allegations in paragraph 271.

272.    To the extent that paragraph 272 alleges conduct by Defendants other than Mr. Caputo, no response is required.  Furthermore, paragraph 272 asserts legal conclusions to which no response is required.  To the extent that paragraph 272 alleges conduct by Mr. Caputo and a response is deemed required, Defendant Caputo denies the allegations in paragraph 272.

273.    To the extent that paragraph 273 alleges conduct by Defendants other than Mr. Caputo, no response is required.  Furthermore, paragraph 273 asserts legal conclusions to which no response is required.  To the extent that paragraph 273 alleges conduct by Mr. Caputo and a response is deemed required, Defendant Caputo denies the allegations in paragraph 273.

274.    To the extent that paragraph 274 alleges conduct by Defendants other than Mr. Caputo, no response is required.  Furthermore, paragraph 274 asserts legal conclusions to which no response is required.  To the extent that paragraph 274 alleges conduct by Mr. Caputo and a response is deemed required, Defendant Caputo denies the allegations in paragraph 274.

275.    To the extent that paragraph 275 alleges conduct by Defendants other than Mr. Caputo, no response is required.  Furthermore, paragraph 275 asserts legal conclusions to which

no response is required.  To the extent that paragraph 275 alleges conduct by Mr. Caputo and a response is deemed required, Defendant Caputo denies the allegations in paragraph 275.

276.    To the extent that paragraph 276 alleges conduct by Defendants other than Mr. Caputo, no response is required.  Furthermore, paragraph 276 asserts legal conclusions to which no response is required.  To the extent that paragraph 276 alleges conduct by Mr. Caputo and a response is deemed required, Defendant Caputo denies the allegations in paragraph 276.

277.    Paragraph 277 asserts legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant Caputo denies the allegations in paragraph 277.

278.    To the extent that paragraph 278 alleges conduct by Defendants other than Mr. Caputo, no response is required.  Furthermore, paragraph 278 asserts legal conclusions to which no response is required.  To the extent that paragraph 278 alleges conduct by Mr. Caputo and a response is deemed required, Defendant Caputo denies the allegations in paragraph 278.

279.    To the extent that paragraph 279 alleges conduct by Defendants other than Mr. Caputo, no response is required.  Furthermore, paragraph 279 asserts legal conclusions to which no response is required.  To the extent that paragraph 279 alleges conduct by Mr. Caputo and a response is deemed required, Defendant Caputo denies the allegations in paragraph 279.

280.    To the extent that paragraph 280 alleges conduct by Defendants other than Mr. Caputo, no response is required.  Furthermore, paragraph 280 asserts legal conclusions to which no response is required.  To the extent that paragraph 280 alleges conduct by Mr. Caputo and a response is deemed required, Defendant Caputo denies the allegations in paragraph 280.

281.    Defendant Caputo repeats and reasserts his answer to each and every allegation set forth ¶¶ 1-280 above as if fully set forth herein.

282.    To the extent that paragraph 282 alleges conduct by Defendants other than Mr. Caputo, no response is required. Furthermore, paragraph 282 asserts legal conclusions to which no response is required. To the extent that paragraph 282 alleges conduct by Mr. Caputo and a response is deemed required, Defendant Caputo denies the allegations in paragraph 282.

283.    To the extent that paragraph 283 alleges conduct by Defendants other than Mr. Caputo, no response is required. Furthermore, paragraph 283 asserts legal conclusions to which no response is required. To the extent that paragraph 283 alleges conduct by Mr. Caputo and a response is deemed required, Defendant Caputo denies the allegations in paragraph 283.

284.    To the extent that paragraph 284 alleges conduct by Defendants other than Mr. Caputo, no response is required. Furthermore, paragraph 284 asserts legal conclusions to which no response is required. To the extent that paragraph 284 alleges conduct by Mr. Caputo and a response is deemed required, Defendant Caputo denies the allegations in paragraph 284.

285.    Defendant Caputo repeats and reasserts his answers to each and every allegations set forth in ¶¶ 1 to 268 above as if fully set forth herein.

286.    Paragraph 286 sets forth allegations in support of a claim dismissed by the Court's August 5, 2009 Opinion and Order, therefore no response is required. To the extent that a response is deemed required, Defendant Caputo denies the allegations in paragraph 286.

287.    Paragraph 287 sets forth allegations in support of a claim dismissed by the Court's August 5, 2009 Opinion and Order, therefore no response is required. To the extent that a response is deemed required, Defendant Caputo denies the allegations in paragraph 287.

288.    Paragraph 288 sets forth allegations in support of a claim dismissed by the Court's August 5, 2009 Opinion and Order, therefore no response is required. To the extent that a response is deemed required, Defendant Caputo denies the allegations in paragraph 288.

289.    Paragraph 289 sets forth allegations in support of a claim dismissed by the Court's August 5, 2009 Opinion and Order, therefore no response is required.  To the extent that a response is deemed required, Defendant Caputo denies the allegations in paragraph 289.

290.    Paragraph 290 sets forth allegations in support of a claim dismissed by the Court's August 5, 2009 Opinion and Order, therefore no response is required.  To the extent that a response is deemed required, Defendant Caputo denies the allegations in paragraph 290.

291.    Paragraph 291 sets forth allegations in support of a claim dismissed by the Court's August 5, 2009 Opinion and Order, therefore no response is required.  To the extent that a response is deemed required, Defendant Caputo denies the allegations in paragraph 291.

292.    Paragraph 292 sets forth allegations in support of a claim dismissed by the Court's August 5, 2009 Opinion and Order, therefore no response is required.  To the extent that a response is deemed required, Defendant Caputo denies the allegations in paragraph 292.

293.    Paragraph 293 sets forth allegations in support of a claim dismissed by the Court's August 5, 2009 Opinion and Order, therefore no response is required.  To the extent that a response is deemed required, Defendant Caputo denies the allegations in paragraph 293.

294.    Paragraph 294 sets forth allegations in support of a claim dismissed by the Court's August 5, 2009 Opinion and Order, therefore no response is required.  To the extent that a response is deemed required, Defendant Caputo denies the allegations in paragraph 294.

295.    Defendant Caputo repeats and reasserts his answer to each and every allegations set forth in ¶¶ 1 to 268 and ¶¶ 285 to 294 above as if fully set forth herein.

296.    Paragraph 296 sets forth allegations in support of a claim dismissed by the Court's August 5, 2009 Opinion and Order, therefore no response is required.  To the extent that a response is deemed required, Defendant Caputo denies the allegations in paragraph 296.

297.    Paragraph 297 sets forth allegations in support of a claim dismissed by the Court's August 5, 2009 Opinion and Order, therefore no response is required.  To the extent that a response is deemed required, Defendant Caputo denies the allegations in paragraph 297.

298.    Paragraph 298 sets forth allegations in support of a claim dismissed by the Court's August 5, 2009 Opinion and Order, therefore no response is required.  To the extent that a response is deemed required, Defendant Caputo denies the allegations in paragraph 298.

299.    Paragraph 299 sets forth allegations in support of a claim dismissed by the Court's August 5, 2009 Opinion and Order, therefore no response is required.  To the extent that a response is deemed required, Defendant Caputo denies the allegations in paragraph 299.

300.    Paragraph 300 sets forth allegations in support of a claim dismissed by the Court's August 5, 2009 Opinion and Order, therefore no response is required.  To the extent that a response is deemed required, Defendant Caputo denies the allegations in paragraph 300.

301.    Paragraph 301 sets forth allegations in support of a claim dismissed by the Court's August 5, 2009 Opinion and Order, therefore no response is required.  To the extent that a response is deemed required, Defendant Caputo denies the allegations in paragraph 301.

302.    Paragraph 302 sets forth allegations in support of a claim dismissed by the Court's August 5, 2009 Opinion and Order, therefore no response is required.  To the extent that a response is deemed required, Defendant Caputo denies the allegations in paragraph 302.

303.    Paragraph 303 sets forth allegations in support of a claim dismissed by the Court's August 5, 2009 Opinion and Order, therefore no response is required.  To the extent that a response is deemed required, Defendant Caputo denies the allegations in paragraph 303.

304.    Paragraph 304 sets forth allegations in support of a claim dismissed by the Court's August 5, 2009 Opinion and Order, therefore no response is required.  To the extent that a response is deemed required, Defendant Caputo denies the allegations in paragraph 304.

305.    Paragraph 305 sets forth allegations in support of a claim dismissed by the Court's August 5, 2009 Opinion and Order, therefore no response is required.  To the extent that a response is deemed required, Defendant Caputo denies the allegations in paragraph 305.

306.    Paragraph 306 sets forth allegations in support of a claim dismissed by the Court's August 5, 2009 Opinion and Order, therefore no response is required.  To the extent that a response is deemed required, Defendant Caputo denies the allegations in paragraph 306.

307.    Paragraph 307 asserts legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant Caputo denies the allegations in paragraph 307.

308.    Paragraph 308 states a legal conclusion to which no response is required.  To the extent that a response is deemed required, Defendant Caputo denies the allegations in paragraph 308.

309.    Paragraph 309 alleges conduct by Defendants other than Mr. Caputo to which no response is required.  Furthermore, paragraph 309 asserts legal conclusions to which no response is required.  To the extent that paragraph 309 alleges conduct by Mr. Caputo and a response is deemed required, Defendant Caputo denies the allegations in paragraph 309.

310.    Paragraph 310 alleges conduct by Defendants other than Mr. Caputo to which no response is required. Furthermore, paragraph 310 asserts legal conclusions to which no response is required.  To the extent that paragraph 310 alleges conduct by Mr. Caputo and a response is deemed required, Defendant Caputo repeats and reasserts his answer to each and every

allegations set forth in ¶¶ 1 to 244 and ¶¶ 255 to 267 above as if fully set forth herein, and otherwise denies the allegations in paragraph 310.

311. Paragraph 311 does not allege conduct by Mr. Caputo, therefore no response is required. To the extent that a response is deemed required, Defendant Caputo refers to the press release cited in paragraph 311 for its full and complete contents and denies any allegations inconsistent therewith. Further, to the extent that the cited SafeNet stock price information appears in publicly available documents, Mr. Caputo refers to those documents for their full and complete contents and denies any allegations inconsistent therewith. Defendant Caputo otherwise denies the allegations in paragraph 311.

312. Paragraph 312 alleges conduct by Defendants other than Mr. Caputo to which no response is required. To the extent that paragraph 312 alleges conduct by Mr. Caputo and a response is deemed required, Defendant Caputo refers to the SafeNet SEC filings cited in paragraph 312 for their full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 312.

313. Paragraph 313 does not allege any conduct by Mr. Caputo, therefore no response is required. To the extent that a response is deemed required, Defendant Caputo refers to the SafeNet SEC filings cited in paragraph 313 for their full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 313.

314. Paragraph 314 does not allege conduct by Mr. Caputo, therefore no response is required. To the extent that a response is deemed required, Defendant Caputo refers to the SafeNet SEC filings cited in paragraph 314 for their full and complete contents and denies any allegations inconsistent therewith. Further, to the extent that the cited SafeNet stock price information appears in publicly available documents, Mr. Caputo refers to those documents for

their full and complete contents and denies any allegations inconsistent therewith. Defendant Caputo otherwise denies the allegations in paragraph 314.

315.   Paragraph 315 does not allege any conduct by Mr. Caputo, therefore no response is required. To the extent that a response is deemed required, Defendant Caputo refers to the Rainbow Proxy/Prospectus cited in paragraph 315 for its full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 315.

316.   Paragraph 316 does not allege any conduct by Mr. Caputo, therefore no response is required. To the extent that a response is deemed required, Defendant Caputo states that he lacks information sufficient to admit or deny the allegations in the first two sentences of paragraph 316 and therefore denies them. The third sentence of paragraph 316 states a legal conclusion to which no response is required, but to the extent that a response is deemed required, Mr. Caputo denies the allegations in the third sentence of paragraph 316.

317.   Paragraph 317 does not allege conduct by Mr. Caputo, therefore no response is required. To the extent that a response is deemed required, Defendant Caputo denies the allegations in paragraph 317 except that to the extent that the cited SafeNet stock price information appears in publicly available documents, Mr. Caputo refers to those documents for their full and complete contents and denies any allegations inconsistent therewith.

318.   Paragraph 318 alleges conduct by Defendants other than Mr. Caputo to which no response is required. Furthermore, paragraph 318 asserts legal conclusions to which no response is required. To the extent that paragraph 318 alleges conduct by Mr. Caputo and a response is deemed required, Mr. Caputo denies the allegations in paragraph 318.

319.   Paragraph 319 does not allege conduct by Mr. Caputo, therefore no response is required. To the extent that a response is deemed required, Defendant Caputo refers to the

Rainbow Proxy/Prospectus cited in paragraph 319 for its full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 319.

320.    Paragraph 320 does not allege conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Defendant Caputo refers to the Rainbow Proxy/Prospectus cited in paragraph 320 for its full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 320.

321.    Paragraph 321 does not allege conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Defendant Caputo refers to the Rainbow Proxy/Prospectus and SEC filings cited in paragraph 321 for their full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 321.

322.    Paragraph 322 alleges conduct by Defendants other than Mr. Caputo to which no response is required.  Furthermore, paragraph 322 asserts legal conclusions to which no response is required.  To the extent that paragraph 322 alleges conduct by Mr. Caputo and a response is deemed required, Defendant Caputo denies the allegations in paragraph 322.

323.    Paragraph 323 does not allege conduct by Mr. Caputo, therefore no response is required.  Furthermore, paragraph 323 asserts legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant Caputo denies the allegations in paragraph 323.

324.    Paragraph 324 does not allege conduct by Mr. Caputo, therefore no response is required.  Furthermore, paragraph 324 asserts legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant Caputo denies the allegations in paragraph 324.

325.    Paragraph 325 alleges conduct by Defendants other than Mr. Caputo to which no response is required.  Furthermore, paragraph 325 asserts legal conclusions to which no response is required.  To the extent that paragraph 325 alleges conduct by Mr. Caputo and a response is deemed required, Defendant Caputo denies the allegations in paragraph 325.

326.    In response to sentence one of paragraph 326, Defendant Caputo repeats and reasserts his answer to each and every allegation set forth in ¶¶ 307 to 325 above as if set forth fully herein.  The second two sentences of paragraph 326 assert legal conclusions to which no response is required.

327.    Paragraph 327 does not allege conduct by Mr. Caputo, therefore no response is required.  Furthermore, paragraph 327 asserts legal conclusions to which no response is required. To the extent that a response is deemed required, Defendant Caputo refers to the Rainbow Registration Statement, Rainbow Proxy/Prospectus, and Stock Option Plan cited in paragraph 327 for their full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 327.

328.    Paragraph 328 alleges conduct by Defendants other than Mr. Caputo to which no response is required.  Furthermore, paragraph 328 asserts legal conclusions to which no response is required.  To the extent that paragraph 328 alleges conduct by Mr. Caputo and a response is deemed required, Defendant Caputo denies the allegations in paragraph 328.

329.    Paragraph 329 does not allege conduct by Mr. Caputo, therefore no response is required.  Furthermore, paragraph 329 asserts legal conclusions to which no response is required. To the extent that a response is deemed required, Defendant Caputo denies the allegations in paragraph 329.

330.    Paragraph 330 alleges conduct by Defendants other than Mr. Caputo to which no response is required.  Furthermore, paragraph 330 asserts legal conclusions to which no response is required.  To the extent that paragraph 330 alleges conduct by Mr. Caputo and a response is deemed required, Defendant Caputo denies the allegations in paragraph 330.

331.    Paragraph 331 does not allege conduct by Mr. Caputo, therefore no response is required.  Furthermore, the first sentence of paragraph 331 asserts legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant Caputo denies the allegation in the first sentence of paragraph 331 and, because he lacks information sufficient to admit or deny the allegations in the second sentence of paragraph 331, denies those allegations.

332.    Paragraph 332 alleges conduct by Defendants other than Mr. Caputo to which no response is required.  Furthermore, paragraph 332 asserts legal conclusions to which no response is required.  To the extent that paragraph 332 alleges conduct by Mr. Caputo and a response is deemed required, Defendant Caputo denies the allegations in paragraph 332.

333.    Paragraph 333 asserts legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant Caputo denies the allegations in paragraph 333.

334.    In response to the first sentence of paragraph 334, Defendant Caputo repeats and reasserts his answer to each and every allegations set forth in ¶¶ 307 to 333 above as if set forth fully herein.  The second and third sentences of paragraph 334 assert legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant Caputo denies the allegations in the second and third sentences of paragraph 334.

335.    Paragraph 335 alleges conduct by Defendants other than Mr. Caputo to which no response is required.  Furthermore, paragraph 335 asserts legal conclusions to which no response is required.  To the extent that paragraph 335 alleges conduct by Mr. Caputo and a response is deemed required, Defendant Caputo denies the allegations in paragraph 335.

336.    Paragraph 336 does not allege conduct by Mr. Caputo, therefore no response is required.  Furthermore, paragraph 336 asserts legal conclusions to which no response is required. To the extent that a response is deemed required, Defendant Caputo denies the allegations in paragraph 336.

337.    Paragraph 337 does not allege conduct by Mr. Caputo, therefore no response is required.  Furthermore, paragraph 337 asserts legal conclusions to which no response is required. To the extent that a response is deemed required, Defendant Caputo denies the allegations in paragraph 337.

338.    Paragraph 338 alleges conduct by Defendants other than Mr. Caputo to which no response is required.  Furthermore, paragraph 338 asserts legal conclusions to which no response is required.  To the extent that paragraph 338 alleges conduct by Mr. Caputo and a response is deemed required, Defendant Caputo denies the allegations in paragraph 338.

339.    Paragraph 339 does not allege conduct by Mr. Caputo, therefore no response is required.  Furthermore, paragraph 339 asserts legal conclusions to which no response is required. To the extent that a response is deemed required, Defendant Caputo denies the allegations in paragraph 339.

340.    Paragraph 340 alleges conduct by Defendants other than Mr. Caputo to which no response is required.  Furthermore, paragraph 340 asserts legal conclusions to which no response

is required.  To the extent that paragraph 340 alleges conduct by Mr. Caputo and a response is deemed required, Defendant Caputo denies the allegations in paragraph 340.

341.    Paragraph 341 asserts legal conclusions to which no response is required.

342.    In response to the first sentence of paragraph 342, Defendant Caputo repeats and reasserts his answers to each and every allegation set forth in ¶¶ 307 to 341 above as if set forth fully herein.  Sentences two and three of paragraph 342 state legal conclusions to which no response is required.

343.    Paragraph 343 states a legal conclusion to which no response is required.

344.    Paragraph 344 does not allege conduct by Mr. Caputo, therefore no response is required.  Furthermore, paragraph 344 and asserts legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant Caputo denies the allegations in paragraph

345.    Paragraph 345 alleges conduct by Defendants other than Mr. Caputo to which no response is required.  Furthermore, paragraph 345 asserts legal conclusions to which no response is required.  To the extent that paragraph 345 alleges conduct by Mr. Caputo and a response is deemed required, Defendant Caputo denies the allegations in paragraph 345.

346.    Paragraph 346 alleges conduct by Defendants other than Mr. Caputo to which no response is required.  To the extent that paragraph 346 alleges conduct by Mr. Caputo and a response is deemed required, Defendant Caputo refers to the Rainbow Registration Statement and Rainbow Proxy/Prospectus cited in paragraph 346 for their full and complete contents, denies any allegation inconsistent therewith, and otherwise denies the allegations in paragraph 346.

347.    Paragraph 347 alleges conduct by Defendants other than Mr. Caputo to which no response is required.  Furthermore, paragraph 347 asserts legal conclusions to which no response is required.  To the extent that paragraph 347 alleges conduct by Mr. Caputo and a response is deemed required, Defendant Caputo denies the allegations in paragraph 347.

348.    Paragraph 348 asserts legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant Caputo denies the allegations in paragraph 348.

349.    Paragraph 349 alleges conduct by Defendants other than Mr. Caputo to which no response is required.  Furthermore, paragraph 349 asserts legal conclusions to which no response is required.  To the extent that paragraph 349 alleges conduct by Mr. Caputo and a response is deemed required, Defendant Caputo denies the allegations in paragraph 349.

*       *       *

Plaintiffs' prayer for relief and demand for judgment contain no allegations to which a response is required.  To the that extent a response is deemed required, Defendant Caputo denies that Plaintiffs are entitled to any of the relief requested in subparagraphs 1 through 7.

All allegations that are not expressly admitted above are denied, and Defendant Caputo reserves the right to withdraw, amend, or modify his answers to the Complaint as later circumstances may warrant.

## AFFIRMATIVE DEFENSES

Defendant Caputo sets forth below his affirmative defenses to the Complaint.  By setting forth these defenses, Defendant Caputo does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiffs and/or the purported class members.  Moreover, nothing stated herein is intended or shall be construed as an acknowledgement that any particular issue or subject matter is relevant to the allegations of Plaintiffs and/or the purported class members.

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted against Mr. Caputo.

### SECOND DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs lack standing to pursue the claims alleged against Mr. Caputo.

### THIRD DEFENSE

Plaintiffs cannot establish that Mr. Caputo's conduct caused them any injury.

### FOURTH DEFENSE

Plaintiffs were not damaged by Mr. Caputo's conduct.

### FIFTH DEFENSE

The Complaint is not sufficiently particularized to satisfy the requirements of the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act.

### SIXTH DEFENSE

This action is not properly maintainable as a class action.

**SEVENTH DEFENSE**

Plaintiffs' claims are barred by the applicable statute of limitations and/or laches.

**EIGHTH DEFENSE**

None of the conduct alleged in the Complaint was material to the investment decisions of reasonable investors.

**NINTH DEFENSE**

The claims asserted in the Complaint are barred because Plaintiffs have sustained no legally cognizable damage by virtue of any misrepresentation or omission alleged in the Complaint. Such alleged misrepresentations and omissions did not cause or were not a material causal factor in the drop in SafeNet's stock price or value of which Plaintiffs complain.

**TENTH DEFENSE**

Under any theory of liability, Plaintiffs may not recover damages from Mr. Caputo based on depreciation in value of SafeNet stock that resulted from factors other than the allegedly material misstatements or omissions attributed to Mr. Caputo in the Complaint.

**ELEVENTH DEFENSE**

Plaintiff's losses, if any, were caused by market factors, superseding or intervening causes, and other factors for which Mr. Caputo is not responsible, or acts of other persons for which Mr. Caputo is not responsible, and did not result from any acts or omissions of Mr. Caputo.

**TWELFTH DEFENSE**

The claims asserted in the Complaint are barred in whole or in part because Plaintiffs did not actually or reasonably rely on Mr. Caputo's statements alleged in the Complaint to be materially false or misleading when made.

**THIRTEENTH DEFENSE**

SafeNet's public filings contained meaningful cautionary statements that preclude Plaintiffs from prevailing on their claims.

**FOURTEENTH DEFENSE**

Plaintiffs failed to exercise due care or mitigate their damages with respect to the transactions or purchases that allegedly form the basis of the claims against SafeNet.

**FIFTEENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, to the extent that they would have purchased SafeNet securities even with full knowledge of the facts that they allege were misrepresented or omitted.

**SIXTEENTH DEFENSE**

Defendant Caputo is not liable to Plaintiffs because he did not act with the required state of mind regarding any of the alleged conduct on which the Complaint is based.

**SEVENTEENTH DEFENSE**

Plaintiffs are not entitled to any recovery or remedy for their purported claims against Mr. Caputo to the extent that they (or persons acting on their behalf) knew, or in the exercise of reasonable diligence or care should have known, the facts concerning the allegedly material misstatements or omissions cited in the Complaint.

**EIGHTEENTH DEFENSE**

To the extent Plaintiffs seek to establish reliance based on a "fraud on the market" presumption of market efficiency, such a presumption is inapplicable to the extent the markets for the SafeNet securities upon which Plaintiffs base their claims were not efficient.

### NINETEENTH DEFENSE

Plaintiffs assumed the risk that the market value of the SafeNet securities they purchased might decline as a result of unforeseeable events beyond the control of Mr. Caputo.

### TWENTIETH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because of the lack of transaction causation and/or loss causation.

### TWENTY-FIRST DEFENSE

The claims asserted in the Complaint are barred to the extent that they have been settled, compromised, released, or otherwise discharged.

### TWENTY-SECOND DEFENSE

Mr. Caputo is not liable for Plaintiff's claims because he relied in good faith upon the professional judgments of SafeNet's internal and outside auditors as to matters which he reasonably believed to be within such persons' professional or expert competence.

### TWENTY-THIRD DEFENSE

Mr. Caputo is not liable for Plaintiff's claims because he relied in good faith upon the information, opinions, reports or statements prepared or presented by one or more officers or employees of the Company whom Mr. Caputo reasonably believed to be reliable and competent in the matters presented.

### TWENTY-FOURTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that the damages sought exceed those permitted under the 1933 Act, the 1934 Act, or any other applicable rule or regulation promulgated thereunder.

### TWENTY-FIFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs benefited in any manner from the alleged inflated market price of the SafeNet securities.

### TWENTY-SIXTH DEFENSE

Plaintiffs' claims for equitable relief are barred, in whole or in part, because Plaintiffs have adequate remedies at law.

### TWENTY-SEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by various doctrines, including estoppel, unclean hands, *in pari delicto,* waiver, laches, undue delay, ratification and affirmance.

### TWENTY-EIGHTH DEFENSE

To the extent the Complaint challenges any statements attributable to Defendant Caputo that were forward-looking statements, Plaintiffs' claims are barred, in whole or in part, because such statements are protected by the Safe Harbor provisions of the PSLRA and/or by the bespeaks caution doctrine.  Such statements were made without actual knowledge that the statement was false or misleading, were accompanied by meaningful cautionary statements identifying important factors that could cause actual results to differ materially from those in the forward-looking statement, and constitute expressions of honest opinion or corporate optimism.

### TWENTY-NINTH DEFENSE

Plaintiffs' claims against Defendant Caputo are barred, in whole or in part, because the public filings and other public statements made by SafeNet and/or attributed to Defendant Caputo and which Plaintiffs allegedly relied upon did not contain any material misrepresentations or omissions or because the misrepresentations or omissions allegedly relied upon by Plaintiffs were not material.

## THIRTIETH DEFENSE

With respect to the alleged violation of Section 20(a) of the 1934 Act, the Complaint lacks sufficient allegations that Defendant Caputo culpably participated in any act by SafeNet or any other person alleged to give rise to liability under Section 10(b) of the 1934 Act.

## THIRTY-FIRST DEFENSE

While Defendant Caputo denies any wrongdoing or fault of any kind whatsoever, or that Plaintiffs incurred any damages or losses as a result of any conduct by SafeNet or Argo, in the event that Defendant Caputo, or of Defendants, are found liable for any damages pursuant to Plaintiffs' claim under Section 10(b) of the 1934 Act, Defendants are not jointly and severally liable for the conduct of any other defendant or for damages caused by any other defendant or person.

## THIRTY-SECOND DEFENSE

While Defendant Caputo denies any wrongdoing or fault of any kind whatsoever, or that Plaintiffs incurred any damages or losses as a result of any conduct by Defendants, in the event that Defendants, or any of them, is found liable for any damages pursuant to Plaintiffs' claim under Section 10(b) of the 1934 Act, each of the Defendants is entitled to have his liability eliminated or diminished due to the culpable conduct of other persons or entities.

## THIRTY-THIRD DEFENSE

Any award of punitive or exemplary damages would violate the procedural and/or substantive due process safeguards provided under the Fifth, Sixth, Eighth and/or Fourteenth Amendments to the Constitution of the United States and/or under the Constitution of the State of Maryland and/or various federal and state statutes and regulations.

**THIRTY-FOURTH DEFENSE**

Mr. Caputo hereby gives notice that he intends to rely upon such other and further defenses as may become available or apparent during pre-trial proceedings in this case and hereby reserves his rights to amend his answer to assert any such defenses, and cross-claims or third-party claims of which he may become aware through discovery or other investigation.

\*       \*       \*

WHEREFORE, Defendant Caputo prays for entry of judgment in his favor and against Plaintiffs as follows:

1.      That the Court enter judgment in favor of Defendant Caputo, dismissing each and every claim for relief of the Complaint as to him with prejudice;

2.      That Plaintiff take nothing by reason of the Complaint herein;

3.      That Defendant Caputo recover his expenses, costs, and attorneys' fees in connection with this lawsuit; and

4.      For such other and further relief as this Court deems just and proper.


Dated: October 7, 2009                                    Respectfully submitted,


                                                        _____/s/ John A. Freedman_____
                                                        John A. Freedman
                                                        Joshua P. Wilson (admitted *pro hac vice*)
                                                        ARNOLD & PORTER, LLP
                                                        555 Twelfth St., N.W.
                                                        Washington, D.C., 20004-1206
                                                        Tel: (202) 942-5000
                                                        Fax: (202) 942-5999
                                                        *Counsel for Defendant Anthony A. Caputo*

**<u>CERTIFICATE OF SERVICE</u>**

I certify that on this 7th day of October 2009, I caused the foregoing **DEFENDANT ANTHONY A. CAPUTO'S ANSWER TO THE CONSOLIDATED AMENDED CLASS ACTION COMPLAINT** to be filed electronically.  I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

   /s/ Anthony D. Boccanfuso
Anthony D. Boccanfuso
