# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| POLICE AND FIRE RETIREMENT SYSTEM OF THE CITY OF DETROIT, PLYMOUTH COUNTY RETIREMENT SYSTEM, STATE-BOSTON RETIREMENT SYSTEM, and MICHAEL GOLDE, On Behalf of Themselves and All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> SAFENET, INC., ANTHONY A. CAPUTO, KENNETH A. MUELLER, CAROLE D. ARGO, THOMAS A. BROOKS, IRA A. HUNT, Jr., BRUCE R. THAW, ARTHUR L. MONEY, SHELLEY A. HARRISON, and ANDREW E. CLARK <br><br> Defendants. | Lead Case No. 06 Civ. 5797 (PAC) <br> **DEFENDANT CAROLE D. ARGO'S ANSWER TO THE CONSOLIDATED AMENDED CLASS ACTION COMPLAINT** |

## ANSWER OF CAROLE D. ARGO

Defendant Carole D. Argo, through counsel, answers the Amended Complaint ("Complaint") in this matter as follows:

To the extent the paragraphs of the Complaint are grouped under headings and subheadings, Ms. Argo responds generally that such headings and sub-headings (which are not repeated below) state legal conclusions and argument as to which no response is required. To the extent a response is required, Ms. Argo denies each and every heading and subheading in the Complaint and incorporates by reference this response in each paragraph below as if fully set forth therein.

Ms. Argo avers that she need not respond to the allegations in the introductory paragraph on page 1 of the Complaint. To the extent a response is required, Ms. Argo incorporates her responses to the numbered paragraphs as set forth below. Ms. Argo notes that on August 5, 2009, this Court issued an order granting, in part, Defendants' Motion to Dismiss, and that Order dismisses certain of Plaintiffs' claims and allegations. Ms. Argo answers the Complaint in its entirety, but, where appropriate, asserts that certain claims or allegations are no longer valid in light of the Court's August 5, 2009 Order.

1.        Paragraph 1 sets forth legal and accounting conclusions to which no response is required. Paragraph 1 also includes allegations that relate to counts in the Complaint that have been dismissed by the Court's Order and Opinion dated August 5, 2009 and to which no response is required. To the extent a response is required, Ms. Argo denies the allegations, except that Ms. Argo admits that SafeNet announced that it concluded that certain options grants were or appeared likely to be accounted for incorrectly and that she pleaded guilty to a single count of securities fraud in connection with SafeNet stock options granted in October 2001 and, in connection with her plea, acknowledged that SafeNet's accounting for certain other stock option grants was wrong. Ms. Argo also admits that she is a former President, CFO and COO of SafeNet, that Mr. Caputo was a former CEO of SafeNet and that Mr. Mueller was a former CFO of SafeNet. Ms. Argo admits that she received stock options from SafeNet and she exercised some of the options she received. To the extent the allegations in Paragraph 1 are directed to parties other than Ms. Argo, no response is required. To the extent a response is required, Ms. Argo lacks knowledge or sufficient information to form a belief as to the truth of such allegations and, on that basis, such allegations are denied.

2.       With respect to Paragraph 2, Ms. Argo admits that SafeNet developed, marketed, sold and supported hardware and software information security products and services that protect and secure communications, intellectual property, information and identities for private businesses and governmental entities.  Ms. Argo also admits that SafeNet's stock price at times during the Class Period was above $40 per share.  Ms. Argo respectfully refers the Court to SafeNet's April 22, 2003 Press Release, which contains a complete and accurate statement of its contents.  Ms. Argo denies the remainder of the allegations.

3.       Paragraph 3 sets forth legal and accounting conclusions to which no response is required.  Paragraph 3 also includes allegations that relate to counts in the Complaint that have been dismissed by this Court in its Opinion and Order dated August 5, 2009 and to which no response is required.  To the extent a response is required, and with respect to the remainder of the allegations, Ms. Argo denies the allegations except that Ms. Argo admits that she pleaded guilty to a single count of securities fraud in connection with SafeNet stock options granted in October 2001 and, in connection with her plea, acknowledged that SafeNet's accounting for certain other stock option grants was wrong.  Ms. Argo denies that SafeNet's publicly traded securities traded at artificially inflated prices during the Class Period.

4.       Paragraph 4 sets forth legal and accounting conclusions for which no response is required.  To the extent a response is required, Ms. Argo denies the allegations in Paragraph 4, except that she admits that options backdating is generally described as a practice whereby a company grants options on a given date and sets the strike price of the options at the market value of the stock on an earlier date, and otherwise avers that the allegations of Paragraph 4 do not provide a complete and accurate description of "options backdating" and that the term "options backdating" does not have a single, defined meaning.

5.       Ms. Argo denies the allegations in Paragraph 5, except she admits that option grants can be used to compensate employees and otherwise avers that the remaining allegations of Paragraph 5 consist of legal and accounting conclusions as to which no response is required. Ms. Argo respectfully refers the Court to the SEC rules and regulations and Generally Accepted Accounting Principles ("GAAP") for a complete and accurate statement of their contents.

6.       Ms. Argo denies the allegations in Paragraph 6, except that she admits that she pleaded guilty to a single count of securities fraud in connection with SafeNet stock options granted in October 2001 and, in connection with her plea, acknowledged that SafeNet's accounting for certain other stock option grants was wrong. To the extent the allegations in Paragraph 6 are directed to parties other than Ms. Argo, no response is required. To the extent a response is required, Ms. Argo lacks knowledge or sufficient information to form a belief as to the truth of such allegations and, on that basis, such allegations are denied.

7.       The allegations of Paragraph 7 are directed to parties other than Ms. Argo who have been dismissed from this action and set forth legal and accounting conclusions to which no response is required. To the extent a response is required, Ms. Argo admits that members of SafeNet's Compensation Committee approved option grants, signed Unanimous Written Consents and received options grants, but otherwise denies the allegations on the basis that she lacks knowledge or information sufficient to form a belief about the truth of the allegations. To the extent that Paragraph 7 refers to certain of SafeNet's SEC filings, Ms. Argo respectfully refers the Court to such filings, which contain a complete and accurate statement of their contents.

8.          No response to Paragraph 8 is required because Plaintiffs' claims pertaining to accounting issues unrelated to stock option grants have been dismissed by the Court's Order and Opinion dated August 5, 2009.

9.          Ms. Argo denies the allegations of Paragraph 9, except she admits that SafeNet's closing stock price was $32.72 per share on February 2, 2006, $27.75 on February 3, 2006, $25.97 on April 6, 2006, $20.96 on April 7, 2006, $19.21 on May 18, 2006 and $14.93 on May 19, 2006, and she respectfully refers the Court to the referenced and quoted documents, which contain a complete and accurate statement of their contents.

10.         Ms. Argo denies the allegations in Paragraph 10, except she admits that she is aware that SafeNet has concluded that certain grants were accounted for incorrectly and Ms. Argo respectfully refers the Court to the referenced and quoted documents, which contain a complete and accurate statement of their contents.

11.         Ms. Argo denies the allegations in Paragraph 11, except she admits that SafeNet was acquired by Vector Capital on April 12, 2007 and as a result was no longer a public reporting company.

12.         With respect to Paragraph 12, Ms. Argo admits that she pleaded guilty to a single count of securities fraud in 2007 and that she was sentenced to a prison term in 2008 in connection with her guilty plea, and respectfully refers the Court to the criminal indictment, which contains a complete and accurate statement of its contents.  Ms. Argo admits that the government has been investigating SafeNet, but states that she does not know the current status of any such investigations, and otherwise lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, on that basis, the allegations are denied.

13.         Ms. Argo denies the allegations in Paragraph 13.

14.      Ms. Argo denies the allegations in Paragraph 14, except Ms. Argo admits that SafeNet acquired Rainbow Technologies, Inc. ("Rainbow") in a stock-based merger in which Rainbow shareholders exchanged their shares for 0.374 SafeNet shares, and that on October 21, 2003, SafeNet's closing stock was $42.95 per share.

15.      To the extent Paragraph 15 incorporates allegations pertaining to accounting issues unrelated to stock option grants that have been dismissed by the Court's Order and Opinion dated August 5, 2009, no response is required.  With respect to the remainder of the allegations, Paragraph 15 sets forth legal conclusions for which no response is required.  To the extent a response is required, Ms. Argo denies the allegations.

16.      To the extent Paragraph 16 incorporates allegations pertaining to accounting issues unrelated to stock option grants that have been dismissed by the Court's Order and Opinion dated August 5, 2009, no response is required.  With respect to the remainder of the allegations, Paragraph 16 sets forth legal conclusions for which no response is required.  To the extent a response is required, Ms. Argo denies the allegations.

17.      Paragraph 17 sets forth legal conclusions for which no response is required.  To the extent a response is required, Ms. Argo denies the allegations in Paragraph 17.

18.      Paragraph 18 sets forth legal conclusions for which no response is required.  To the extent a response is required, Ms. Argo denies the allegations in Paragraph 18.

19.      Ms. Argo admits that SafeNet engaged in interstate commerce in connection with certain acts and conduct alleged in the Complaint and not denied herein.  Ms. Argo admits that she pleaded guilty to one count of securities fraud.  Ms. Argo admits that the U.S. Attorneys' Office for the Southern District of New York has been investigating SafeNet, but states that she does not know the current status of its investigation, and otherwise lacks information or

knowledge sufficient to form a belief as to the truth of the allegations and, on that basis, the

allegations are denied.

20.        Ms. Argo denies that Plaintiff Police and Fire Retirement System of the City of

Detroit suffered damages as a result of the conduct alleged in the Complaint.  Ms. Argo lacks

knowledge or sufficient information to form a belief as to the truth of the remaining allegations

in Paragraph 20 and, on that basis, the allegations are denied.

21.        Ms. Argo denies that Plaintiff Plymouth County Retirement System suffered

damages as a result of the conduct alleged in the Complaint.  Ms. Argo lacks knowledge or

sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 21

and, on that basis, the allegations are denied.

22.        Ms. Argo denies that Plaintiff State-Boston Retirement System suffered

damages as a result of the conduct alleged in the Complaint.  Ms. Argo lacks knowledge or

information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 22

and, on that basis, the allegations are denied.

23.        Ms. Argo admits Paragraph 23.

24.        With respect to Paragraph 24, Ms. Argo denies that Plaintiff Golde suffered

cognizable damages, but otherwise lacks knowledge or information sufficient to form a belief as

to the truth of the allegations and, on that basis, the allegations are denied.

25.        Ms. Argo admits Paragraph 25.

26.        Paragraph 26 sets forth legal and accounting conclusions and contains

allegations that are directed to parties other than Ms. Argo as to which no response is needed.  To

the extent a response is required, Ms. Argo denies the allegations of Paragraph 26, except Ms.

Argo admits that Mr. Caputo was the Chief Executive Officer and Chairman of the Board of

Directors of SafeNet during the putative Class Period, that he signed, or caused to be signed, the Rainbow Registration Statement and all of SafeNet's Forms 10-K and 10-Q during the Class Period, that his resignation was announced on October 18, 2006, and that he received grants of stock options from SafeNet.  With respect to the remainder of the allegations, Ms. Argo lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, the allegations are denied.

27.     Ms. Argo admits that she was the Senior Vice President and Chief Financial Officer of SafeNet from July 1999 to June 2004, and admits the second and seventh sentences of Paragraph 27.  With respect to the third sentence in Paragraph 27, Ms. Argo admits that she was a Certified Public Accountant and worked at companies that performed public company accounting for seven years, and otherwise denies the sentence.  Ms. Argo denies the allegations in the fourth sentence, except she admits that she was granted options to purchase SafeNet stock, that she recommended the issuance of stock option grants and admits that she pleaded guilty to a single count of securities fraud in connection with SafeNet stock options granted in October 2001 and, in connection with her plea, acknowledged that SafeNet's accounting for certain other stock option grants was wrong.  With respect to the fifth sentence, Ms. Argo admits that she sold 30,000 shares of SafeNet stock during the Class Period at $36.01 per share, but otherwise denies the allegations.  With respect to the sixth sentence, Ms. Argo admits that she signed, or caused to be signed, SafeNet's Rainbow Registration Statement, 2002-2003 Forms 10-K, 2003 Forms 10-Q and the Form 10-Q for the first quarter of 2004.

28.     Paragraph 28 sets forth legal and accounting conclusions and contains allegations that are directed a party other than Ms. Argo who has been dismissed from the case and to which no response is needed.  To the extent a response is required, Ms. Argo denies the

allegations of Paragraph 28, except Ms. Argo admits that Mr. Mueller was Senior Vice President, Chief Financial Officer and Treasurer of SafeNet from June 2004 until or about April 6, 2006, that he signed, or caused to be singed, SafeNet's Forms 10-Q for the second and third quarters of 2004, its Forms 10-Q for the year 2005, its Forms 10-K for the years 2004 and 2005, that SafeNet announced that Mueller was leaving the company on April 6, 2006, and Mueller received grants of stock options from SafeNet. With respect to the remainder of the allegations, Ms. Argo lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, the allegations are denied.

29.    Paragraph 29 sets forth legal conclusions for which no response is required. To the extent a response is required, Ms. Argo denies the allegation, except she admits that in connection with their roles as senior officers of SafeNet, she and Messrs. Caputo and Mueller necessarily possessed non-public information about SafeNet.

30.    Paragraph 30 sets forth legal conclusions for which no response is required. To the extent a response is required, Ms. Argo admits that she and Messrs. Caputo and Mueller had responsibilities related to the preparation of certain of SafeNet's SEC filings, press releases, and other statements and admits that she pleaded guilty to a single count of securities fraud in connection with SafeNet stock options granted in October 2001 and, in connection with her plea, acknowledged that SafeNet's accounting for certain other stock option grants was wrong, and otherwise denies the allegations. To the extent the allegations are directed to parties other than Ms. Argo, no response is required. To the extent a response is required, Ms. Argo lacks knowledge or sufficient information to form a belief as to the truth of such allegations and, on that basis, such allegations are denied.

31.      Paragraph 31 contains allegations that are directed to a party other than Ms. Argo who has been dismissed from the case and to which no response is needed. To the extent a response is required, Ms. Argo denies the allegations of Paragraph 31, except Ms. Argo admits that Thomas A. Brooks has served as a director of the Company and as a member of the Company's Compensation Committee and Audit Committee, and that he received grants of stock options from SafeNet. Ms. Argo respectfully refers the Court to the referenced SEC filings and company records for a complete and accurate statement of their contents.

32.      Paragraph 32 contains allegations that are directed to a party other than Ms. Argo who has been dismissed from the case and to which no response is needed. To the extent a response is required, Ms. Argo denies the allegations of Paragraph 32, except Ms. Argo admits that Ira A. Hunt, Jr. has served as a director of the Company and as a member of the Company's Compensation Committee and Audit Committee, and that he received grants of stock options from SafeNet. Ms. Argo respectfully refers the Court to the referenced SEC filings and company records for a complete and accurate statement of their contents.

33.      Paragraph 33 contains allegations that are directed to a party other than Ms. Argo who has been dismissed from the case and to which no response is needed. To the extent a response is required, Ms. Argo denies the allegations of Paragraph 33, except Ms. Argo admits that Bruce R. Thaw has served as a director of the Company and as a member of the Company's Compensation Committee, and that he received grants of stock options from SafeNet. Ms. Argo respectfully refers the Court to the referenced SEC filings and company records for a complete and accurate statement of their contents.

34.      Paragraph 34 contains allegations that are directed to a party other than Ms. Argo who has been dismissed from the case and to which no response is needed. To the extent a

response is required, Ms. Argo denies the allegations of Paragraph 34, except Ms. Argo admits that starting on March 16, 2004, Arthur L. Money served as a director of the Company and as a member of the Company's Compensation Committee and Audit Committee, and that he received grants of stock options from SafeNet. Ms. Argo respectfully refers the Court to the referenced SEC filings and company records for a complete and accurate statement of their contents.

35.      Paragraph 35 contains allegations that are directed to a party other than Ms. Argo who has been dismissed from the case and to which no response is needed. To the extent a response is required, Ms. Argo SafeNet denies the allegations of Paragraph 35, except Ms. Argo admits that Shelley A. Harrison has served as a director of the Company and as a paid consultant to the Company, and that he received grants of stock options from SafeNet. Ms. Argo respectfully refers the Court to the referenced SEC filings and company records for a complete and accurate statement of their contents.

36.      Paragraph 36 contains allegations that are directed to a party other than Ms. Argo who has been dismissed from the case and to which no response is needed. To the extent a response is required, Ms. Argo SafeNet denies the allegations of Paragraph 36, except Ms. Argo admits that Andrew E. Clark has served as a director of the Company and that he received grants of stock options from SafeNet. Ms. Argo respectfully refers the Court to the referenced SEC filings and company records for a complete and accurate statement of their contents.

37.      Ms. Argo asserts that the allegations of Paragraph 37 relate to claims that have been dismissed by the Court's Order and Opinion dated August 5, 2009 and as to which no response is required. To the extent a response is required, Ms. Argo admits that Plaintiffs purport to define "Compensation Committee Defendants."

38.    Ms. Argo asserts that the allegations of Paragraph 38 relate to claims that have been dismissed by the Court's Order and Opinion dated August 5, 2009 and as to which no response is required.  To the extent a response is required, Ms. Argo admits that Plaintiffs purport to define "Director Defendants."

39.    Paragraph 39 sets forth legal conclusions as to which no response is required. To the extent a response is required, Ms. Argo denies the allegations except she admits that she had the powers and authorities of a President, CFO and COO when she served in those capacities and other defendant had similar powers and authorities.

40.    With respect to Paragraph 40, Ms. Argo admits that Plaintiffs purport to define "Rainbow Acquisition Defendants" and that she signed the Rainbow Registration Statement.

41.    Paragraph 41 sets forth legal conclusions as to which no response is required. To the extent a response is required, Ms. Argo denies the allegations except she admits that she had the powers and authorities of President, CFO and COO when she served in those capacities and other defendant had similar powers and authorities.

42.    The fourth sentence of Paragraph 42 consists of legal conclusions as to which no response is required or appropriate.  To the extent a response is necessary, Ms. Argo respectfully refers the Court to the SEC rules and regulations for a complete and accurate statement of their contents and otherwise denies the allegations.  Ms. Argo avers that the remaining allegations of Paragraph 42 do not provide a complete and accurate description of stock option grants, and denies the allegations on that basis except that she admits that Plaintiffs purport to provide an illustrative example of a stock option transaction.

43.    Paragraph 43 and the accompanying footnote set forth legal and accounting conclusions as to which no response is required.  To the extent a response is required, Ms. Argo

respectfully refers to the referenced accounting rules and SEC regulations, which contain a complete and accurate statement of their contents, admits that prior to 2006, if a publicly traded company issued options with an exercise price less than the market price of the company's stock on the measurement date, the company was required to recognize compensation expense in its financial statements, and otherwise denies the allegations.

44.    Paragraph 44 sets forth legal and accounting conclusions as to which no response is required.  To the extent a response is required, Ms. Argo respectfully refers the Court to Accounting Principle Bulletin No. 25 ("APB 25"), which contains a complete and accurate statement of its contents, admits that many options granted by SafeNet had 4-year vesting periods, and otherwise denies the allegations.

45.    Paragraph 45 sets forth legal and accounting conclusions as to which no response is required.  To the extent a response is required, Ms. Argo respectfully refers the Court to APB 25, which contains a complete and accurate statement of its contents and otherwise denies the allegations.

46.    Paragraph 46 sets forth legal and accounting conclusions as to which no response is required.  To the extent a response is required, Ms. Argo admits that she pleaded guilty to a single count of securities fraud in connection with SafeNet stock options granted in October 2001 and, in connection with her plea, acknowledged that SafeNet's accounting for certain other stock option grants was wrong.   Ms. Argo respectfully refers the Court to the transcript of her plea allocution.  Ms. Argo denies the remaining allegations in Paragraph 46 and also notes that she lacks knowledge or sufficient information to determine whether APB 25 was not followed "at all relevant times."

47.       With respect to Paragraph 47, Ms. Argo admits that SafeNet granted options to certain employees pursuant to stock option plans, and respectfully refers the Court to the referenced documents, which contain a complete and accurate statement of their contents, and otherwise denies the allegations.

48.       Ms. Argo admits that SafeNet's stock option plans were administered by the Company's Compensation Committee, and otherwise denies that the allegations in Paragraph 48 provide a complete and accurate description of the Company's stock options grant process.  Ms. Argo respectfully refers the Court to the referenced documents, which contain a complete and accurate statement of their contents.

49.       Ms. Argo admits that she was involved in recommending options grants and that the Compensation Committee approved option grants, among other ways, through Unanimous Written Consents, and otherwise denies the allegations in Paragraph 49 on the basis that it does not provide a complete and accurate description of SafeNet's stock option granting process.  Ms. Argo also denies the allegations in Paragraph 49 to the extent they relate to "all relevant times" on the basis that she lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

50.       Ms. Argo denies the allegations in the first sentence of Paragraph 50, respectfully refers the Court to the SEC and accounting rules referenced in the second sentence, which contain a complete and accurate statement of their contents, and otherwise denies the allegations.

51.       Paragraph 51 states legal and accounting conclusions to which no response is required.  To the extent a response is required, Ms. Argo respectfully refers the Court to the

applicable tax rules and regulations, which contain a complete and accurate statement of their contents, and otherwise denies the allegations.

52.     Paragraph 52 sets forth legal and accounting conclusions to which no response is necessary.  To the extent a response is required, Ms. Argo admits that she pleaded guilty to a single count of securities fraud in connection with SafeNet stock options granted in October 2001 and, in connection with her plea, acknowledged that SafeNet's accounting for certain other stock option grants was wrong, and otherwise denies the allegations.

53.     Ms. Argo denies the allegations in the second and third sentences of Paragraph 53, admits that the first sentence of Paragraph 53 purports to provide a definition of "options backdating" and otherwise denies that it provides an accurate and complete definition, or that there is a single accepted definition of this term.

54.     With respect to Paragraph 54, Ms. Argo admits that the value of stock options depends in part on their exercise price and the stock price.  Otherwise, Ms. Argo denies the allegations.

55.     Paragraph 55 and the accompanying footnote set forth argument, not factual allegation, for which no response is required.  To the extent a response is required, Ms. Argo admits that she pleaded guilty to a single count of securities fraud in connection with SafeNet stock options granted in October 2001 and, in connection with her plea, acknowledged that SafeNet's accounting for certain other stock option grants was wrong, and otherwise denies the allegations.

56.     Ms. Argo denies the allegations in Paragraph 56, excepts she admits that SafeNet disclosed that certain of its stock option grants during the Class Period were improperly

recorded under applicable accounting rules and that the Company would have to restate certain of its financial statements as a result.

57.     To the extent the allegations in Paragraph 57 are directed to parties other than Ms. Argo, no response is required.  To the extent a response is required, Ms. Argo lacks knowledge or sufficient information to form a belief as to the truth of such allegations and, on that basis, such allegations are denied.  The allegations in Paragraph 57 directed to Ms. Argo set forth legal conclusions and argument as to which no response is required.  To the extent a response is required, Ms. Argo denies the allegations in Paragraph 57, except Ms. Argo admits that she pleaded guilty to a single count of securities fraud related to SafeNet stock options granted in October 2001 and, in connection with her plea, acknowledged that SafeNet's accounting for certain other stock option grants was wrong.  Ms. Argo respectfully refers the Court to the transcript of her plea allocution.

58.     With respect to Paragraph 58, Ms. Argo respectfully refers the Court to the transcript of Ms. Argo's plea allocution.

59.     The second sentence of Paragraph 59 sets forth legal conclusions as to which no response is required.  To the extent a response is required and with respect to the remaining allegations, Ms. Argo admits that Form 4s were filed on her behalf, respectfully refers the Court to the referenced provision of Sarbanes-Oxley and SafeNet's SEC filing, which contain a complete and accurate statement of their contents, and otherwise denies the allegations.

60.     Ms. Argo denies the allegations in Paragraph 60.

61.     Ms. Argo denies the allegations in Paragraph 61, except Ms. Argo admits that option grants may have an effect on financial statements and she pleaded guilty to a single count of securities fraud related to SafeNet stock options granted in October 2001 and, in connection

with her plea, acknowledged that SafeNet's accounting for certain other stock option grants was wrong.

62.      With respect to Paragraph 62, Ms. Argo admits that she received options with a grant date of July 30, 1999 and an exercise price of $17.50 per share.  With respect to the remaining allegations in Paragraph 62, Ms. Argo understands that SafeNet maintains documents and records reflecting option grants made by SafeNet to its officers and employees, respectfully refers the Court to such documents and records, and otherwise denies the allegations.

63.      Ms. Argo denies the allegations in Paragraph 63, avers that the chart contained in Paragraph 63 does not provide a complete description of SafeNet's option grants during the Class Period and respectfully refers the Court to SafeNet's documents and records.

64.      Ms. Argo admits that she received options with the grant date of July 30, 1999 and that the closing prices of SafeNet stock on the dates listed in Paragraph 64 are accurate, and otherwise avers that the allegations set forth legal and accounting conclusions for which no response is required and, to the extent a response is required, Ms. Argo denies the allegations on the basis that she lacks knowledge or sufficient information to form a belief as to the truth of the allegation, and states that she is aware that SafeNet has concluded that the accounting for this grant was incorrect.

65.      With respect to Paragraph 65, Ms. Argo admits that she received 8,500 options with a grant date of January 1, 2000 and an exercise price of $20.50, 11,500 options with a grant date of May 31, 2000 and an exercise price of $14.750, and 13,000 options with a grant date of October 11, 2000 and an exercise price of $24.125.  With respect to the remaining allegations in Paragraph 65, Ms. Argo understands that SafeNet maintains documents and records reflecting

option grants made by SafeNet to its officers and employees, respectfully refers the Court to such documents and records, and otherwise denies the allegations.

66.     Ms. Argo denies the allegations in Paragraph 66 and avers that the chart contained in Paragraph 66 does not provide a complete description of SafeNet's option grants during the Class Period and respectfully refers the Court to SafeNet's documents and records.

67.     Ms. Argo admits that the closing prices of SafeNet stock on the dates listed in Paragraph 67 are accurate and that she received 13,000 options with a grant date of October 11, 2000.  With respect to the sizes and dates of any options grants allegedly made to Mr. Caputo, Ms. Argo incorporates by reference her answer to Paragraph 65.  Paragraph 67 otherwise sets forth legal and accounting conclusions for which no response is required, and, to the extent a response is required, Ms. Argo denies the allegations, and states that she is aware that SafeNet has concluded that the accounting for this grant was incorrect.

68.     Ms. Argo admits that she received 45,000 options with a grant date of October 1, 2001 and an exercise price of $5.85, and 17,000 options with a grant date of May 16, 2001 with an exercise price of $11.75.  With respect to the remaining allegations in Paragraph 68, Ms. Argo understands that SafeNet maintains documents and records reflecting option grants made by SafeNet to its officers and employees, respectfully refers the Court to such documents and records, and otherwise denies the allegations.

69.     Ms. Argo denies the allegations in Paragraph 69 and avers that the chart contained in Paragraph 69 does not provide a complete description of SafeNet's option grants during the Class Period and respectfully refers the Court to SafeNet's documents and records.

70.     Ms. Argo admits that the closing prices of SafeNet stock on the dates listed in Paragraph 70 are accurate.  With respect to the sizes and dates of any options grants allegedly

made to Mr. Reed, Ms. Argo understands that SafeNet maintains documents and records reflecting option grants made by SafeNet to its executives and directors, and respectfully refers the Court to such documents and records, which contain a complete and accurate statement of their contents.  Otherwise, Paragraph 70 sets forth legal and accounting conclusions to which no response is required.  To the extent a response is required, Ms. Argo denies the allegations and states that she is aware that SafeNet has concluded that the accounting for this grant was incorrect.  Ms. Argo avers that the chart contained in Paragraph 70 does not provide a complete description of SafeNet's option grants during the Class Period and respectfully refers the Court to SafeNet's documents and records.

71.      With respect to Paragraph 71, Ms. Argo respectfully refers the Court to the SEC's civil complaint and the U.S. Attorney's criminal indictment and the other documents referenced in this Paragraph, which contain a complete and accurate statement of their contents, and Ms. Argo otherwise denies the allegations and states that she is aware that SafeNet has concluded that the accounting for this grant was incorrect.  To the extent the allegations in Paragraph 71 are directed to parties other than Ms. Argo, no response is required.  To the extent a response is required, Ms. Argo lacks knowledge or sufficient information to form a belief as to the truth of such allegations and, on that basis, such allegations are denied.  Ms. Argo avers that the chart contained in Paragraph 71 does not provide a complete description of SafeNet's option grants during the Class Period and respectfully refers the Court to SafeNet's documents and records.

72.      Ms. Argo admits that she received 17,000 options with a grant date of May 16, 2001, and admits that the closing prices of SafeNet stock on the dates listed in Paragraph 72 are accurate.  With respect to the sizes and dates of any options grants made to other SafeNet

executives, Ms. Argo understands that SafeNet maintains documents and records reflecting option grants made by SafeNet to its executives and directors, and respectfully refers the Court to such documents and records.  Otherwise, Paragraph 72 sets forth legal and accounting conclusions to which no response is required.  To the extent a response is required, Ms. Argo denies the allegations, and states that she is aware that SafeNet has concluded that the accounting for this grant was incorrect.  Ms. Argo avers that the chart contained in Paragraph 72 does not provide a complete description of SafeNet's option grants during the Class Period and respectfully refers the Court to SafeNet's documents and records.

73.     With respect to Paragraph 73, Ms. Argo respectfully refers the Court to the SEC's civil complaint and the U.S. Attorney's indictment, which contain a complete and accurate statement of their contents, and the transcript of Ms. Argo's plea allocution.

74.     Ms. Argo admits that the April 3 and October 1 options granted to Ms. Argo were re-priced by agreement with SafeNet.  Otherwise, Paragraph 74 sets forth legal conclusions to which no response is required.  To the extent a response is required, Ms. Argo denies the allegations, except she admits that she pleaded guilty to a single count of securities fraud in connection with SafeNet stock options granted in October 2001 and, in connection with her plea, acknowledged that SafeNet's accounting for certain other stock option grants was wrong.

75.     With respect to the sizes and dates of any options grants made to SafeNet executives and officers referenced in Paragraph 75, Ms. Argo understands that SafeNet maintains documents and records reflecting option grants made by SafeNet, and respectfully refers the Court to such documents and records.

76.     Paragraph 76 sets forth legal and accounting conclusions for which no response is required.  To the extent a response is required, Ms. Argo denies the allegations, except she

admits that she pleaded guilty to a single count of securities fraud in connection with SafeNet stock options granted in October 2001 and, in connection with her plea, acknowledged that SafeNet's accounting for certain other stock option grants was wrong.  Ms. Argo avers that the chart contained in Paragraph 76 does not provide a complete description of SafeNet's option grants during the Class Period and respectfully refers the Court to SafeNet's documents and records.

77.     Ms. Argo admits that that the closing prices for SafeNet stock on the dates listed are accurate.  With respect to the sizes and dates of any options grants made to the referenced SafeNet executives and directors, Ms. Argo incorporates by reference her response to Paragraph 75.  Otherwise, Paragraph 77 sets forth legal and accounting conclusions to which no response is required.  To the extent a response is required, Ms. Argo denies the allegations, except she admits that she pleaded guilty to a single count of securities fraud in connection with SafeNet stock options granted in October 2001 and, in connection with her plea, acknowledged that SafeNet's accounting for certain other stock option grants was wrong, and states that she is aware that SafeNet has concluded that the accounting for this grant was incorrect.

78.     With respect to the first sentence in Paragraph 78, Ms. Argo respectfully refers the Court to the SEC's civil complaint and the U.S. Attorney's criminal indictment and other documents referenced in Paragraph 78, which contain a complete and accurate statement of their contents.  Ms. Argo denies the allegations in Paragraph 78, except she admits that the stock prices referenced in the third sentence of Paragraph 78 are accurate and admits that she pleaded guilty to a single count of securities fraud in connection with SafeNet stock options granted in October 2001 and, in connection with her plea, acknowledged that SafeNet's accounting for certain other stock option grants was wrong, and states that she is aware that SafeNet has

concluded that the accounting for this grant was incorrect. To the extent the allegations in Paragraph 78 are directed to parties other than Ms. Argo, no response is required. To the extent a response is required, Ms. Argo lacks knowledge or sufficient information to form a belief as to the truth of such allegations and, on that basis, such allegations are denied.

79.     Paragraph 79 sets forth arguments, rather than factual allegations, to which no response is required. To the extent a response is required, Ms. Argo denies the allegations.

80.     Ms. Argo admits that she received options with a grant date of February 27, 2003 and an exercise price of $16.47, and 10,000 options with a grant date of July 17, 2003 and an exercise price of $31.35, and otherwise denies the allegations. With respect to the remaining allegations in Paragraph 80, Ms. Argo understands that SafeNet maintains documents and records reflecting option grants made by SafeNet to its executives and directors, and respectfully refers the Court to such documents and records, and otherwise denies the allegations.

81.     Ms. Argo avers that the chart contained in Paragraph 81 does not provide a complete and accurate description of SafeNet's option grants during the Class Period and respectfully refers the Court to SafeNet's documents and records. Otherwise, Paragraph 81 sets forth legal and accounting conclusions to which no response is required. To the extent a response is required, Ms. Argo denies the allegations in Paragraph 81, except she admits that she pleaded guilty to a single count of securities fraud in connection with SafeNet stock options granted in October 2001 and, in connection with her plea, acknowledged that SafeNet's accounting for certain other stock option grants was wrong.

82.     With respect to Paragraph 82, Ms. Argo admits that she received options with a grant date of February 27, 2003. With respect to the number and dates of options granted to other SafeNet executives and directors, Ms. Argo incorporates by reference her answer to

Paragraph 81.  Otherwise, Paragraph 82 sets forth legal and accounting conclusions to which no response is required.  To the extent a response is required, Ms. Argo denies the allegations, except she admits that she pleaded guilty to a single count of securities fraud in connection with SafeNet stock options granted in October 2001 and, in connection with her plea, acknowledged that SafeNet's accounting for certain other stock option grants was wrong, and states that she is aware that SafeNet has concluded that the accounting for this grant was incorrect.

83.     With respect to the first sentence of Paragraph 83, Ms. Argo respectfully refers the Court to the SEC's civil complaint and the U.S. Attorney's criminal indictment, which contain a complete and accurate statement of their contents.  The second sentence sets forth legal and accounting conclusions for which no response is required.  To the extent a response is required, Ms. Argo denies the allegations in the second sentence in Paragraph 83, except she admits that the stock price referenced is correct and that she pleaded guilty to a single count of securities fraud in connection with SafeNet stock options granted in October 2001 and, in connection with her plea, acknowledged that SafeNet's accounting for certain other stock option grants was wrong, and states that she is aware that SafeNet has concluded that the accounting for this grant was incorrect.  To the extent the allegations in Paragraph 83 are directed to parties other than Ms. Argo, no response is required.  To the extent a response is required, Ms. Argo lacks knowledge or sufficient information to form a belief as to the truth of such allegations and, on that basis, such allegations are denied.

84.     With respect to Paragraph 84, Ms. Argo admits that SafeNet's closing stock price was $31.35 per share on July 17, 2003 and $38.85 per share on September 16, 2003, admits that an indictment and SEC complaint were filed against her and respectfully refers the Court to those filings and the other documents, which contain a complete and accurate statement of their

contents, and otherwise denies the allegations, except she admits that she pleaded guilty to a single count of securities fraud in connection with SafeNet stock options granted in October 2001 and, in connection with her plea, acknowledged that SafeNet's accounting for certain other stock option grants was wrong, and states that she is aware that SafeNet has concluded that the accounting for this grant was incorrect.

85.    Ms. Argo admits that the February 27 and July 17, 2003 options grants made to her and Mr. Caputo were re-priced by agreement with SafeNet.  Otherwise, Paragraph 85 sets forth legal and accounting conclusions to which no response is required.  To the extent a response is required, Ms. Argo denies the allegations, except she admits that she pleaded guilty to a single count of securities fraud in connection with SafeNet stock options granted in October 2001 and, in connection with her plea, acknowledged that SafeNet's accounting for certain other stock option grants was wrong.

86.    Ms. Argo admits that she received options with a grant date of May 19, 2004 and an exercise price of $21.70.  With respect to the remaining allegations in Paragraph 86, Ms. Argo understands that SafeNet maintains documents and records reflecting option grants made by SafeNet to its employees, and respectfully refers the Court to such documents and records.

87.    Ms. Argo avers that the chart contained in Paragraph 87 does not provide a complete and accurate description of SafeNet's option grants during the Class Period and respectfully refers the Court to SafeNet's documents and records.  Otherwise, Paragraph 87 sets forth legal and accounting conclusions to which no response is required.  To the extent a response is required, Ms. Argo denies the allegations in Paragraph 87, except she admits that she pleaded guilty to a single count of securities fraud in connection with SafeNet stock options

granted in October 2001 and, in connection with her plea, acknowledged that SafeNet's accounting for certain other stock option grants was wrong.

88.     Ms. Argo admits that she was granted options with a grant date of May 19, 2004 and admits that SafeNet's closing stock price was $22.19 on July 28, 2004 and $27.96 on July 29, 2004.  With respect to the allegations in the first sentence of Paragraph 88 regarding grants to other executives and employees, Ms. Argo incorporates by reference her answer to Paragraph 86.  Ms. Argo otherwise denies the allegations in first and third sentences on the basis that they set forth legal and accounting conclusions to which no response is required.  To the extent a response is required, Ms. Argo denies the allegations, except she admits that she pleaded guilty to a single count of securities fraud in connection with SafeNet stock options granted in October 2001 and, in connection with her plea, acknowledged that SafeNet's accounting for certain other stock option grants was wrong, and states that she is aware that SafeNet has concluded that the accounting for these grants were incorrect.

89.     Ms. Argo respectfully refers the Court to the U.S. Attorney's criminal indictment and other referenced documents, which contain a complete and accurate statement of their contents.  Ms. Argo admits that SafeNet's stock price on October 9, 2004 was $28.45, and denies the remainder of the allegations, except she admits that she pleaded guilty to a single count of securities fraud in connection with SafeNet stock options granted in October 2001 and, in connection with her plea, acknowledged that SafeNet's accounting for certain other stock option grants was wrong, and states that she is aware that SafeNet has concluded that the accounting for this grant was incorrect.

90.     Ms. Argo respectfully refers the Court to the U.S. Attorney's criminal indictment, which contains a complete and accurate statement of the U.S. Attorney's allegations

against Ms. Argo.  As to the allegations in the second sentence, Ms. Argo admits that SafeNet's

stock price on September 27, 2004 was $25.16 and on February 9, 2005 was $31.52, and

otherwise lacks knowledge or information sufficient to form a basis as to the truth of the

allegations.  The third sentence sets forth legal and accounting conclusions for which no

response is required.  To the extent a response is required, Ms. Argo denies the allegations,

except she admits that she pleaded guilty to a single count of securities fraud in connection with

SafeNet stock options granted in October 2001 and, in connection with her plea, acknowledged

that SafeNet's accounting for certain other stock option grants was wrong.  With respect to the

third, fourth and fifth sentences, Ms. Argo admits that she learned sometime after the fact that

SafeNet's outside auditors identified incorrect measurement dates of certain stock option grants

during an audit in 2005 and that changes to compensation expense were made, admits that she

did not discuss with the auditors whether prior grants required compensation charges and avers

that she lacks knowledge or information sufficient to form a belief as to whether other

Defendants discussed prior grants with the auditors.

91.     Ms. Argo admits that the May 19, 2004 and July 28, 2004 options grants made

to her and Mr. Caputo were re-priced by agreement with SafeNet.  Otherwise, Paragraph 91 sets

forth legal and accounting conclusions to which no response is required.  To the extent a

response is required, Ms. Argo denies the allegations, except she admits that she pleaded guilty

to a single count of securities fraud in connection with SafeNet stock options granted in October

2001 and, in connection with her plea, acknowledged that SafeNet's accounting for certain other

stock option grants was wrong.

92.     With respect to Paragraph 92, Ms. Argo admits that she received 50,000

options with a grant date of September 29, 2005 and an exercise price of $29.70, and 50,000

options with a grant date of June 1, 2005 and an exercise price of $31.78. With respect to the remaining allegations in Paragraph 92, Ms. Argo understands that SafeNet maintains documents and records reflecting option grants made by SafeNet to its executives and directors, and respectfully refers the Court to such documents and records, which contain a complete and accurate statement of their contents.

93.       Ms. Argo denies that the chart contained in Paragraph 93 provides a complete and accurate description of SafeNet's stock price during the Class Period. Paragraph 93 sets forth legal and accounting conclusions for which no response is required. To the extent a response is required, Ms. Argo denies the allegations.

94.       Ms. Argo admits the number and date of the options grants made to her and admits that the closing prices for SafeNet stock on the dates listed are accurate. With respect to the allegations relating to any options grants made to Mr. Lessem, Ms. Argo incorporates by reference her answer to Paragraph 92. With respect to the second, third, and fourth sentences, Ms. Argo respectfully refers the Court to SafeNet's press release and the transcript of the September 29, 2005 conference call. Otherwise, the allegations in the first and second sentences of Paragraph 94 set forth legal and accounting conclusions to which no response is necessary. To the extent a response is required, Ms. Argo denies the allegations, and states that she is aware that SafeNet has concluded that the accounting for these grants was incorrect.

95.       Ms. Argo admits that SafeNet's closing stock price was $29.70 on September 29, 2005 and $36.31 per share on September 30, 2005, and otherwise lacks knowledge or information sufficient to form a belief as to the truth as to the allegations in Paragraph 95, and, on that basis, denies the allegations.

96.     Ms. Argo admits that the June 1, 2005 and September 29, 2005 options grants made to her and Mr. Caputo were re-priced by agreement with SafeNet.  Paragraph 96 sets forth legal and accounting conclusions to which no response is required.  To the extent a response is required, Ms. Argo denies the allegations.

97.     Paragraph 97 sets forth legal and accounting conclusions to which no response is required.  To the extent a response is required, Ms. Argo denies the allegations, except she admits that she pleaded guilty to a single count of securities fraud in connection with SafeNet stock options granted in October 2001 and, in connection with her plea, acknowledged that SafeNet's accounting for certain other stock option grants was wrong.  Ms. Argo respectfully refers the Court to the transcript of her plea allocution.

98.     Paragraph 98 sets forth legal and accounting conclusions to which no response is required.  To the extent a response is required, Ms. Argo denies the allegations.

99.     Ms. Argo denies the allegations in Paragraph 99 and further denies that the table contained in Paragraph 99 constitutes a complete and accurate description of SafeNet's "Actual Operating Income" and "Actual Net Income" for the years 2002 through 2005.

100.    No response to Paragraph 100 is required because Plaintiffs' claims pertaining to accounting issues unrelated to stock option grants have been dismissed by the Court's Order and Opinion dated August 5, 2009.

101.    Ms. Argo incorporates by reference her answer to Paragraph 100.

102.    Ms. Argo incorporates by reference her answer to Paragraph 100.

103.    Ms. Argo incorporates by reference her answer to Paragraph 100.

104.    Ms. Argo incorporates by reference her answer to Paragraph 100.

105.    Ms. Argo incorporates by reference her answer to Paragraph 100.

106.    Ms. Argo incorporates by reference her answer to Paragraph 100.

107.    Ms. Argo incorporates by reference her answer to Paragraph 100.

108.    Ms. Argo incorporates by reference her answer to Paragraph 100.

109.    Ms. Argo incorporates by reference her answer to Paragraph 100.

110.    Ms. Argo incorporates by reference her answer to Paragraph 100.

111.    Ms. Argo incorporates by reference her answer to Paragraph 100.

112.    Ms. Argo incorporates by reference her answer to Paragraph 100.

113.    Ms. Argo incorporates by reference her answer to Paragraph 100.

114.    Ms. Argo incorporates by reference her answer to Paragraph 100.

115.    Ms. Argo incorporates by reference her answer to Paragraph 100.

116.    Ms. Argo incorporates by reference her answer to Paragraph 100.

117.    Ms. Argo incorporates by reference her answer to Paragraph 100.

118.    Ms. Argo incorporates by reference her answer to Paragraph 100.

119.    Ms. Argo incorporates by reference her answer to Paragraph 100.

120.    Ms. Argo incorporates by reference her answer to Paragraph 100.

121.    Ms. Argo incorporates by reference her answer to Paragraph 100.

122.    Ms. Argo incorporates by reference her answer to Paragraph 100.

123.    Ms. Argo incorporates by reference her answer to Paragraph 100.

124.    Ms. Argo incorporates by reference her answer to Paragraph 100.

125.    Ms. Argo incorporates by reference her answer to Paragraph 100.

126.    Ms. Argo incorporates by reference her answer to Paragraph 100.

127.    Ms. Argo incorporates by reference her answer to Paragraph 100.

128.    Ms. Argo incorporates by reference her answer to Paragraph 100.

129.     Ms. Argo incorporates by reference her answer to Paragraph 100.

130.     Ms. Argo incorporates by reference her answer to Paragraph 100.

131.     Ms. Argo incorporates by reference her answer to Paragraph 100.

132.     Ms. Argo incorporates by reference her answer to Paragraph 100.

133.     Ms. Argo incorporates by reference her answer to Paragraph 100.

134.     Ms. Argo incorporates by reference her answer to Paragraph 100.

135.     Ms. Argo incorporates by reference her answer to Paragraph 100.

136.     Ms. Argo incorporates by reference her answer to Paragraph 100.

137.     With respect to Paragraph 137, Ms. Argo admits that SafeNet filed a Form 10-K for the year ended December 31, 2002 on March 31, 2003, admits that she signed, or caused to be signed, the Form 10-K, and respectfully refers the Court to that document, which contains a complete and accurate statement of its contents.

138.     With respect to Paragraph 138, Ms. Argo respectfully refers the Court to the referenced SafeNet Form 10-K, which contains a complete and accurate statement of its contents.

139.     With respect to Paragraph 139, Ms. Argo respectfully refers the Court to the referenced SafeNet Form 10-K, which contains a complete and accurate statement of its contents.

140.     Paragraph 140 sets forth legal and accounting conclusions to which no response is required.  To the extent a response is required, Ms. Argo denies the allegations, except that she admits that she pleaded guilty to a single count of securities fraud in connection with SafeNet stock options granted in October 2001 and, in connection with her plea, acknowledged that SafeNet's accounting for certain other stock option grants was wrong.

141.    With respect to Paragraph 141, Ms. Argo admits that SafeNet issued a proxy statement on a Form 14A on April 30, 2003, admits that she signed, or caused to be signed, the Form 14A, respectfully refers the Court to that document, which contains a complete and accurate statement of its contents, and otherwise denies the allegations.

142.    Paragraph 142 sets forth legal and accounting conclusions to which no response is required, and respectfully refers the Court the referenced document, which contains a complete and accurate statement of its contents.  To the extent a response is required, Ms. Argo denies the allegations, except that she admits that she pleaded guilty to a single count of securities fraud in connection with SafeNet stock options granted in October 2001 and, in connection with her plea, acknowledged that SafeNet's accounting for certain other stock option grants was wrong.

143.    Paragraph 143 sets forth legal and accounting conclusions to which no response is required.  To the extent a response is required, Ms. Argo denies the allegations, except that she admits that she pleaded guilty to a single count of securities fraud in connection with SafeNet stock options granted in October 2001 and, in connection with her plea, acknowledged that SafeNet's accounting for certain other stock option grants was wrong.

144.    With respect to Paragraph 144, Ms. Argo admits that SafeNet filed a Form 10-Q for the first quarter of 2003 on May 15, 2003, admits that she signed, or caused to be signed, the Form 10-Q, and respectfully refers the Court to that document, which contains a complete and accurate statement of its contents.

145.    With respect to Paragraph 145, Ms. Argo respectfully refers the Court to the referenced Form 10-Q, which contains a complete and accurate statement of its contents.

146.    Paragraph 146 sets forth legal and accounting conclusions to which no response is required.  With respect to references in Paragraph 146 to SafeNet's SEC filings, Ms. Argo

respectfully refers the Court to these filings, which contain a complete and accurate statement of their contents. To the extent a response is required, Ms. Argo denies the allegations, except that she admits that she pleaded guilty to a single count of securities fraud in connection with SafeNet stock options granted in October 2001 and, in connection with her plea, acknowledged that SafeNet's accounting for certain other stock option grants was wrong.

147.    With respect to Paragraph 147, Ms. Argo admits that SafeNet filed a Form 10-Q for the second quarter of 2003 on July 31, 2003, admits that she signed, or caused to be signed, the Form 10-Q, and respectfully refers the Court to that document, which contains a complete and accurate statement of its contents.

148.    With respect to Paragraph 148, Ms. Argo respectfully refers the Court to the referenced SafeNet Form 10-Q, which contains a complete and accurate statement of its contents.

149.    Paragraph 149 sets forth legal and accounting conclusions to which no response is required. With respect to references in Paragraph 149 to SafeNet's SEC filings, Ms. Argo respectfully refers the Court to these filings, which contain a complete and accurate statement of their contents. To the extent a response is required, Ms. Argo denies the allegations, except that she admits that she pleaded guilty to a single count of securities fraud in connection with SafeNet stock options granted in October 2001 and, in connection with her plea, acknowledged that SafeNet's accounting for certain other stock option grants was wrong.

150.    With respect to Paragraph 150, Ms. Argo admits that SafeNet filed a Form 10-Q for the third quarter of 2003 on November 14, 2003, admits that she signed, or caused to be signed, the 10-Q, and respectfully refers the Court to that document, which contains a complete and accurate statement of its contents.

151.     With respect to Paragraph 151, Ms. Argo respectfully refers the Court to the referenced SafeNet Form 10-Q, which contains a complete and accurate statement of its contents.

152.     Paragraph 152 sets forth legal and accounting conclusions to which no response is required.  With respect to references in Paragraph 152 to SafeNet's SEC filings, Ms. Argo respectfully refers the Court to these filings, which contain a complete and accurate statement of their contents.  To the extent a response is required, Ms. Argo denies the allegations, except that she admits that she pleaded guilty to a single count of securities fraud in connection with SafeNet stock options granted in October 2001 and, in connection with her plea, acknowledged that SafeNet's accounting for certain other stock option grants was wrong.

153.     With respect to Paragraph 153, Ms. Argo admits that SafeNet filed the Rainbow Registration Statement and the Rainbow Proxy/Prospectus with the SEC on February 11 and 12, 2004, respectively, and respectfully refers the Court to the referenced SEC filings, which contain a complete and accurate statement of their contents.  The second sentence of Paragraph 153 and the third sentence of Paragraph 153 subpart (b) set forth legal conclusions to which no response is required.  To the extent a response is required, Ms. Argo denies the allegations.

154.     With respect to Paragraph 154, Ms. Argo respectfully refers the Court to the referenced document, which contains a complete and accurate statement of its contents.

155.     Paragraph 155 sets forth legal conclusions to which no response is required.  To the extent a response is required, Ms. Argo denies the allegations.  With respect to the referenced documents, Ms. Argo respectfully refers the Court to the documents, which contain a complete and accurate statement of their contents.

156.     Paragraph 156 sets forth legal conclusions to which no response is required.  To the extent a response is required, Ms. Argo denies the allegations, except that she admits that she pleaded guilty to a single count of securities fraud in connection with SafeNet stock options granted in October 2001 and, in connection with her plea, acknowledged that SafeNet's accounting for certain other stock option grants was wrong.

157.     No response to Paragraph 157 is required because Plaintiffs' claims pertaining to accounting issues unrelated to stock option grants have been dismissed by the Court's Order and Opinion dated August 5, 2009.

158.     With respect to Paragraph 158, Ms. Argo admits that SafeNet filed a Form 10-K for the year ending December 31, 2003 on March 31, 2004, admits that she signed, or caused to be signed, the Form 10-K, and respectfully refers the Court to that document, which contains a complete and accurate statement of its contents.

159.     With respect to Paragraph 159, Ms. Argo respectfully refers the Court to the referenced SafeNet Form 10-K, which contains a complete and accurate statement of its contents.

160.     With respect to Paragraph 160, Ms. Argo respectfully refers the Court to the referenced SafeNet Form 10-K, which contains a complete and accurate statement of its contents.

161.     Paragraph 161 sets forth legal and accounting conclusions to which no response is required.  With respect to references in Paragraph 161 to SafeNet's SEC filings, Ms. Argo respectfully refers the Court to these filings, which contain a complete and accurate statement of their contents.  To the extent a response is required, Ms. Argo denies the allegations, except that she admits that she pleaded guilty to a single count of securities fraud in connection with SafeNet

stock options granted in October 2001 and, in connection with her plea, acknowledged that SafeNet's accounting for certain other stock option grants was wrong.

162.     No response to Paragraph 162 is required because Plaintiffs' claims pertaining to accounting issues unrelated to stock option grants have been dismissed by the Court's Order and Opinion dated August 5, 2009.

163.     With respect to Paragraph 163, Ms. Argo admits that SafeNet filed a Form 14A with the SEC on April 29, 2004, and respectfully refers the Court to the referenced SEC filing, which contains a complete and accurate statement of its contents.  The second sentence of Paragraph 163 sets forth legal conclusions to which no response is required.  To the extent a response is required, Ms. Argo denies the allegations.

164.     Paragraph 164 sets forth legal and accounting conclusions to which no response is required.  With respect to references in Paragraph 164 to SafeNet's SEC filings, Ms. Argo respectfully refers the Court to these filings, which contain a complete and accurate statement of their contents.  To the extent a response is required, Ms. Argo denies the allegations, except that she admits that she pleaded guilty to a single count of securities fraud in connection with SafeNet stock options granted in October 2001 and, in connection with her plea, acknowledged that SafeNet's accounting for certain other stock option grants was wrong.

165.     With respect to Paragraph 165, Ms. Argo admits that SafeNet filed its Form 10-Q for the first quarter of 2004 with the SEC on May 10, 2004, admits that she signed, or caused to be signed, the 10-Q, and respectfully refers the Court to the referenced SafeNet SEC filing, which contains a complete and accurate statement of its contents.

166.     Paragraph 166 sets forth legal and accounting conclusions to which no response is required.  To the extent a response is required, Ms. Argo denies the allegations, except that she

admits that she pleaded guilty to a single count of securities fraud in connection with SafeNet stock options granted in October 2001 and, in connection with her plea, acknowledged that SafeNet's accounting for certain other stock option grants was wrong.

167.    No response to Paragraph 167 is required because Plaintiffs' claims pertaining to accounting issues unrelated to stock option grants have been dismissed by the Court's Order and Opinion dated August 5, 2009.

168.    With respect to Paragraph 168, Ms. Argo admits that SafeNet filed the referenced Form 10-Q with the SEC on August 9, 2004, and respectfully refers the Court to the referenced Form 10-Q, which contains a complete and accurate statement of its contents.

169.    With respect to Paragraph 169, Ms. Argo respectfully refers the Court to the referenced Form 10-Q, which contains a complete and accurate statement of its contents.

170.    Paragraph 170 sets forth legal and accounting conclusions to which no response is required. To the extent a response is required, Ms. Argo denies the allegations, except that she admits that she pleaded guilty to a single count of securities fraud in connection with SafeNet stock options granted in October 2001 and, in connection with her plea, acknowledged that SafeNet's accounting for certain other stock option grants was wrong.

171.    No response to Paragraph 171 is required because Plaintiffs' claims pertaining to accounting issues unrelated to stock option grants have been dismissed by the Court's Order and Opinion dated August 5, 2009.

172.    With respect to Paragraph 172, Ms. Argo admits that SafeNet filed the referenced Form 10-Q with the SEC on November 9, 2004, and respectfully refers the Court to the referenced SafeNet Form 10-Q, which contains a complete and accurate statement of its contents.

173.     With respect to Paragraph 173, Ms. Argo respectfully refers the Court to the referenced Form 10-Q, which contains a complete and accurate statement of its contents.

174.     Paragraph 174 sets forth legal and accounting conclusions to which no response is required.  To the extent a response is required, Ms. Argo denies the allegations, except that she admits that she pleaded guilty to a single count of securities fraud in connection with SafeNet stock options granted in October 2001 and, in connection with her plea, acknowledged that SafeNet's accounting for certain other stock option grants was wrong.

175.     No response to Paragraph 175 is required because Plaintiffs' claims pertaining to accounting issues unrelated to stock option grants have been dismissed by the Court's Order and Opinion dated August 5, 2009.

176.     With respect to Paragraph 176, Ms. Argo admits that SafeNet filed a Form 10-K with the SEC for the year ended December 31, 2004 on March 16, 2005, and respectfully refers the Court to the referenced Form 10-K, which contains a complete and accurate statement of its contents.

177.     With respect to Paragraph 177, Ms. Argo respectfully refers the Court to the referenced Form 10-K, which contains a complete and accurate statement of its contents.

178.     With respect to Paragraph 178, Ms. Argo respectfully refers the Court to the referenced Form 10-K, which contains a complete and accurate statement of its contents.

179.     Paragraph 179 sets forth legal and accounting conclusions to which no response is required.  To the extent a response is required, Ms. Argo denies the allegations, except that she admits that she pleaded guilty to a single count of securities fraud in connection with SafeNet stock options granted in October 2001 and, in connection with her plea, acknowledged that SafeNet's accounting for certain other stock option grants was wrong.

180.     No response to Paragraph 180 is required because Plaintiffs' claims pertaining to accounting issues unrelated to stock option grants have been dismissed by the Court's Order and Opinion dated August 5, 2009.

181.     With respect to Paragraph 181, Ms. Argo admits that SafeNet filed an amendment to its 2004 Form 10-K with the SEC on April 29, 2005 and respectfully refers the Court to the referenced Form 10-K/A, which contains a complete and accurate statement of its contents.

182.     With respect to Paragraph 182, Ms. Argo respectfully refers the Court to the referenced Form 10K/A, which contains a complete and accurate statement of its contents.

183.     Paragraph 183 sets forth legal and accounting conclusions to which no response is required.  To the extent a response is required, Ms. Argo denies the allegations, except that she admits that she pleaded guilty to a single count of securities fraud in connection with SafeNet stock options granted in October 2001 and, in connection with her plea, acknowledged that SafeNet's accounting for certain other stock option grants was wrong.

184.     No response to Paragraph 184 is required because Plaintiffs' claims pertaining to accounting issues unrelated to stock option grants have been dismissed by the Court's Order and Opinion dated August 5, 2009.

185.     With respect to Paragraph 185, Ms. Argo admits that SafeNet filed its Form 10-Q for the first quarter of 2005 with the SEC on May 10, 2005, and respectfully refers the Court to the referenced Form 10-Q, which contains a complete and accurate statement of its contents.

186.     Paragraph 186 sets forth legal and accounting conclusions to which no response is required.  To the extent a response is required, Ms. Argo denies the allegations, except that she admits that she pleaded guilty to a single count of securities fraud in connection with SafeNet

stock options granted in October 2001 and, in connection with her plea, acknowledged that SafeNet's accounting for certain other stock option grants was wrong.

187.     No response to Paragraph 187 is required because Plaintiffs' claims pertaining to accounting issues unrelated to stock option grants have been dismissed by the Court's Order and Opinion dated August 5, 2009.

188.     With respect to Paragraph 188, Ms. Argo admits that SafeNet issued a definitive proxy statement on Form 14A on July 6, 2005, and respectfully refers the Court to the referenced Form 14A, which contains a complete and accurate statement of its contents.  The fifth sentence of Paragraph 188 sets forth legal conclusions to which no response is required.  To the extent a response is required, Ms. Argo denies the allegations, except that she admits that she pleaded guilty to a single count of securities fraud in connection with SafeNet stock options granted in October 2001 and, in connection with her plea, acknowledged that SafeNet's accounting for certain other stock option grants was wrong.

189.     Paragraph 189 sets forth legal and accounting conclusions to which no response is required.  To the extent a response is required, Ms. Argo denies the allegations, except that she admits that she pleaded guilty to a single count of securities fraud in connection with SafeNet stock options granted in October 2001 and, in connection with her plea, acknowledged that SafeNet's accounting for certain other stock option grants was wrong.

190.     With respect to Paragraph 190, Ms. Argo admits that SafeNet filed a Form 8-K with the SEC on July 26, 2005, respectfully refers the Court to the referenced Form 8-K, which contains a complete and accurate statement of its contents, and otherwise denies the allegations.

191.     Paragraph 191 sets forth legal and accounting conclusions to which no response is required.  To the extent a response is required, Ms. Argo denies the allegations, except that she

admits that she pleaded guilty to a single count of securities fraud in connection with SafeNet

stock options granted in October 2001 and, in connection with her plea, acknowledged that

SafeNet's accounting for certain other stock option grants was wrong.

192.     With respect to Paragraph 192, Ms. Argo admits that SafeNet filed its Form 10-

Q for the second quarter of 2005 with the SEC on August 9, 2005, and respectfully refers the

Court to the referenced Form 10-Q, which contains a complete and accurate statement of its

contents.

193.     No response to Paragraph 193 is required because Plaintiffs' claims pertaining

to accounting issues unrelated to stock option grants have been dismissed by the Court's Order

and Opinion dated August 5, 2009.

194.     To the extent the first sentence of Paragraph 194 purports to describe the

content of certain SafeNet SEC filings, Ms. Argo respectfully refers the Court to the referenced

filings, which contain a complete and accurate statement of their.  The second sentence of

Paragraph 194 sets forth legal and accounting conclusions to which no response is required.  To

the extent a response is required, Ms. Argo denies the allegations, except that she admits that she

pleaded guilty to a single count of securities fraud in connection with SafeNet stock options

granted in October 2001 and, in connection with her plea, acknowledged that SafeNet's

accounting for certain other stock option grants was wrong.

195.     With respect to Paragraph 195, Ms. Argo admits that SafeNet filed a Form 10-

Q for the third quarter of 2005 with the SEC on November 9, 2005, and respectfully refers the

Court to the referenced Form 10-Q, which contains a complete and accurate statement of its

contents.

196.    With respect to Paragraph 196, Ms. Argo respectfully refers the Court to the referenced Form 10-Q, which contains a complete and accurate statement of its contents.

197.    Paragraph 197 sets forth legal and accounting conclusions to which no response is required.  To the extent a response is required, Ms. Argo denies the allegations, except that she admits that she pleaded guilty to a single count of securities fraud in connection with SafeNet stock options granted in October 2001 and, in connection with her plea, acknowledged that SafeNet's accounting for certain other stock option grants was wrong.

198.    No response is required to Paragraph 198 because Plaintiffs' claims pertaining to accounting issues unrelated to stock option grants have been dismissed by the Court's Order and Opinion dated August 5, 2009.

199.    With respect to Paragraph 199, Ms. Argo admits that SafeNet filed its Form 10-K for the year ended December 31, 2005 with the SEC on March 16, 2006, and respectfully refers the Court to the referenced Form 10-K, which contains a complete and accurate statement of its contents.

200.    With respect to Paragraph 200, Ms. Argo respectfully refers the Court to the referenced Form 10-K, which contains a complete and accurate statement of its contents.

201.    With respect to Paragraph 201, Ms. Argo respectfully refers the Court to the referenced Form 10-K, which contains a complete and accurate statement of its contents.

202.    Paragraph 202 sets forth legal and accounting conclusions to which no response is required.  To the extent a response is required, Ms. Argo denies the allegations, except that she admits that she pleaded guilty to a single count of securities fraud in connection with SafeNet stock options granted in October 2001 and, in connection with her plea, acknowledged that SafeNet's accounting for certain other stock option grants was wrong.

203.     No response is required to Paragraph 203 because Plaintiffs' claims pertaining to accounting issues unrelated to stock option grants have been dismissed by the Court's Order and Opinion dated August 5, 2009.

204.     With respect to Paragraph 204, Ms. Argo admits that SafeNet filed a Form 10-Q for the first quarter of 2006 with the SEC on May 10, 2006, and respectfully refers the Court to the referenced Form 10-Q, which contains a complete and accurate statement of its contents.

205.     With respect to Paragraph 205, Ms. Argo respectfully refers the Court to the referenced Form 10-Q, which contains a complete and accurate statement of its contents.

206.     With respect to Paragraph 206, Ms. Argo respectfully refers the Court to the referenced Form 10-Q, which contains a complete and accurate statement of its contents.

207.     With respect to Paragraph 207, Ms. Argo respectfully refers the Court to the referenced Form 10-Q, which contains a complete and accurate statement of its contents.

208.     With respect to Paragraph 208, Ms. Argo respectfully refers the Court to the referenced Form 10-Q, which contains a complete and accurate statement of its contents.

209.     Paragraph 209 sets forth legal and accounting conclusions to which no response is required.  To the extent a response is required, Ms. Argo denies the allegations, except that she admits that she pleaded guilty to a single count of securities fraud in connection with SafeNet stock options granted in October 2001 and, in connection with her plea, acknowledged that SafeNet's accounting for certain other stock option grants was wrong.

210.     No response is required to Paragraph 210 because Plaintiffs' claims pertaining to accounting issues unrelated to stock option grants have been dismissed by the Court's Order and Opinion dated August 5, 2009.

211.      Ms. Argo admits that she signed, or caused her signature to appear on, certain SafeNet SEC filings and certifications, and Ms. Argo respectfully refers the Court to such documents, which contain a complete and accurate statement of their contents.  The third and fifth sentences of Paragraph 211 set forth legal and accounting conclusions to which no response is required.  To the extent a response is required, Ms. Argo denies the allegations, except that she admits that she pleaded guilty to a single count of securities fraud in connection with SafeNet stock options granted in October 2001 and, in connection with her plea, acknowledged that SafeNet's accounting for certain other stock option grants was wrong.

212.      No response is required to Paragraph 212 because Plaintiffs' claims pertaining to accounting issues unrelated to stock option grants have been dismissed by the Court's Order and Opinion dated August 5, 2009.

213.      Ms. Argo incorporates by reference her answer to Paragraph 212.

214.      Ms. Argo incorporates by reference her answer to Paragraph 212.

215.      Ms. Argo incorporates by reference her answer to Paragraph 212.

216.      Ms. Argo incorporates by reference her answer to Paragraph 212.

217.      Ms. Argo incorporates by reference her answer to Paragraph 212.

218.      Ms. Argo incorporates by reference her answer to Paragraph 212.

219.      Ms. Argo incorporates by reference her answer to Paragraph 212.

220.      Ms. Argo incorporates by reference her answer to Paragraph 212.

221.      Ms. Argo incorporates by reference her answer to Paragraph 212.

222.      Ms. Argo admits that SafeNet issued a Form 10-K for the year 2005 on March 16, 2005.  Otherwise, Paragraph 222 sets forth legal conclusions to which no response is required.  To the extent a response is required, Ms. Argo denies the allegations, except that she

admits that she pleaded guilty to a single count of securities fraud in connection with SafeNet stock options granted in October 2001 and, in connection with her plea, acknowledged that SafeNet's accounting for certain other stock option grants was wrong.

223.    No response is required to Paragraph 223 because Plaintiffs' claims pertaining to accounting issues unrelated to stock option grants have been dismissed by the Court's Order and Opinion dated August 5, 2009.

224.    Ms. Argo incorporates by reference her answer to Paragraph 223.

225.    Ms. Argo incorporates by reference her answer to Paragraph 223.

226.    With respect to Paragraph 226, Ms. Argo admits that SafeNet issued a press release on May 18, 2006, respectfully refers the Court to the referenced press release, which contains a complete and accurate statement of its contents, and otherwise denies the allegations.

227.    Ms. Argo denies the allegations of the first and third sentences of Paragraph 227, except that she admits that SafeNet's stock price closed at $19.21 per share on May 18, 2006, $14.93 per share on May 19, 2006 and $32.72 per share on February 2, 2006, and avers that she lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the second sentence of Paragraph 227 and denies the allegations on that basis.

228.    With respect to Paragraph 228, Ms. Argo lacks information or knowledge sufficient to form a belief as to the truth of the allegations concerning the reaction of analysts to SafeNet's May 18, 2006 disclosure and, on that basis, the allegations are denied.  With respect to the second sentence, Ms. Argo respectfully refers the Court to the referenced analyst report, which contains a complete and accurate statement of its contents.

229.    With respect to Paragraph 229, Ms. Argo respectfully refers the Court to the referenced analyst reports, which contain a complete and accurate statement of their contents.

230.     Paragraph 230 sets forth arguments, rather than factual allegations, to which no response is required.  To the extent a response is required, Ms. Argo denies the allegations.

231.     With respect to Paragraph 231, Ms. Argo respectfully refers the Court to the referenced press release, which contains a complete and accurate statement of its contents.

232.     With respect to Paragraph 232, Ms. Argo respectfully refers the Court to the referenced SafeNet SEC filings, which contain a complete and accurate statement of their contents.

233.     No response is required to Paragraph 233 because Plaintiffs' claims pertaining to accounting issues unrelated to stock option grants have been dismissed by the Court's Order and Opinion dated August 5, 2009.

234.     Ms. Argo admits that the United States Attorney for the Southern District of New York filed a criminal indictment against her on July 25, 2007, that the SEC filed a civil injunctive action against her on August 1, 2007, and she respectfully refers the Court to those documents, which contain a complete and accurate statement of their contents.  Ms. Argo otherwise denies the allegations in Paragraph 234.

235.     With respect to Paragraph 235, Ms. Argo admits that, on October 5, 2007 she pleaded guilty to a single count of securities fraud in connection with SafeNet stock options granted in October 2001.  Ms. Argo respectfully refers the Court to the transcript of her plea allocution.

236.     With respect to the first two sentences of Paragraph 236, Ms. Argo respectfully refers the Court to the referenced documents, which contain a complete and accurate statement of their contents.  The first sentence sets forth legal and accounting conclusions for which no response is required.  To the extent a response is required, Ms. Argo denies the allegations,

except she admits that she pleaded guilty to a single count of securities fraud in connection with SafeNet stock options granted in October 2001 and, in connection with her plea, acknowledged that SafeNet's accounting for certain other stock option grants was wrong.   To the extent the allegations are directed to defendants other than Ms. Argo, no response is required.  To the extent a response is required, Ms. Argo lacks knowledge or sufficient information to form a belief as to the truth of such allegations and, on that basis, such allegations are denied.  With respect to the third sentence, Ms. Argo admits that, on January 28, 2008, she was sentenced to six months in prison and fined $1 million in connection with her plea before the United States District Court for the Southern District of New York, and admits that, as of the date of the Amended Complaint, the SEC's charges against her were still pending.

237.     With respect to the first and second sentences of Paragraph 237, Ms. Argo avers that she lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, the allegations are denied.  Ms. Argo also denies that the allegations in Paragraph 237 provide a complete and accurate description of GAAP, and refers to the quoted and referenced documents for a complete and accurate statement of their contents.

238.     To the extent Paragraph 238 relates to Plaintiffs' claims pertaining to accounting issues unrelated to stock option grants that have been dismissed by the Court's Order and Opinion dated August 5, 2009, no response is required.  With respect to the remainder of the allegations, Paragraph 238 sets forth legal and accounting conclusions for which no response is necessary.  To the extent a response is required, Ms. Argo denies the allegations, except that she admits that she pleaded guilty to a single count of securities fraud in connection with SafeNet stock options granted in October 2001 and, in connection with her plea, acknowledged that SafeNet's accounting for certain other stock option grants was wrong.   To the extent the

allegations are directed to defendants other than Ms. Argo, no response is required.  To the
extent a response is required, Ms. Argo lacks knowledge or sufficient information to form a
belief as to the truth of such allegations and, on that basis, such allegations are denied.

239.     Ms. Argo denies that the allegations of Paragraph 239 provide a complete or
accurate description of SEC rules regulations and the Sarbanes-Oxley Act of 2002, and refers to
the SEC rules and regulations and the Sarbanes-Oxley Act for a complete and accurate statement
of their contents.

240.     Ms. Argo admits that, prior to 2006, if a publicly traded company issued
options with an exercise price less than the market price of the company's stock on the
measurement date for the options, the company was required to recognize compensation expense
in its financial statements, and refers to the applicable SEC rules and regulations and APB 25 for
a complete and accurate statement of their contents.  Ms. Argo respectfully refers the Court to
SafeNet's financial statements filed with the SEC for a complete and accurate statement of their
contents.  With respect to the remainder of the allegations, Paragraph 240 sets forth legal and
accounting conclusions for which no response is necessary.  To the extent a response is required,
Ms. Argo denies the allegations, except that she admits that she pleaded guilty to a single count
of securities fraud in connection with SafeNet stock options granted in October 2001 and, in
connection with her plea, acknowledged that SafeNet's accounting for certain other stock option
grants was wrong.

241.     Paragraph 241 relates to Plaintiffs' claims pertaining to accounting issues
unrelated to stock option grants that have been dismissed by the Court's Order and Opinion
dated August 5, 2009 and no response is required.

242.     Ms. Argo incorporates by reference her answer to Paragraph 241.

243.    Ms. Argo incorporates by reference her answer to Paragraph 241.

244.    Ms. Argo incorporates by reference her answer to Paragraph 241.

245.    Ms. Argo denies the allegations in Paragraph 245, except that she admits that she pleaded guilty to a single count of securities fraud in connection with SafeNet stock options granted in October 2001 and, in connection with her plea, acknowledged that SafeNet's accounting for certain other stock option grants was wrong.  To the extent the allegations are directed to defendants other than Ms. Argo, no response is required.  To the extent a response is required, Ms. Argo lacks knowledge or sufficient information to form a belief as to the truth of such allegations and, on that basis, such allegations are denied.

246.    Ms. Argo denies the allegations Paragraph 246, except that she admits that her compensation was, in part, based on SafeNet's financial performance, that stock options are a form of employee compensation and that the value of stock options depends in part on their strike price.

247.    To the extent the allegations in Paragraph 247 are directed to parties other than Ms. Argo, no response is required.  To the extent a response is required, Ms. Argo lacks knowledge or sufficient information to form a belief as to the truth of such allegations and, on that basis, such allegations are denied.  To the extent the allegations in Paragraph 247 directed to Ms. Argo relate to non-option allegations which have been dismissed, no response is required.  To the extent a response is required, Ms. Argo denies the allegations in Paragraph 247.

248.    To the extent the allegations in Paragraph 248 are directed to parties other than Ms. Argo, no response is required.  To the extent a response is required, Ms. Argo lacks knowledge or sufficient information to form a belief as to the truth of such allegations and, on that basis, such allegations are denied.  To the extent the allegations in Paragraph 248 directed to

Ms. Argo relate to non-option allegations which have been dismissed, no response is required. To the extent a response is required, Ms. Argo denies the allegations in Paragraph.

249.     To the extent the allegations in Paragraph 249 relate to non-option allegations which have been dismissed, no response is required.  To the extent a response is required, Ms. Argo denies the allegations.

250.     With respect to Paragraph 250, Ms. Argo admits that she sold 30,000 shares of SafeNet stock on November 30, 2004 at $36.01, but otherwise denies the description of her sale. Ms. Argo lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, on that basis, the allegations are denied.

251.     To the extent the allegations in Paragraph 251 are directed to parties other than Ms. Argo, no response is required.  To the extent a response is required, Ms. Argo lacks knowledge or sufficient information to form a belief as to the truth of such allegations and, on that basis, such allegations are denied.  To the extent the allegations in Paragraph 251 directed to Ms. Argo relate to non-option allegations which have been dismissed, no response is required. Ms. Argo otherwise denies the allegations in Paragraph 251, except she admits that SafeNet acquired Rainbow Technologies on March 15, 2004 and MediaSentry, Inc. on June 1, 2005.

252.     To the extent the allegations in Paragraph 252 are directed to parties other than Ms. Argo, no response is required.  To the extent a response is required, Ms. Argo lacks knowledge or sufficient information to form a belief as to the truth of such allegations and, on that basis, such allegations are denied.  Ms. Argo otherwise denies the allegations in Paragraph 252 directed to her.

253.     Ms. Argo admits the allegations in the first and second sentences of Paragraph 253, and denies the allegations in the third sentence of Paragraph 253.

254.     Ms. Argo denies the allegations in Paragraph 254, except admits that on September 29, 2005, the Company announced that it had been awarded a $150 million contract by the Department of Defense for its KIV-7M link encryptor, and respectfully refers the Court to the referenced report, which contains a complete and accurate statement of its contents.

255.     With respect to Paragraph 255, Ms. Argo admits that Plaintiffs brought this action on their own behalf and purportedly as a Class pursuant to Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure.

256.     Paragraph 256 states legal conclusions as to which no response is required.  To the extent a response is necessary, Ms. Argo denies the allegations.

257.     With respect to Paragraph 257, Ms. Argo admits that Plaintiffs purport to exclude the listed persons and entities from their definitions of the Class.

258.     With respect to Paragraph 258, Ms. Argo admits that prior to its acquisition, SafeNet was traded on the NASDAQ electronic exchange, respectfully refers the Court to trading records published by NASDAQ that reflect purported volumes of shares traded, and further admits that securities analysts published reports about SafeNet during the Class Period.  Ms. Argo lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 258, and denies the allegations on that basis.

259.     Paragraph 259 sets forth legal conclusions as to which no response is required, and Ms. Argo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 259, and on this basis the allegations are denied.  Ms. Argo respectfully refers the Court to SafeNet's records and documents with respect to the allegations in Paragraph 259 relating to shares of SafeNet, Inc. and Rainbow Technologies.

260.    Paragraph 260 sets forth legal conclusions as to which no response is required. To the extent a response is necessary, Ms. Argo denies the allegations.

261.    Paragraph 261 sets forth legal conclusions as to which no response is required, and Ms. Argo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 261, and the allegations are denied on this basis.

262.    Paragraph 262 sets forth legal conclusions to which no response is required, and to the extent a response is required, Ms. Argo denies that any Class or Subclass member suffered damages as a result of SafeNet's conduct, and otherwise denies the allegations in this Paragraph.

263.    Paragraph 263 sets forth legal conclusions to which no response is required. To the extent a response is necessary, Ms. Argo denies the allegations.

264.    Ms. Argo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 264, which purport to relate to Plaintiffs' state of mind, and the allegations are denied on this basis.

265.    Ms. Argo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 265, and denies the allegations on this basis.

266.    The first two lines of Paragraph 266 set forth a legal conclusion to which no response is required. To the extent a response is necessary, Ms. Argo denies the allegations. With respect to subparts (a) through (d) Ms. Argo admits that SafeNet traded on the NASDAQ listing, made periodic filings with the SEC, issued press releases and was followed by analysis, and otherwise denies the allegations.

267.    Ms. Argo denies the allegations in Paragraph 267.

## COUNT I

268.    Ms. Argo incorporates her responses to Paragraphs 1 through 267 as though fully set forth herein.

269.    To the extent the allegations in Paragraph 269 are directed to parties other than Ms. Argo, no response is required.  To the extent a response is required, Ms. Argo lacks knowledge or sufficient information to form a belief as to the truth of such allegations and, on that basis, such allegations are denied.   Otherwise, the allegations in Paragraph 269 set forth legal conclusions for which no response is required.  To the extent a response is required, Ms. Argo denies the allegations in Paragraph 269, except that she admits that SafeNet engaged in certain acts and conduct alleged in the Complaint and not denied herein, and that she pleaded guilty to a single count of securities fraud in connection with SafeNet stock options granted in October 2001 and, in connection with her plea, acknowledged that SafeNet's accounting for certain other stock option grants was wrong.

270.    To the extent the allegations in Paragraph 270 are directed to parties other than Ms. Argo, no response is required.  To the extent a response is required, Ms. Argo lacks knowledge or sufficient information to form a belief as to the truth of such allegations and, on that basis, such allegations are denied.  Otherwise, the allegations in Paragraph 270 set forth legal conclusions to which no response is required.  To the extent a response is necessary, Ms. Argo denies the allegations, except that she admits that SafeNet engaged in certain acts and conduct alleged in the Complaint and not denied herein, and that she pleaded guilty to a single count of securities fraud in connection with SafeNet stock options granted in October 2001 and, in connection with her plea, acknowledged that SafeNet's accounting for certain other stock option grants was wrong.

271.     Ms. Argo incorporates by reference her answer to Paragraph 270.

272.     Ms. Argo incorporates by reference her answer to Paragraph 270.

273.     Ms. Argo incorporates by reference her answer to Paragraph 270.

274.     Ms. Argo incorporates by reference her answer to Paragraph 270.

275.     Ms. Argo denies the allegations in Paragraph 275 as it relates to her.

276.     Ms. Argo denies the allegations in Paragraph 276.

277.     Paragraph 277 states legal conclusions for which no response is required.  To the extent a response is required, Ms. Argo denies the allegations in Paragraph 277.

278.     Ms. Argo denies the allegations in Paragraph 278.

279.     Ms. Argo denies the allegations in Paragraph 279.

280.     Ms. Argo denies the allegations in Paragraph 280.

## COUNT II

281.     Ms. Argo incorporates her responses to Paragraphs 1 through 280 as though fully set forth herein.

282.     Paragraph 282 states legal conclusions for which no response is required.  To the extent a response is required, Ms. Argo denies the allegations, except that she admits that she was an officer at SafeNet and that she pleaded guilty to a single count of securities fraud in connection with SafeNet stock options granted in October 2001 and, in connection with her plea, acknowledged that SafeNet's accounting for certain other stock option grants was wrong.

283.     Ms. Argo denies the allegations in Paragraph 283.

284.     Ms. Argo denies the allegations in Paragraph 284.

## COUNT III

285.    No response is required to this Paragraph because Plaintiffs' claims with respect to Count III been dismissed by the Court's Opinion and Order dated August 5, 2009.

286.    Ms. Argo incorporates by reference her answer to Paragraph 285.

287.    Ms. Argo incorporates by reference her answer to Paragraph 285.

288.    Ms. Argo incorporates by reference her answer to Paragraph 285.

289.    Ms. Argo incorporates by reference her answer to Paragraph 285.

290.    Ms. Argo incorporates by reference her answer to Paragraph 285.

291.    Ms. Argo incorporates by reference her answer to Paragraph 285.

292.    Ms. Argo incorporates by reference her answer to Paragraph 285.

293.    Ms. Argo incorporates by reference her answer to Paragraph 285.

294.    Ms. Argo incorporates by reference her answer to Paragraph 285.

## COUNT IV

295.    No response is required to this Paragraph because Plaintiffs' claims with respect to Count IV been dismissed by the Court's Opinion and Order dated August 5, 2009.

296.    Ms. Argo incorporates by reference her answer to Paragraph 295.

297.    Ms. Argo incorporates by reference her answer to Paragraph 295.

298.    Ms. Argo incorporates by reference her answer to Paragraph 295.

## COUNT V

299.    No response is required to this Paragraph because Ms. Argo is not named as a defendant in Count V and Plaintiffs' claims with respect to Count V been dismissed by the Court's order dated August 5, 2009.

300.    Ms. Argo incorporates by reference her answer to Paragraph 299.

301.     Ms. Argo incorporates by reference her answer to Paragraph 299.

302.     Ms. Argo incorporates by reference her answer to Paragraph 299.

303.     Ms. Argo incorporates by reference her answer to Paragraph 299.

304.     Ms. Argo incorporates by reference her answer to Paragraph 299.

305.     Ms. Argo incorporates by reference her answer to Paragraph 299.

306.     Ms. Argo incorporates by reference her answer to Paragraph 299.

## COUNT VI

307.     Ms. Argo denies Paragraph 307, other than to admit that it purports to describe the claim Plaintiffs allege.  The second sentence of Paragraph 307 sets forth a legal conclusion for which no response is required.

308.     Paragraph 308 sets forth a legal conclusion to which no response is required. To the extent a response is necessary, Ms. Argo denies the allegations.

309.     To the extent Paragraph 309 incorporates allegations pertaining to accounting issues unrelated to stock option grants that have been dismissed by the Court's Order and Opinion dated August 5, 2009, no response is required.  Ms. Argo denies the remainder of the allegations in Paragraph 309.

310.     To the extent Paragraph 310 incorporates allegations pertaining to accounting issues unrelated to stock option grants that have been dismissed by the Court's Order and Opinion dated August 5, 2009, no response is required.  Paragraph 310 also sets forth legal conclusions as to which no response is required.  To the extent a response is required, Ms. Argo incorporates by reference her responses to ¶¶ 1 to 244 and ¶¶ 255-67, and otherwise denies the allegations.

311.    With respect to Paragraph 311, Ms. Argo admits that SafeNet issued a press release on October 22, 2003 and that its stock price closed at $41.02 that same day.  Ms. Argo respectfully refers the Court to the referenced press release, which contains a complete and accurate statement of its contents, and otherwise denies the allegations.

312.    The first, second and third sentences of Paragraph 312 refer to filings made by SafeNet with the SEC, and Ms. Argo respectfully refers the Court to these filings, which contain a complete and accurate statement of their contents.  To the extent the fourth sentence incorporates allegations pertaining to accounting issues unrelated to stock option grants that have been dismissed by the Court's Order and Opinion dated August 5, 2009, no response is required. To the extent the fourth sentence sets forth legal conclusions, no response is required.  To the extent a response is required, Ms. Argo denies the allegation.

313.    Paragraph 313 refers to filings made by SafeNet with the SEC, and Ms. Argo respectfully refers the Court to these filings, which contain a complete and accurate statement of their contents.  To the extent the third sentence incorporates allegations pertaining to accounting issues unrelated to stock option grants that have been dismissed by the Court's Order and Opinion dated August 5, 2009 or sets forth legal conclusions, no response is required.  To the extent a response is required, Ms. Argo denies the allegation.

314.    The first, second, third and fourth sentences of Paragraph 314 refer to filings made by SafeNet with the SEC, and Ms. Argo respectfully refers the Court to these filings, which contain a complete and accurate statement of their contents.  Ms. Argo admits that SafeNet's stock price closed at $39.99 on February 9, 2004, and otherwise denies the allegations.

315.    With respect to Paragraph 315, Ms. Argo respectfully refers the Court to the referenced SEC filing, which contains a complete and accurate statement of its contents.

316.     Ms. Argo admits that the shareholders of Rainbow approved SafeNet's acquisition of Rainbow.  The third sentence of Paragraph 316 sets forth a legal conclusion for which no response is required.  To the extent a response is required, Ms. Argo denies the allegation.

317.     With respect to Paragraph 317, Ms. Argo admits that SafeNet acquired Rainbow Technologies and that SafeNet's stock price closed at $37.34 on March 16, 2004.  Ms. Argo respectfully refers the Court to the documents related to the Rainbow acquisition, which contain a complete and accurate statement of the terms of the acquisition, and otherwise denies the allegations.

318.     To the extent Paragraph 318 incorporates allegations pertaining to accounting issues unrelated to stock option grants that have been dismissed by the Court's Order and Opinion dated August 5, 2009, no response is required.  Paragraph 318 also sets forth legal conclusions as to which no response is required.  To the extent a response is required, Ms. Argo denies the allegations.

319.     To the extent Paragraph 319 incorporates allegations pertaining to accounting issues unrelated to stock option grants that have been dismissed by the Court's Order and Opinion dated August 5, 2009, no response is required.  The remaining allegations in Paragraph 319 set forth legal conclusions to which no response is required.  To the extent a response is necessary, Ms. Argo denies the allegations, except that she admits that she pleaded guilty to a single count of securities fraud in connection with SafeNet stock options granted in October 2001 and, in connection with her plea, acknowledged that SafeNet's accounting for certain other stock option grants was wrong and states that she is aware that SafeNet has concluded that the

accounting for certain option grants was incorrect.  Ms. Argo respectfully refers the Court to the referenced SafeNet SEC filing, which contains a complete and accurate statement of its contents.

320.    With respect to Paragraph 320, Ms. Argo respectfully refers the Court to the referenced SafeNet SEC filing, which contains a complete and accurate statement of its contents. Otherwise, the allegations in Paragraph 320 set forth legal conclusions to which no response is required.  To the extent a response is necessary, Ms. Argo denies the allegations, except that she admits that she pleaded guilty to a single count of securities fraud in connection with SafeNet stock options granted in October 2001 and, in connection with her plea, acknowledged that SafeNet's accounting for certain other stock option grants was wrong.

321.    To the extent Paragraph 321 incorporates allegations pertaining to accounting issues unrelated to stock option grants that have been dismissed by the Court's Order and Opinion dated August 5, 2009, no response is required.  Otherwise, the allegations in Paragraph 321 set forth legal conclusions to which no response is required.  To the extent a response is necessary, Ms. Argo denies the allegations, except that she admits that she pleaded guilty to a single count of securities fraud in connection with SafeNet stock options granted in October 2001 and, in connection with her plea, acknowledged that SafeNet's accounting for certain other stock option grants was wrong.  Ms. Argo respectfully refers the Court to the referenced SafeNet SEC filing, which contains a complete and accurate statement of its contents.

322.    Paragraph 322 sets forth legal conclusions for which no response is required. To the extent a response is required, Ms. Argo denies the allegations, except she admits that she participated in the preparation of the referenced proxy and prospectus and recommended that the Rainbow shareholders approve the acquisition.

323.     To the extent Paragraph 323 incorporates allegations pertaining to accounting issues unrelated to stock option grants that have been dismissed by the Court's Order and Opinion dated August 5, 2009, no response is required.  Otherwise, Paragraph 323 sets forth legal conclusions for which no response is required.  To the extent a response is required, Ms. Argo denies the allegations.

324.     To the extent Paragraph 324 incorporates allegations pertaining to accounting issues unrelated to stock option grants that have been dismissed by the Court's Order and Opinion dated August 5, 2009, no response is required.  Otherwise, Paragraph 324 sets forth legal conclusions for which no response is required.  To the extent a response is required, Ms. Argo denies the allegations.

325.     To the extent Paragraph 325 incorporates allegations pertaining to accounting issues unrelated to stock option grants that have been dismissed by the Court's Order and Opinion dated August 5, 2009, no response is required.  Otherwise, Paragraph 325 sets forth legal conclusions for which no response is required.  To the extent a response is required, Ms. Argo denies the allegations.

<u>**COUNT VII**</u>

326.     To the extent Paragraph 326 incorporates allegations pertaining to accounting issues unrelated to stock option grants that have been dismissed by the Court's Order and Opinion dated August 5, 2009, no response is required.  Paragraph 326 also sets forth legal conclusions as to which no response is required.  To the extent a response is required, Ms. Argo incorporates by reference her responses to ¶¶ 307 to 325, and otherwise denies the allegations.

327.     To the extent Paragraph 327 incorporates allegations pertaining to accounting issues unrelated to stock option grants that have been dismissed by the Court's Order and

Opinion dated August 5, 2009, no response is required.  The remaining allegations in Paragraph 327 set forth legal conclusions for which no response is required.  To the extent a response is required, Ms. Argo denies the allegations.

328.    To the extent Paragraph 328 incorporates allegations pertaining to accounting issues unrelated to stock option grants that have been dismissed by the Court's Order and Opinion dated August 5, 2009, no response is required.  The remaining allegations in Paragraph 328 set forth legal conclusions for which no response is required.  To the extent a response is required, Ms. Argo denies the allegations, except that she admits that she pleaded guilty to a single count of securities fraud in connection with SafeNet stock options granted in October 2001 and, in connection with her plea, acknowledged that SafeNet's accounting for certain other stock option grants was wrong.

329.    Ms. Argo lacks knowledge or sufficient information to form a belief as to the truth of the allegations of Paragraph 329 relating to the state of mind of Plaintiff Golde or any other purported Class member, and otherwise denies the allegations.

330.    Ms. Argo admits the allegations in Paragraph 330.

331.    With respect to Paragraph 331, Ms. Argo admits that Plaintiffs brought this claim within three years after SafeNet common stock was issued to Rainbow Subclass members in connection with the Rainbow acquisition, and admits that Plaintiff Golde and other members of the purported Rainbow Subclass obtained their shares before SafeNet made available to its shareholders an earnings statement covering a period of at least twelve months after the effective date of the Rainbow Registration Statement.  Ms. Argo lacks knowledge or sufficient information to form a belief as to the truth the allegation that this claim was brought within one

year after the purported discovery of any untrue statements in the Rainbow Registration Statement or Rainbow Proxy/Prospectus, and on that basis denies the allegation.

332.     To the extent Paragraph 332 incorporates allegations pertaining to accounting issues unrelated to stock option grants that have been dismissed by the Court's Order and Opinion dated August 5, 2009, no response is required.  Otherwise, Paragraph 332 sets forth legal conclusions for which no response is required.  To the extent a response is required, Ms. Argo denies the allegations.

333.     To the extent Paragraph 333 incorporates allegations pertaining to accounting issues unrelated to stock option grants that have been dismissed by the Court's Order and Opinion dated August 5, 2009, no response is required.  Otherwise, Paragraph 333 sets forth legal conclusions for which no response is required.  To the extent a response is required, Ms. Argo denies the allegations.

## COUNT VII

334.     To the extent Paragraph 334 incorporates allegations pertaining to accounting issues unrelated to stock option grants that have been dismissed by the Court's Order and Opinion dated August 5, 2009, no response is required.  Paragraph 334 also sets forth legal conclusions as to which no response is required.  To the extent a response is required, Ms. Argo incorporates by reference her responses to ¶¶ 307 to 333, and otherwise denies the allegations.

335.     Ms. Argo denies the allegations in Paragraph 335, except she admits that she participated in the preparation of the referenced proxy and prospectus, including attending meetings with senior management of Rainbow, negotiating certain terms of the merger agreement on SafeNet's behalf, including the exchange ratio; soliciting shareholder approval and

market support for the acquisition via contacts with investors; and drafting, revising and approving the proxy and prospectus.

336.     To the extent Paragraph 336 incorporates allegations pertaining to accounting issues unrelated to stock option grants that have been dismissed by the Court's Order and Opinion dated August 5, 2009, no response is required.  The remaining allegations in Paragraph 336 set forth legal conclusions for which no response is required.  To the extent a response is required, Ms. Argo incorporates the answers above to the other allegations in the Complaint as if set forth fully herein and otherwise denies the allegations.

337.     Ms. Argo lacks knowledge or sufficient information to form a belief as to the truth of the allegations of Paragraph 337 regarding the knowledge or Plaintiff Golde or any other purported Class member, and otherwise denies the allegations.

338.     To the extent Paragraph 338 incorporates allegations pertaining to accounting issues unrelated to stock option grants that have been dismissed by the Court's Order and Opinion dated August 5, 2009, no response is required.  The remaining allegations in Paragraph 338 set forth legal conclusions for which no response is required.  To the extent a response is required, Ms. Argo denies the allegations, except that she admits that she pleaded guilty to a single count of securities fraud in connection with SafeNet stock options granted in October 2001 and, in connection with her plea, acknowledged that SafeNet's accounting for certain other stock option grants was wrong.

339.     With respect to Paragraph 339, Ms. Argo admits that Plaintiffs brought this claim within three years after SafeNet common stock was issued to Rainbow Subclass members in connection with the Rainbow acquisition, and admits that Plaintiff Golde and other members of the purported Rainbow Subclass obtained their shares before SafeNet made available to its

shareholders an earnings statement covering a period of at least twelve months after the effective

date of the Rainbow Registration Statement.  Ms. Argo lacks knowledge or sufficient

information to form a belief as to the truth the allegation that this claim was brought within one

year after the purported discovery of any untrue statements in the Rainbow Registration

Statement or Rainbow Proxy/Prospectus, and on that basis denies the allegation.

340.    To the extent Paragraph 340 incorporates allegations pertaining to accounting

issues unrelated to stock option grants that have been dismissed by the Court's Order and

Opinion dated August 5, 2009, no response is required.  Otherwise, Paragraph 340 sets forth

legal conclusions for which no response is required.  To the extent a response is required, Ms.

Argo denies the allegations.

341.    Ms. Argo denies that any member of the Rainbow Subclass continues to hold

SafeNet stock, and thus denies the allegations in Paragraph 341.

## COUNT VIII

342.    To the extent Paragraph 342 incorporates allegations pertaining to accounting

issues unrelated to stock option grants that have been dismissed by the Court's Order and

Opinion dated August 5, 2009, no response is required.  Paragraph 342 also sets forth legal

conclusions as to which no response is required.  To the extent a response is required, Ms. Argo

incorporates by reference her responses to ¶¶ 307 to 341, and otherwise denies the allegations.

343.    Paragraph 343 sets forth  legal conclusions as to which no response by Ms.

Argo is required.  To the extent a response is required, Ms. Argo denies the allegations.

344.    To the extent Paragraph 344 incorporates allegations pertaining to accounting

issues unrelated to stock option grants that have been dismissed by the Court's Order and

Opinion dated August 5, 2009, no response is required.  The remainder of the allegations in

Paragraph 344 set forth legal conclusions for which no response is required. To the extent a response is required, Ms. Argo incorporates the answers above to the other allegations in the Complaint as if set forth fully herein and otherwise denies the allegations.

345.     Paragraph 345 sets forth legal conclusions as to which no response by Ms. Argo is required. To the extent a response is required, Ms. Argo denies the allegations.

346.     Ms. Argo admits that she participated in the negotiation of the terms of the Rainbow Acquisition, that she attended meetings related to the acquisition, and that SafeNet retained outside advisors in connection therewith. Ms. Argo otherwise denies the allegations in Paragraph 346.

347.     To the extent Paragraph 347 incorporates allegations pertaining to accounting issues unrelated to stock option grants that have been dismissed by the Court's Order and Opinion dated August 5, 2009, no response is required. The remaining allegations in Paragraph 347 set forth legal conclusions for which no response is required. To the extent a response is required, Ms. Argo denies the allegations, except that she admits that she pleaded guilty to a single count of securities fraud in connection with SafeNet stock options granted in October 2001 and, in connection with her plea, acknowledged that SafeNet's accounting for certain other stock option grants was wrong.

348.     With respect to Paragraph 348, Ms. Argo admits that Plaintiffs brought this claim within three years after SafeNet common stock was issued to Rainbow Subclass members in connection with the Rainbow acquisition. Ms. Argo lacks knowledge or information sufficient to form a belief as to the truth the allegation that this claim was brought within one year after the purported discovery of any untrue statements in the Rainbow Registration Statement or Rainbow Proxy/Prospectus, and on that basis denies the allegation.

349.     Paragraph 349 sets forth legal conclusions as to which no response by Ms. Argo is required. To the extent a response is required, Ms. Argo denies the allegations.

<u>Unnumbered</u>. No response is required to Plaintiffs' prayer for relief, but Ms. Argo denies said prayer to the extent a response is required.

Ms. Argo denies all of the allegations of the Complaint not specifically admitted above.

## DEFENSES

In asserting the following defenses, Ms. Argo does not assume any burden of proof with respect to any issue where the applicable law places the burden upon Plaintiffs. Ms. Argo sets forth her defenses as follows:

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted against Ms. Argo and, as noted above, many of the claims in the Complaint were dismissed for failure to state a claim by the Court's order dated August 5, 2009.

## SECOND DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs lack standing to pursue the claims alleged against Ms. Argo.

## THIRD DEFENSE

Plaintiffs cannot establish that Ms. Argo's conduct caused them any injury.

## FOURTH DEFENSE

Plaintiffs were not damaged by Ms. Argo's conduct.

## FIFTH DEFENSE

The Complaint is not sufficiently particularized to satisfy the requirements of the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act.

## SIXTH DEFENSE

This action is not properly maintainable as a class action.

## SEVENTH DEFENSE

Plaintiffs' claims are barred by the applicable statute of limitations.

## EIGHTH DEFENSE

None of the conduct alleged in the Complaint was material to the investment decisions of reasonable investors.

## NINTH DEFENSE

The claims asserted in the Complaint are barred because Plaintiffs have sustained no legally cognizable damage by virtue of any misrepresentation or omission alleged in the Complaint. Such alleged misrepresentations and omissions did not cause or were not a material causal factor in the drop in SafeNet's stock price or value of which Plaintiffs complain.

## TENTH DEFENSE

Under any theory of liability, Plaintiffs may not recover damages based on depreciation in value of SafeNet stock that resulted from factors other than the allegedly material misstatements or omissions cited in the Complaint.

## ELEVENTH DEFENSE

Plaintiff's losses, if any, were caused by market factors, superseding or intervening causes, and other factors for which Ms. Argo is not responsible, or acts of other persons for which Ms. Argo is not responsible, and did not result from any acts or omissions of Ms. Argo.

## TWELFTH DEFENSE

The claims asserted in the Complaint are barred in whole or in part because Plaintiffs did not actually or reasonably rely on SafeNet's relevant public filings and press releases alleged in

the Complaint to be materially false or misleading when made.

## THIRTEENTH DEFENSE

To the extent the Complaint challenges any statements attributable to Ms. Argo that were forward-looking statements or other cautionary statements, Plaintiffs' claims are barred, in whole or in part, because such statements are protected by the Safe Harbor provisions of the PSLRA and/or by the bespeaks caution doctrine. Such statements were made without actual knowledge that the statement was false or misleading, were accompanied by meaningful cautionary statements identifying important factors that could cause actual results to differ materially from those in the forward-looking statement, and constitute expressions of honest opinion or corporate optimism.

## FOURTEENTH DEFENSE

Plaintiffs failed to exercise due care or mitigate their damages with respect to the transactions or purchases that allegedly form the basis of the claims against SafeNet.

## FIFTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that they would have purchased SafeNet securities even with full knowledge of the facts that they allege were misrepresented or omitted.

## SIXTEENTH DEFENSE

Plaintiffs are not entitled to any recovery from Ms. Argo because the actions or inactions of Ms. Argo were not the sole or partial cause of any decision by any Plaintiffs to purchase SafeNet securities.

## SEVENTEENTH DEFENSE

Plaintiffs are not entitled to any recovery or remedy for their purported claims against

Ms. Argo to the extent that they (or persons acting on their behalf) knew, or in the exercise of reasonable diligence or care should have known, the facts concerning the allegedly material misstatements or omissions cited in the Complaint.

### EIGHTEENTH DEFENSE

To the extent Plaintiffs seek to establish reliance based on a "fraud on the market" presumption of market efficiency, such a presumption is inapplicable to the extent the markets for the SafeNet securities upon which Plaintiffs base their claims were not efficient.

### NINETEENTH DEFENSE

Plaintiffs assumed the risk that the market value of the SafeNet securities they purchased might decline as a result of unforeseeable events beyond the control of Ms. Argo.

### TWENTIETH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because of the lack of transaction causation and/or loss causation.

### TWENTY-FIRST DEFENSE

The claims asserted in the Complaint are barred to the extent that they have been settled, compromised, released, or otherwise discharged.

### TWENTY-SECOND DEFENSE

The claims asserted in the Complaint are barred because Ms. Argo had, after a reasonable and diligent investigation, reasonable grounds to believe, and did believe, at the time its registration statements and prospectuses became effective, that certain of the representations in the registration statements and prospectuses that Plaintiffs challenge were true and that as to those representations there were no misstatements of material fact or omissions of material fact that were necessary to make the representations therein not misleading.

## TWENTY-THIRD DEFENSE

Ms. Argo is not liable for Plaintiff's claims because, with respect to certain matters, she relied in good faith upon the professional judgments of SafeNet's internal and outside auditors as to issues which she reasonably believed to be within such persons' professional or expert competence.

## TWENTY-FOURTH DEFENSE

Ms. Argo is not liable for Plaintiff's claims because, with respect to certain matters, she relied in good faith upon the information, opinions, reports or statements prepared or presented by one or more officers or employees of the Company whom Ms. Argo reasonably believed to be reliable and competent in the matters presented.

## TWENTY-FIFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that the damages sought exceed those permitted under the 1933 Act, the 1934 Act, or any other applicable rule or regulation promulgated thereunder.

## TWENTY-SIXTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs benefited in any manner from the alleged inflated market price of the SafeNet securities.

## TWENTY-SEVENTH DEFENSE

Plaintiffs' claims for equitable relief are barred, in whole or in part, because Plaintiffs have adequate remedies at law.

## TWENTY-EIGHTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by various doctrines, including estoppel, unclean hands, *in pari delicto,* waiver, laches, undue delay, ratification and affirmance.

## TWENTY-NINTH DEFENSE

Ms. Argo hereby gives notice that she intends to rely upon such other and further defenses as may become available or apparent during pre-trial proceedings in this case and hereby reserves her rights to amend her answer and assert such defenses.

## THIRTIETH DEFENSE

Ms. Argo is entitled to receive contribution and/or indemnity from others for any liability she incurs.

## THIRTY-FIRST DEFENSE

Plaintiffs are not entitled to attorneys' fees under any act or theory upon which the Plaintiffs' claims are based.

## THIRTY-SECOND DEFENSE

Any award of punitive or exemplary damages would violate the procedural and/or substantive due process safeguards provided under the Fifth, Sixth, Eighth and/or Fourteenth Amendments to the Constitution of the United States and/or under the Constitution of the State of Maryland and/or various federal and state statutes and regulations.

## THIRTY-THIRD DEFENSE

Ms. Argo is not liable to the extent the acts or omissions alleged in the Complaint relate to any portion of the referenced registration statements and prospectuses that were reviewed by experts retained to assist in preparing the registration statements and prospectuses, as to which Ms. Argo conducted a reasonable and diligent investigation.

* * * * *

Ms. Argo reserves the right to amend her Answer to add any additional defenses, cross-claims, and third-party claims not asserted herein of which she may become aware through

discovery or other investigation.

## **PRAYER FOR RELIEF**

WHEREFORE, Ms. Argo prays (a) that judgment be entered dismissing the Consolidated Amended Complaint on the merits, in its entirety and with prejudice, (b) that Plaintiffs take nothing by reason of the Complaint herein, (c) that Ms. Argo recover her expenses, costs, and attorneys' fees in connection with this lawsuit, (d) for a jury of 12 persons on any triable issues, and (e) that this Court grant such other relief as it deems just and appropriate.

Dated: October 7, 2009                        Respectfully Submitted

By:    /s/ Paul A. Engelmayer

Paul A. Engelmayer
WILMER CUTLER PICKERING HALE AND
DORR LLP
399 Park Avenue
New York, NY 10022
Telephone: (212) 230-8800
paul.engelmayer@wilmerhale.com

Matthew B. Holmwood (pro hac vice)
WILMER CUTLER PICKERING HALE AND
DORR LLP
1875 Pennsylvania Avenue NW
Washington, D.C. 20006
Telephone: (202) 663-6000
matthew.holmwood@wilmerhale.com

Benjamin C. Brown (pro hac vice)
WILMER CUTLER PICKERING HALE AND
DORR LLP
1875 Pennsylvania Avenue NW
Washington, D.C. 20006
Telephone: (202) 663-6000
ben.brown@wilmerhale.com

*Attorneys for Defendant*
*Carole D. Argo*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on this 7th day of October 2009, I caused the foregoing **DEFENDANT CAROLE D. ARGO'S ANSWER TO THE CONSOLIDATED AMENDED CLASS ACTION COMPLAINT** to be filed electronically.  I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

By:  ___/s/ Paul A. Engelmayer_____

Paul A. Engelmayer
WILMER CUTLER PICKERING HALE
AND DORR LLP
399 Park Avenue
New York, NY 10022
Telephone: (212) 230-8800
paul.engelmayer@wilmerhale.com