USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: March 12, 2010

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

POLEE AND FIRE RETIREMENT SYSTEM OF          :
THE CITY OF DETROIT, PLYMOUTH COUNTY
RETIREMENT SYSTEM, STATE-BOSTON              :
RETIREMENT SYSTEM, and MICHAEL GOLDE,
On Behalf of Themselves and All Others       :
Similarly Situated,
                                             :
           Plaintiffs,                              06 Civ. 5797 (PAC)
                                             :
     -against-                                      OPINION & ORDER
                                             :

SAFENET, INC., ANTHONY A. CAPUTO,            :
KENNETH A. MUELLER, CAROLE D. ARGO,
THOMAS A. BROOKS, IRA A. HUNT, Jr., BRUCE    :
R. THAW, ARTHUR L. MONEY, SHELLEY A.
HARRISON, and ANDREW E. CLARK,               :

           Defendants.                       :

------------------------------------------------------------------------X

HONORABLE PAUL A. CROTTY, United States District Judge:

Plaintiffs The Police and Fire Retirement System of Detroit, Plymouth County Retirement System, the State-Boston Retirement System, and Michael Golde ("Plaintiffs") instituted this securities-fraud class action against SafeNet Inc. ("SafeNet"), six of the company's former directors, and three of its former officers ("Defendants"). On May 18, 2006, prior to the commencement of this action, SafeNet announced that it was under investigation by the Securities and Exchange Commission (the "SEC") and the United States Attorney's Office for the Southern District of New York (the "USAO"). During the course of that investigation, SafeNet produced both privileged and non-privileged documents. The privileged materials include: (i) thirty-nine interview memoranda prepared by counsel in anticipation of litigation,

1

and (ii) a report of SafeNet's Special Litigation Committee, summarizing counsel's conclusions and recommendations regarding the investigation (together, the "Privileged Materials").

At the outset of discovery in this action, SafeNet agreed to produce non-privileged documents that it had previously produced to the SEC and USAO.  On February 22, 2010, Plaintiffs wrote to the Court seeking to compel the production of the Privileged Materials.  The Court denies Plaintiffs' request.

SafeNet produced the Privileged Materials to the SEC and USAO pursuant to confidentiality agreements (the "Confidentiality Agreements").  The Confidentiality Agreements contain a non-waiver provision that preserves SafeNet's privilege claims against subsequent third-party private litigants regarding the Privileged Materials.  Plaintiffs argue that – notwithstanding the Confidentiality Agreements – by producing the Privileged Materials, SafeNet waived any right to assert either the attorney client privilege or attorney work product doctrine.  SafeNet argues, in response, that the Court should apply the selective waiver doctrine, which permits the holder of attorney-client and work-product protections to produce privileged material to government investigators and still retain privilege claims as to private third-party litigants.  According to SafeNet, its disclosure of the Privileged Materials to the SEC and USAO pursuant to the Confidentiality Agreements did not waive its right to assert privilege claims against private third party litigants like Plaintiffs.

The Second Circuit has declined to adopt a <u>per se</u> rule against selective waiver, instead holding that courts should assess selective waiver on a case-by-case basis. <u>In re Steinhardt Partners, L.P.</u>, 9 F.3d 230, 236 (2d Cir. 1993).  The <u>Steinhardt</u> Court reasoned that a <u>per se</u> rule against selective waiver would not account for situations where, like here, "the SEC and the disclosing party have entered into an explicit agreement that the SEC will maintain the

confidentiality of the disclosed materials." Id.  Steinhardt did not hold that entering into a confidentiality agreement necessarily preserves the disclosing party's right to assert discovery privileges against subsequent private litigants, but the Court's language is nevertheless suggestive, prompting district courts within the Second Circuit to give the existence of confidentiality agreements weighty consideration in rendering selective waiver decisions. See e.g.,United States v. Wilson, 493 F.Supp. 2d 348, 362-63 (E.D.N.Y. 2006); In re Natural Gas Commodities Litig., 232 F.R.D. 208, 211 (S.D.N.Y. 2005); Maruzen Co. v. HBSC USA, Inc., 2002 U.S. Dist. LEXIS 13288, at *5 (S.D.N.Y. 2002); In re Leslie Fay Cos. Sec. Litig., 161 F.R.D. 274, 284 (S.D.N.Y. 1995).

In arguing against applying the selective waiver doctrine, Plaintiffs rely heavily on Judge Scheindlin's decision In re Initial Pub. Offering Sec. Litig., 249 F.R.D. 457, 458 (S.D.N.Y. 2008) (holding that, despite a confidentiality agreement, voluntary disclosure of attorney work product to a governmental investigative body waives privilege absent special circumstances).  In that case, however, Judge Scheindlin noted that the disclosing party made "repeated voluntary disclosures to adversarial parties." Id. at 466.  Here, by contrast, SafeNet has not undermined the confidentiality of the Privileged Materials through repeated voluntary disclosures to adversarial parties.

The factual circumstances in this case favor applying the selective waiver doctrine. SafeNet produced the Privileged Materials to the government, not private litigants, pursuant to Confidentiality Agreements that provide for non-wavier.  The Court recognizes SafeNet's expectations of confidentiality.  There is a strong public interest in encouraging disclosure and cooperation with law enforcement agencies; violating a cooperating party's confidentiality expectations jeopardizes this public interest.  Plaintiffs have not demonstrated a pressing need for

3

the Privileged Materials: they have access to the underlying factual documents; the Privileged Materials consist only of counsel's analytical processes. Accordingly, under Steinhardt's case-specific selective waiver test, Plaintiffs' request to compel production of the Privileged Materials is DENIED.

Dated: New York, New York
       March 11, 2010

SO ORDERED

PAUL A. CROTTY
United States District Judge