## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| POLICE AND FIRE RETIREMENT SYSTEM OF THE CITY OF DETROIT, PLYMOUTH COUNTY RETIREMENT SYSTEM, STATE-BOSTON RETIREMENT SYSTEM, and MICHAEL GOLDE, On Behalf of Themselves and All Others Similarly Situated, <br><br>       Plaintiffs, <br><br> v. <br><br> SAFENET, INC., ANTHONY A. CAPUTO, KENNETH A. MUELLER, CAROLE D. ARGO, THOMAS A. BROOKS, IRA A. HUNT, Jr., BRUCE R. THAW, ARTHUR L. MONEY, SHELLEY A. HARRISON, and ANDREW E. CLARK <br><br> Defendants. | Lead Case No. 06 Civ. 5797 (PAC) <br> **DEFENDANT ANTHONY A. CAPUTO'S ANSWER TO THE SECOND CONSOLIDATED AMENDED CLASS ACTION COMPLAINT** |

Defendant Anthony A. Caputo, by and through his undersigned counsel, hereby answers the Second Consolidated Amended Class Action Complaint ("Complaint") in the above-captioned action as follows:

In addition to the numbered paragraphs, the Complaint contains an introduction and various section headings. No response is required to these elements of the Complaint. To the extent a response is deemed required, Mr. Caputo denies any allegations contained therein.

Mr. Caputo notes that on August 5, 2009, this Court issued an order granting, in part, Defendants' Motion to Dismiss, and that Order dismisses certain of Plaintiffs' claims and allegations. Furthermore, additional claims and allegations set forth in the Complaint have been dismissed by stipulation of the parties. Mr. Caputo answers the Complaint in its entirety, but, where appropriate, asserts that certain claims or allegations are no longer valid.

1.      To the extent that paragraph 1 alleges conduct by Defendants other than Mr. Caputo, no response is required. To the extent that paragraph 1 alleges conduct by Mr. Caputo, Mr. Caputo denies the allegations in paragraph 1.

2.      Mr. Caputo admits the first sentence of paragraph 2. To the extent that paragraph 2 purports to characterize statements allegedly made by Mr. Caputo within an April 22, 2003 SafeNet press release, or materials contained within SafeNet's public financial reports, Mr. Caputo refers to those cited documents for their full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 2.

3.      Paragraph 3 does not allege conduct by Mr. Caputo, therefore no response is required. Furthermore, the statements in paragraph 3 that concern non-stock option related fraud allegations refer to claims that have been dismissed, and require no response. To the extent that the remaining allegations in paragraph 3 require a response, Mr. Caputo denies them.

4.      Paragraph 4 does not allege conduct by Mr. Caputo, therefore no response is required.  Furthermore, paragraph 4 does not assert facts that might be admitted or denied but rather sets forth Plaintiffs' characterization of "options backdating."  To the extent a response is deemed required, Mr. Caputo denies the allegations in paragraph 4.

5.      Paragraph 5 does not allege conduct by Mr. Caputo, therefore no response is required.  Furthermore, paragraph 5 does not allege facts but purports to characterize certain unnamed SEC and GAAP rules relating to "option grants."  To the extent that a response is deemed required, Mr. Caputo refers to the alleged SEC and GAAP rules cited in paragraph 5 for their full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 5.

6.      To the extent that paragraph 6 alleges conduct by Defendants other than Mr. Caputo, no response is required.  To the extent that paragraph 6 alleges conduct by Mr. Caputo, Mr. Caputo denies the allegations in paragraph 6.

7.      Paragraph 7 does not allege conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo refers to the cited SafeNet and SEC Forms 10-K for their full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 7.

8.      Paragraph 8 sets forth allegations in support of claims that have been dismissed, therefore no response is required.  To the extent a response is deemed required, Mr. Caputo denies the allegations in paragraph 8.

9.      Mr. Caputo denies the statement in the first sentence of paragraph 9 that alleges that Mr. Caputo was involved in a "fraudulent scheme."  With respect to the allegations concerning certain SafeNet disclosures, Mr. Caputo refers to the disclosures themselves for their

full and complete contents, including their dates of issuance.  With respect to the allegations concerning SafeNet's stock price on certain dates, Mr. Caputo refers to the published stock price of SafeNet stock on those dates.  Mr. Caputo otherwise denies the allegations in paragraph 9.

10.    Paragraph 10 does not allege conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo refers to each of the SafeNet public disclosures cited in paragraph 10 for its full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 10.

11.    Paragraph 11 does not allege conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo denies the allegations in paragraph 11.

12.    The first two sentences of paragraph 12 do not contain allegations concerning conduct by Mr. Caputo, therefore no response is required.  The last sentence of paragraph 12 does not assert facts and constitutes a speculative statement to which no response is required.  To the extent that further response is required, Mr. Caputo denies the allegations in paragraph 12.

13.    Mr. Caputo refers to the SEC complaint cited in paragraph 13 for its full and complete contents, the allegations of which Mr. Caputo neither admitted nor denied, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 13.

14.    Mr. Caputo refers to the SEC complaint cited in paragraph 14 for its full and complete contents, the allegations of which Mr. Caputo neither admitted nor denied, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 14.

15.    Mr. Caputo refers to the SEC complaint cited in paragraph 15 for its full and complete contents, the allegations of which Mr. Caputo neither admitted nor denied, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 15.

16.     Paragraph 16 sets forth allegations in support of claims that have been dismissed, therefore no response is required.  To the extent a response is deemed required, Mr. Caputo refers to the SEC complaint cited in paragraph 16 for its full and complete contents, the allegations of which Mr. Caputo neither admitted nor denied, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 16.

17.     Mr. Caputo refers to the SEC complaint cited in paragraph 17 for its full and complete contents, the allegations of which Mr. Caputo neither admitted nor denied, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 17.

18.     Mr. Caputo refers to the cited November 12, 2009, SEC press release for its full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 18.

19.     Mr. Caputo refers to the cited November 12, 2009, SEC press release for its full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 19.

20.     Mr. Caputo denies the allegations in paragraph 20.

21.     Paragraph 21 does not allege conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo denies the allegations in paragraph 21.

22.     Mr. Caputo denies the allegations in paragraph 22.

23.     The first two sentences of paragraph 23 state legal conclusions to which no response is required.  Mr. Caputo denies the remaining allegations in paragraph 23.

24.     Paragraph 24 asserts legal conclusions to which no response is required.  To the extent that a response is deemed required, Mr. Caputo admits that the Court has subject matter jurisdiction over this matter.

25.     Paragraph 25 asserts legal conclusions to which no response is required.  To the extent that a response is deemed required, Mr. Caputo denies that venue is proper in this District.

26.     Paragraph 26 asserts legal conclusions to which no response is required.  To the extent that a response is deemed required, Mr. Caputo denies the allegations in paragraph 26.

27.     Mr. Caputo lacks sufficient information to admit or deny the assertions in paragraph 27 concerning Detroit Police and Fire, and therefore denies those allegations.

28.     Mr. Caputo lacks sufficient information to admit or deny the assertions in paragraph 28 concerning Plymouth and therefore denies those allegations.

29.     Mr. Caputo lacks sufficient information to admit or deny the assertions in paragraph 29 concerning Boston Retirement and therefore denies those allegations.

30.     Mr. Caputo admits the allegation in paragraph 30.

31.     Mr. Caputo lacks sufficient information to admit or deny the assertions in paragraph 31 concerning Plaintiff Golde and therefore denies those allegations.

32.     Mr. Caputo admits the allegations in the first, third and fourth sentence of paragraph 32.  Mr. Caputo lacks sufficient information to admit or deny the allegation in the second sentence of paragraph 32 and therefore denies that allegation.

33.     Mr. Caputo admits the first sentence of paragraph 33, and denies the second and third sentences of paragraph 33.  Mr. Caputo admits that he signed the Rainbow Registration Statement and that in his capacity as SafeNet's CEO he signed certain of the company's SEC Form 10-Ks and 10-Qs.  Mr. Caputo refers to the SEC complaint for its full and complete

contents, the allegations of which Mr. Caputo has neither admitted nor denied, and denies any allegations inconsistent therewith. Mr. Caputo further refers to the October 18, 2006 SafeNet press release for it full and complete contents, and denies any allegations inconsistent therewith. Mr. Caputo otherwise denies the allegations in paragraph 33.

34.     Paragraph 34 does not allege conduct by Mr. Caputo, therefore no response is required. To the extent that a response is deemed required, Mr. Caputo denies the allegations in paragraph 34.

35.     Paragraph 35 does not allege conduct by Mr. Caputo, therefore no response is required. To the extent that a response is deemed required, Mr. Caputo, based on information and belief, admits to the first, second, and sixth sentences. Moreover, in response to the seventh sentence, Mr. Caputo, based on information and belief, admits that SafeNet announced, on April 6, 2006, that Mr. Mueller was leaving SafeNet. In response to the fifth sentence, Mr. Caputo refers to the SEC complaint cited in paragraph 35 for its full and complete contents, the allegations of which Mr. Caputo neither admitted nor denied, and denies any allegations inconsistent therewith. Mr. Caputo denies the third and fourth sentences. Mr. Caputo is without sufficient knowledge or information to admit or deny the allegations set forth in the eighth, ninth and tenth sentences.

36.     To the extent that paragraph 36 alleges conduct by Defendants other than Mr. Caputo, no response is required. To the extent that paragraph 36 alleges conduct by Mr. Caputo and a response is deemed required, Mr. Caputo admits that he had access to information about the Company's business, operations, products, and operational trends, but otherwise denies the allegations in paragraph 36.

37.    Paragraph 37 asserts legal conclusions to which no response is required.  To the extent that a response is deemed required, Mr. Caputo denies the allegations in paragraph 37.

38.    Paragraph 38 does not allege conduct by Mr. Caputo and sets forth allegations in support of claims that have been dismissed, therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo denies the allegations in paragraph 38.

39.    Paragraph 39 does not allege conduct by Mr. Caputo and sets forth allegations in support of claims that have been dismissed, therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo denies the allegations in paragraph 39.

40.    Paragraph 40 does not allege conduct by Mr. Caputo and sets forth allegations in support of claims that have been dismissed, therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo denies the allegations in paragraph 40.

41.    Paragraph 41 does not allege conduct by Mr. Caputo and sets forth allegations in support of claims that have been dismissed, therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo denies the allegations in paragraph 41.

42.    Paragraph 42 does not allege conduct by Mr. Caputo and sets forth allegations in support of claims that have been dismissed, therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo denies the allegations in paragraph 42.

43.    Paragraph 43 does not allege conduct by Mr. Caputo and sets forth allegations in support of claims that have been dismissed, therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo denies the allegations in paragraph 43.

44.    Paragraph 44 does not allege conduct by Mr. Caputo and sets forth allegations in support of claims that have been dismissed, therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo denies the allegations in paragraph 44.

45.     Paragraph 45 does not allege conduct by Mr. Caputo and sets forth allegations in support of claims that have been dismissed, therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo denies the allegations in paragraph 45.

46.     Paragraph 46 asserts legal conclusions to which no response is required.  To the extent that a response is deemed required, Mr. Caputo denies the allegations in paragraph 46.

47.     Mr. Caputo admits that he signed a registration statement related to SafeNet's acquisition of Rainbow Technologies.  To the extent that paragraph 47 alleges conduct by Defendants other than Mr. Caputo, no response is required.  To the extent that a response is deemed required, Mr. Caputo denies the allegations in paragraph 47.

48.     Paragraph 48 asserts legal conclusions to which no response is required.  To the extent that a response is deemed required, Mr. Caputo denies the allegations in paragraph 48.

49.     Paragraph 49 does not allege conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo admits the first three sentences in paragraph 49, but states that he lacks sufficient information to admit or deny the fourth sentence in paragraph 49, and therefore denies that allegation.

50.     Paragraph 50 and its accompanying footnote do not allege conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo refers to the SEC and GAAP accounting rules referenced in paragraph 50 (and its accompanying footnote) for their full and complete contents, denies any allegation inconsistent therewith, and otherwise denies the allegations in paragraph 50.

51.     Paragraph 51 does not allege conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo denies the allegations in paragraph 51.

52.    Paragraph 52 does not allege conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo refers to the GAAP accounting rules referenced in paragraph 52 for their full and complete contents, denies any allegation inconsistent therewith, and otherwise denies the allegations in paragraph 52.

53.    Paragraph 53 does not allege conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo denies the allegations in paragraph 53.

54.    Paragraph 54 does not allege conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo refers to the Stock Option Plans and Proxy Statement cited in paragraph 54 for their full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 54.

55.    Paragraph 55 does not allege conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo refers to the cited SafeNet Stock Option Plans for their full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 55.

56.    The first sentence of paragraph 56 does not allege conduct by Mr. Caputo, therefore no response is required.  To the extent that the second sentence alleges conduct by Defendants other than Mr. Caputo, no response is required.  To the extent that a response is deemed required, Mr. Caputo denies the allegations in paragraph 56.

57.    Mr. Caputo refers to the SEC complaint cited in paragraph 57 for its full and complete contents, the allegations of which Mr. Caputo neither admitted nor denied, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 57.

58.     To the extent that the first sentence of paragraph 58 alleges conduct by Defendants other than Mr. Caputo, no response is required. To the extent that paragraph 58 alleges conduct by Mr. Caputo and a response is deemed required, Mr. Caputo refers to the unnamed "SEC and accounting rules" cited in the second sentence of paragraph 58 for their full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 58.

59.     Paragraph 59 does not allege conduct by Mr. Caputo, therefore no response is required. To the extent that a response is deemed required, Mr. Caputo refers to the unnamed "U.S. tax rules" cited in paragraph 59 for their full and complete contents, denies any allegations inconsistent therewith, and otherwise the denies the allegations in paragraph 59.

60.     Mr. Caputo denies the allegations in paragraph 60.

61.     Paragraph 61 does not allege conduct by Mr. Caputo, therefore no response is required. To the extent that a response is deemed required, Mr. Caputo denies the allegations in paragraph 61.

62.     Mr. Caputo denies the allegations in paragraph 62.

63.     Paragraph 63 does not allege conduct by Mr. Caputo, therefore no response is required. To the extent that a response is deemed required, Mr. Caputo denies the allegations in paragraph 63.

64.     Paragraph 64 does not allege conduct by Mr. Caputo, therefore no response is required. To the extent that a response is deemed required, Mr. Caputo denies the allegations in paragraph 64.

65.     Paragraph 65 asserts legal conclusions to which no response is required. To the extent that a response is deemed required, Mr. Caputo denies the allegations in paragraph 65.

66.     Paragraph 66 contains allegations concerning the statement of another Defendant, therefore no response is required. To the extent that a response is deemed required, Mr. Caputo refers to the transcript of proceedings cited in paragraph 66 for its full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 66.

67.     Mr. Caputo denies the allegations in the first and third sentences of paragraph 67. The second sentence of paragraph 67 states a legal conclusion to which no response is required. The fourth sentence of paragraph 67 purports to describe the contents of a proxy statement: Mr. Caputo refers to the proxy statement for its full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 67.

68.     Mr. Caputo denies the allegations in paragraph 68.

69.     Mr. Caputo refers to the SEC complaint cited in paragraph 69 for its full and complete contents, the allegations of which Mr. Caputo neither admitted nor denied, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 69.

70.     Mr. Caputo refers to the SEC complaint cited in paragraph 70 for its full and complete contents, the allegations of which Mr. Caputo neither admitted nor denied, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 70.

71.     Mr. Caputo refers to the SEC complaint cited in paragraph 71 for its full and complete contents, the allegations of which Mr. Caputo neither admitted nor denied, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 71.

72.     Paragraph 72 does not allege conduct by Mr. Caputo, therefore no response is required. To the extent that a response is deemed required, Mr. Caputo denies the allegations in paragraph 72.

73.     Paragraph 73 does not allege conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo denies the allegations in paragraph 73.

74.     Paragraph 74 does not allege conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo denies the allegations in paragraph 74.

75.     Paragraph 75 does not allege conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo denies the allegations in paragraph 75, except that to the extent the allegations regarding SafeNet's share price are reflected in publicly available documents, Mr. Caputo refers to these documents for their full and complete contents, and denies any allegations of paragraph 75 inconsistent therewith.

76.     Mr. Caputo denies the allegations in paragraph 76 except that to the extent that the data contained in the chart presented in paragraph 76 appears in a SafeNet proxy statement, Mr. Caputo refers to that proxy statement for its full and complete contents, and denies any allegations inconsistent therewith.

77.     Mr. Caputo denies the allegations in paragraph 77 except that to the extent that the data contained in the chart presented in paragraph 77 appears in publicly available documents, Mr. Caputo refers to those documents for their full and complete contents, and denies any allegations inconsistent therewith.

78.     As respects the first sentence of paragraph 78, Mr. Caputo lacks sufficient information and knowledge to form a belief as to whether the grants described were backdated and therefore denies that allegation.  Mr. Caputo denies the second sentence of paragraph 78 except that to the extent that SafeNet's stock prices appear in publicly available documents, Mr.

Caputo refers to those documents for their full and complete contents and denies any allegations inconsistent therewith. Mr. Caputo otherwise denies the allegations in paragraph 78.

79.    Mr. Caputo denies the allegations in paragraph 79 except that to the extent that the data contained in the chart presented in paragraph 79 appears in proxy statements or other public statements, Mr. Caputo refers to those documents for their full and complete contents, and denies any allegations inconsistent therewith.

80.    Mr. Caputo denies the allegations in paragraph 80 except that to the extent that the data contained in the chart presented in paragraph 80 appears in publicly available documents, Mr. Caputo refers to those documents for their full and complete contents, and denies any allegations inconsistent therewith.

81.    Paragraph 81 does not allege conduct by Mr. Caputo, therefore no response is required. Furthermore, paragraph 81 sets forth allegations in support of claims that have been dismissed, therefore no response is required. To the extent that a response is deemed required, Mr. Caputo denies the allegations in paragraph 81.

82.    Mr. Caputo refers to the SEC civil complaint against Argo and the Argo criminal indictment cited in paragraph 82 for their full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 82.

83.    Mr. Caputo denies the allegations in paragraph 83 except that to the extent that the data contained in the chart presented in paragraph 83 appears in publicly available documents, Mr. Caputo refers to those documents for their full and complete contents, and denies any allegations inconsistent therewith.

84.    Paragraph 84 does not allege conduct by Mr. Caputo, therefore no response is required. To the extent that a response is deemed required, Mr. Caputo refers to the SEC civil

complaint against Argo and the Argo criminal indictment and to the transcript of Argo's plea allocution for their full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 84.

85.     Mr. Caputo refers to the SEC complaint cited in paragraph 85 for its full and complete contents, the allegations of which Mr. Caputo neither admitted nor denied, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 85.

86.     Paragraph 86 does not allege conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo denies the allegations in paragraph 86.

87.     Mr. Caputo denies the allegations in paragraph 87 except that to the extent that the data contained in the chart presented in paragraph 87 appears in proxy statements or other public statements, Mr. Caputo refers to those documents for their full and complete contents, and denies any allegations inconsistent therewith.

88.     Mr. Caputo denies the allegations in paragraph 88 except that to the extent that the data contained in the chart presented in paragraph 88 appears in publicly available documents, Mr. Caputo refers to those documents for their full and complete contents, and denies any allegations inconsistent therewith.

89.     Paragraph 89 does not allege any conduct by Mr. Caputo therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo denies the allegations in paragraph 89.

90.     Paragraph 90 does not allege conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo refers to the cited SEC civil complaint against Argo and the Argo criminal indictment and to the transcript of Argo's

plea allocution for their full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 90.

91.    Paragraph 91 does not allege conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo denies the allegations in paragraph 91.

92.    Mr. Caputo denies the allegations in paragraph 92 except that to the extent that the data contained in the chart presented in paragraph 92 appears in publicly available proxy statements or other public statements, Mr. Caputo refers to those documents for their full and complete contents, and denies any allegations inconsistent therewith.

93.    Mr. Caputo denies the allegations in paragraph 93 except that to the extent that the data contained in the chart presented in paragraph 93 appears in publicly available documents, Mr. Caputo refers to those documents for their full and complete contents, and denies any allegations inconsistent therewith.

94.    Mr. Caputo denies the allegations in paragraph 94 except that to the extent that the data contained in the chart presented in paragraph 94 appears in publicly available documents, Mr. Caputo refers to those documents for their full and complete contents, and denies any allegations inconsistent therewith.

95.    Mr. Caputo refers to the SEC civil complaint against Argo and the Argo criminal indictment cited in paragraph 95 for their full and complete contents, denies any allegation inconsistent therewith, and otherwise denies the allegations in paragraph 95.

96.    Paragraph 96 does not allege conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo refers to the cited SEC civil complaint and the Argo criminal indictment and to the transcript of Argo's plea allocution

for their full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 96.

97.    Paragraph 97 does not allege conduct by Mr. Caputo, therefore no response is required.    To the extent a response is required, Mr. Caputo denies the allegations in paragraph 97.

98.    Mr. Caputo denies the allegations in paragraph 98 except that to the extent that the data contained in the chart presented in paragraph 98 appears in publicly available proxy statements or other public statements, Mr. Caputo refers to those documents for their full and complete contents, and denies any allegations inconsistent therewith.

99.    Mr. Caputo denies the allegations in paragraph 99 except that to the extent that the data contained in the chart presented in paragraph 99 appears in publicly available documents, Mr. Caputo refers to those documents for their full and complete contents, and denies any allegations inconsistent therewith.

100.    Paragraph 100 does not allege conduct by Mr. Caputo, therefore no response is required.    To the extent a response is deemed required, Mr. Caputo denies the allegations in paragraph 100 except that to the extent that the data contained in the chart presented in paragraph 100 appears in publicly available documents, Mr. Caputo refers to those documents for their full and complete contents, and denies any allegations inconsistent therewith.

101.    Paragraph 101 does not allege conduct by Mr. Caputo, therefore no response is required.  To the extent a response is required, Mr. Caputo refers to the indictment and e-mail cited in paragraph 101 for their full and complete contents, denies any allegation inconsistent therewith, and otherwise denies the allegations in paragraph 101.

102.    To the extent that paragraph 102 alleges conduct by Defendants other than Mr. Caputo, no response is required.  To the extent that paragraph 102 alleges conduct by Mr. Caputo and a response is deemed required, Mr. Caputo refers to the indictment and e-mail cited in paragraph 102 for their full and complete contents, denies any allegation inconsistent therewith, and otherwise denies the allegations in paragraph 102.

103.    Paragraph 103 does not allege conduct by Mr. Caputo, therefore no response is required.  To the extent a response is deemed required, Mr. Caputo refers to the SEC complaint cited in paragraph 103 for its full and complete contents, the allegations of which Mr. Caputo neither admitted nor denied, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 103.

104.    Paragraph 104 does not allege conduct by Mr. Caputo, therefore no response is required.  To the extent a response is required, Mr. Caputo denies the allegations in paragraph 104.

105.    Mr. Caputo denies the allegations in paragraph 105 except that to the extent that the data contained in the chart presented in paragraph 105 appears in publicly available proxy statements or other public statements, Mr. Caputo refers to those documents for their full and complete contents, and denies any allegations inconsistent therewith.

106.    Mr. Caputo denies the allegations in paragraph 106 except that to the extent that the data contained in the chart presented in paragraph 106 appears in publicly available documents, Mr. Caputo refers to those documents for their full and complete contents, and denies any allegations inconsistent therewith.

107.    Mr. Caputo denies the allegations in paragraph 107 except that to the extent that the quoted material cited therein appears in publicly available press releases, Mr. Caputo refers

to those documents for their full and complete contents, and denies any allegations inconsistent therewith.

108.    Paragraph 108 does not contain any allegations concerning Mr. Caputo, therefore no response is required.  To the extent a response is required, Mr. Caputo denies the allegations in paragraph 108 except that to the extent that the SafeNet stock prices cited appear in publicly available documents, Mr. Caputo refers to those documents for their full and complete contents and denies any allegations inconsistent therewith.

109.    Paragraph 109 does not allege conduct by Mr. Caputo, therefore no response is required.  To the extent a response is deemed required, Mr. Caputo refers to the SEC complaint cited in paragraph 109 for its full and complete contents, the allegations of which Mr. Caputo neither admitted nor denied, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 109.

110.    Mr. Caputo refers to the SEC complaint cited in paragraph 110 for its full and complete contents, the allegations of which Mr. Caputo neither admitted nor denied, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 110.

111.    Mr. Caputo refers to the SEC complaint cited in paragraph 111 for its full and complete contents, the allegations of which Mr. Caputo neither admitted nor denied, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 111.

112.    Paragraph 112 does not contain any allegations concerning Mr. Caputo, therefore no response is required.  To the extent a response is required, Mr. Caputo denies the allegations in paragraph 112.

113.    Paragraph 113 does not allege conduct by Mr. Caputo, therefore no response is required.  Furthermore, paragraph 113 asserts legal conclusions to which no response is required.

To the extent that a response is deemed required, Mr. Caputo denies the allegations in paragraph 113.

114.    Paragraph 114 does not allege conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo denies the allegations in paragraph 114.

115.    Paragraph 115 does not allege conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo denies the allegations in paragraph 115.

116.    Paragraph 116 sets forth allegations in support of claims that have been dismissed, therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo denies the allegations in paragraph 116.

117.    Paragraph 117 sets forth allegations in support of claims that have been dismissed, therefore no response is required.  Moreover, to the extent that paragraph 117 alleges conduct by Defendants other than Mr. Caputo, no response is required.  To the extent that a response is deemed required, Mr. Caputo refers to the SEC complaint cited in paragraph 117 for its full and complete contents, the allegations of which Mr. Caputo neither admitted nor denied, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 117.

118.    Paragraph 118 sets forth allegations in support of claims that have been dismissed, therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo denies the allegations in paragraph 118.

119.    Paragraph 119 sets forth allegations in support of claims that have been dismissed, therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo denies the allegations in paragraph 119.

120.    Paragraph 120 sets forth allegations in support of claims that have been dismissed, therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo denies the allegations in paragraph 120.

121.    Paragraph 121 sets forth allegations in support of claims that have been dismissed, therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo denies the allegations in paragraph 121.

122.    Paragraph 122 sets forth allegations in support of claims that have been dismissed, therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo refers to the SEC complaint cited in paragraph 122 for its full and complete contents, the allegations of which Mr. Caputo neither admitted nor denied, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 122.

123.    Paragraph 123 sets forth allegations in support of claims that have been dismissed, therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo denies the allegations in paragraph 123.

124.    Paragraph 124 sets forth allegations in support of claims that have been dismissed, therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo denies the allegations in paragraph 124.

125.    Paragraph 125 and its accompanying footnote set forth allegations in support of claims that have been dismissed, therefore no response is required.  To the extent that a response

is deemed required, Mr. Caputo denies the allegations in paragraph 125 and its accompanying footnote.

126.    Paragraph 126 sets forth allegations in support of claims that have been dismissed, therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo denies the allegations in paragraph 126.

127.    Paragraph 127 sets forth allegations in support of claims that have been dismissed, therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo denies the allegations in paragraph 127.

128.    Paragraph 128 sets forth allegations in support of claims that have been dismissed, therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo denies the allegations in paragraph 128.

129.    Paragraph 129 sets forth allegations in support of claims that have been dismissed, therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo denies the allegations in paragraph 129.

130.    Paragraph 130 sets forth allegations in support of claims that have been dismissed, therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo denies the allegations in paragraph 130.

131.    Paragraph 131 sets forth allegations in support of claims that have been dismissed, therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo denies the allegations in paragraph 131.

132.    Paragraph 132 sets forth allegations in support of claims that have been dismissed, therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo denies the allegations in paragraph 132.

133.    Paragraph 133 sets forth allegations in support of claims that have been dismissed, therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo denies the allegations in paragraph 133.

134.    Paragraph 134 sets forth allegations in support of claims that have been dismissed, therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo denies the allegations in paragraph 134.

135.    Paragraph 135 sets forth allegations in support of claims that have been dismissed, therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo denies the allegations in paragraph 135.

136.    Paragraph 136 sets forth allegations in support of claims that have been dismissed, therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo denies the allegations in paragraph 136.

137.    Paragraph 137 sets forth allegations in support of claims that have been dismissed, therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo denies the allegations in paragraph 137.

138.    Paragraph 138 sets forth allegations in support of claims that have been dismissed, therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo denies the allegations in paragraph 138.

139.    Paragraph 139 sets forth allegations in support of claims that have been dismissed, therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo denies the allegations in paragraph 139.

140.    Paragraph 140 sets forth allegations in support of claims that have been dismissed, therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo denies the allegations in paragraph 140.

141.    Paragraph 141 sets forth allegations in support of claims that have been dismissed, therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo denies the allegations in paragraph 141.

142.    Paragraph 142 sets forth allegations in support of claims that have been dismissed, therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo denies the allegations in paragraph 142.

143.    Paragraph 143 sets forth allegations in support of claims that have been dismissed, therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo denies the allegations in paragraph 143.

144.    Paragraph 144 sets forth allegations in support of claims that have been dismissed, therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo denies the allegations in paragraph 144.

145.    Paragraph 145 sets forth allegations in support of claims that have been dismissed, therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo denies the allegations in paragraph 145.

146.    Paragraph 146 sets forth allegations in support of claims that have been dismissed, therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo denies the allegations in paragraph 146.

147.    Paragraph 147 sets forth allegations in support of claims that have been dismissed, therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo denies the allegations in paragraph 147.

148.    Paragraph 148 sets forth allegations in support of claims that have been dismissed, therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo denies the allegations in paragraph 148.

149.    Paragraph 149 sets forth allegations in support of claims that have been dismissed, therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo denies the allegations in paragraph 149.

150.    Paragraph 150 sets forth allegations in support of claims that have been dismissed, therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo denies the allegations in paragraph 150.

151.    Paragraph 151 sets forth allegations in support of claims that have been dismissed, therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo denies the allegations in paragraph 151.

152.    Paragraph 152 sets forth allegations in support of claims that have been dismissed, therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo denies the allegations in paragraph 152.

153.    Paragraph 153 sets forth allegations in support of claims that have been dismissed, therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo denies the allegations in paragraph 153.

154.    Paragraph 154 sets forth allegations in support of claims that have been dismissed, therefore no response is required.  To the extent that a response is deemed required,

Mr. Caputo refers to the SEC complaint cited in paragraph 154 for its full and complete contents, the allegations of which Mr. Caputo neither admitted nor denied, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 154.

155.    Paragraph 155 sets forth allegations in support of claims that have been dismissed and does not allege any conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo refers to the SEC complaint cited in paragraph 155 for its full and complete contents, the allegations of which Mr. Caputo neither admitted nor denied, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 155.

156.    Paragraph 156 sets forth allegations in support of claims that have been dismissed, therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo refers to the SEC complaint cited in paragraph 156 for its full and complete contents, the allegations of which Mr. Caputo neither admitted nor denied, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 156.

157.    Paragraph 157 sets forth allegations in support of claims that have been dismissed, therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo refers to the SEC complaint cited in paragraph 157 for its full and complete contents, the allegations of which Mr. Caputo neither admitted nor denied, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 157.

158.    Paragraph 158 sets forth allegations in support of claims that have been dismissed, therefore no response is required.  Moreover, to the extent that paragraph 158 alleges conduct by Defendants other than Mr. Caputo, no response is required.  To the extent that a response is deemed required, Mr. Caputo refers to the SEC complaint cited in paragraph 158 for

its full and complete contents, the allegations of which Mr. Caputo neither admitted nor denied, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 158.

159.    Paragraph 159 sets forth allegations in support of claims that have been dismissed and does not allege any conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo refers to the SEC complaint cited in paragraph 159 for its full and complete contents, the allegations of which Mr. Caputo neither admitted nor denied, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 159.

160.    Mr. Caputo admits that he signed SafeNet's 2002 Form 10-K, but refers to that document for its full and complete contents, denies any allegation inconsistent therewith, and otherwise denies the allegations in paragraph 160.

161.    Paragraph 161 does not allege conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo refers to SafeNet's 2002 financial statements and 2002 Form 10-K for their full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 161.

162.    Paragraph 162 does not allege conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo refers to SafeNet's 2002 financial statements and 2002 Form 10-K for their full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 162.

163.    Paragraph 163 asserts legal conclusions to which no response is required.  To the extent that a response is deemed required, Mr. Caputo denies the allegations in paragraph 163.

164.    Paragraph 164 does not allege any conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo refers to the 2003 Proxy Statement cited in paragraph 164 for its full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 164.

165.    Paragraph 165 does not allege any conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo refers to the 2003 Proxy Statement cited in paragraph 165 for its full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 165.

166.    To the extent that paragraph 166 alleges conduct by Defendants other than Mr. Caputo, no response is required.  To the extent that paragraph 166 alleges conduct by Mr. Caputo and a response is deemed required, Mr. Caputo refers to the 2003 Proxy Statement cited in paragraph 166 for its full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 166.

167.    Mr. Caputo admits that he signed SafeNet's first quarter 2003 SEC Form 10-Q. Mr. Caputo refers to SafeNet's first quarter 2003 SEC Form 10-Q for its full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 167.

168.    Paragraph 168 does not allege any conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo refers to SafeNet's first quarter 2003 Form 10-Q for its full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 168.

169.    Paragraph 169 asserts legal conclusions to which no response is required.  To the extent that a response is deemed required, Mr. Caputo denies the allegations in paragraph 169.

170.    Mr. Caputo admits that he signed SafeNet's second quarter 2003 SEC Form 10-Q. Mr. Caputo refers to the second quarter 2003 SEC Form 10-Q for its full and complete contents, including its date of filing, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 170.

171.    Paragraph 171 does not allege any conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo refers to SafeNet's second quarter 2003 Form 10-Q for its full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 171.

172.    Paragraph 172 does not allege any conduct by Mr. Caputo, therefore no response is required.  To the extent a response is required, Mr. Caputo denies the allegations in paragraph 172.

173.    Mr. Caputo admits that he signed SafeNet's third quarter 2003 SEC Form 10-Q. Mr. Caputo refers to SafeNet's third quarter 2003 SEC Form 10-Q for its full and complete contents, including its date of filing, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 173.

174.    Paragraph 174 does not allege any conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo refers to SafeNet's third quarter 2003 Form 10-Q for its full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 174.

175.    Paragraph 175 does not allege any conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo denies the allegations in paragraph 175.

176.    Paragraph 176 does not allege any conduct by Mr. Caputo, therefore no response is required.    To the extent that a response is deemed required, Mr. Caputo refers to the registration statement and proxy/prospectus cited in paragraph 176 for its full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 176.

177.    Paragraph 177 does not allege any conduct by Mr. Caputo, therefore no response is required.    To the extent that a response is deemed required, Mr. Caputo refers to the proxy statement/prospectus cited in paragraph 177 for its full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 177.

178.    Paragraph 178 does not allege any conduct by Mr. Caputo, therefore no response is required.    To the extent that a response is deemed required, Mr. Caputo refers to the registration statement and proxy/prospectus cited in paragraph 178 for its full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 178.

179.    Mr. Caputo refers to the documents cited in paragraph 179 for their full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 179.

180.    Paragraph 180 does not allege any conduct by Mr. Caputo and sets forth allegations in support of claims that have been dismissed, therefore no response is required.    To the extent that a response is deemed required, Mr. Caputo denies the allegations in paragraph 180.

181.    Mr. Caputo admits that he signed SafeNet's 2003 SEC Form 10-K.  Mr. Caputo refers to SafeNet's 2003 SEC Form 10-K for its full and complete contents, including its date of

filing, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 181.

182.    Paragraph 182 does not allege any conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo refers to SafeNet's 2003 financial statements and its 2003 Form 10-K for the full and complete contents of those documents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 182.

183.    Paragraph 183 does not allege any conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo refers to SafeNet's 2003 financial statements and its 2003 Form 10-K for the full and complete contents of those documents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 183.

184.    Paragraph 184 does not allege any conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo denies the allegations in paragraph 184.

185.    Paragraph 185 does not allege any conduct by Mr. Caputo and sets forth allegations in support of claims that have been dismissed, therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo denies the allegations in paragraph 185.

186.    Paragraph 186 does not allege any conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo refers to the proxy statement cited in paragraph 186 for its full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 186.

187.    Paragraph 187 does not allege any conduct by Mr. Caputo therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo refers to the 2004 proxy statement cited in paragraph 187 for its full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 187.

188.    Mr. Caputo admits that he signed SafeNet's first quarter 2004 SEC Form 10-Q, refers to that document for its full and complete contents, including its date of filing, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 188.

189.    Paragraph 189 does not allege any conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo denies the allegations in paragraph 189 except that he refers to SafeNet's first quarter 2004 SEC Form 10-Q for its full and complete contents and denies any allegations inconsistent therewith.

190.    Paragraph 190 does not allege any conduct by Mr. Caputo, therefore no response is required.  Furthermore, paragraph 190 sets forth allegations in support of claims that have been dismissed, therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo refers to SafeNet's first quarter 2004 SEC Form 10-Q for its full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 190.

191.    Mr. Caputo admits that he signed SafeNet's second quarter 2004 SEC Form 10-Q. Mr. Caputo refers to SafeNet's second quarter 2004 SEC Form 10-Q for its full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 191.

192.    Paragraph 192 does not allege any conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo refers to SafeNet's

second quarter 2004 SEC Form 10-Q for its full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 192.

193.    Paragraph 193 does not allege any conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo refers to SafeNet's second quarter 2004 SEC Form 10-Q for its full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 193.

194.    Paragraph 194 does not allege any conduct by Mr. Caputo, therefore no response is required.  Furthermore, paragraph 194 sets forth allegations in support of claims that have been dismissed, therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo refers to SafeNet's second quarter 2004 SEC Form 10-Q for its full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 194.

195.    Mr. Caputo admits that he signed SafeNet's third quarter 2004 SEC Form 10-Q. Mr. Caputo refers to SafeNet's third quarter 2004 SEC Form 10-Q for its full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 195.

196.    Paragraph 196 does not allege any conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo refers to SafeNet's second quarter 2004 SEC Form 10-Q for its full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 196.

197.    Paragraph 197 does not allege any conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo refers to SafeNet's

third quarter 2004 SEC Form 10-Q for its full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 197.

198.     Paragraph 198 does not allege any conduct by Mr. Caputo, therefore no response is required.  Furthermore, paragraph 198 sets forth allegations in support of claims that have been dismissed, therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo refers to SafeNet's third quarter 2004 SEC Form 10-Q for its full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 198.

199.     Paragraph 199 does not allege any conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo refers to SafeNet's February 1, 2005, press release for its full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 199.

200.     Paragraph 200 does not allege any conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo refers to SafeNet's February 1, 2005, press release for its full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 200.

201.     Paragraph 201 sets forth allegations in support of claims that have been dismissed and does not allege any conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo refers to SafeNet's February 1, 2005, press release for its full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 201.

202.     To the extent that paragraph 202 purports to characterize statements allegedly made by Mr. Caputo within an February 1, 2005, SafeNet press release, Mr. Caputo refers to the

cited document for its full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 202.

203.    Paragraph 203 asserts legal conclusions to which no response is required. Moreover, to the extent that paragraph 203 alleges conduct by Defendants other than Mr. Caputo, no response is required. To the extent that a response is deemed required and paragraph 203 alleges conduct by Mr. Caputo, Mr. Caputo denies the allegations.

204.    Paragraph 204 sets forth allegations in support of claims that have been dismissed, therefore no response is required. Paragraph 204 also asserts legal conclusions to which no response is required. Further, paragraph 204 does not allege any conduct by Mr. Caputo, therefore no response is required. To the extent that a response is deemed required, Mr. Caputo refers to SafeNet's 2004 SEC Form 10-K for its full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 204.

205.    Paragraph 205 sets forth allegations in support of claims that have been dismissed, therefore no response is required. To the extent that a response is deemed required, Mr. Caputo refers to the transcript of SafeNet's February 1, 2005, conference call for its full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 205.

206.    Paragraph 206 sets forth allegations in support of claims that have been dismissed, therefore no response is required. Further, paragraph 206 asserts legal conclusions to which no response is required. To the extent that a response is deemed required, Mr. Caputo denies the allegations.

207.    Mr. Caputo admits that he signed SafeNet's 2004 SEC Form 10-K.  Mr. Caputo refers to SafeNet's 2004 SEC Form 10-K for its full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 207.

208.    Paragraph 208 does not allege any conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo refers to SafeNet's 2004 SEC Form 10-K for its full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 208.

209.    Paragraph 209 does not allege any conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo refers to SafeNet's 2004 SEC Form 10-K for its full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 209.

210.    Paragraph 210 does not allege any conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo refers to SafeNet's 2004 SEC Form 10-K for its full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 210.

211.    Paragraph 211 does not allege any conduct by Mr. Caputo, therefore no response is required.  Furthermore, paragraph 211 sets forth allegations in support of claims that have been dismissed, therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo refers to SafeNet's 2004 SEC Form 10-K for its full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 211.

212.     Mr. Caputo admits that he signed SafeNet's 2004 SEC Form 10-K/A.  Mr. Caputo refers to SafeNet's 2004 SEC Form 10-K/A for its full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 212.

213.     Paragraph 213 does not allege any conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo refers to SafeNet's 2004 SEC Form 10-K/A for its full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 213.

214.     Paragraph 214 does not allege any conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo refers to SafeNet's 2004 SEC Form 10-K/A for its full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 214.

215.     Paragraph 215 does not allege any conduct by Mr. Caputo, therefore no response is required.  Furthermore, paragraph 215 sets forth allegations in support of claims that have been dismissed.   To the extent that a response is deemed required, Mr. Caputo refers to SafeNet's 2004 SEC Form 10-K/A for its full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 215.

216.     Mr. Caputo admits that he signed SafeNet's first quarter 2005 SEC Form 10-Q. Mr. Caputo refers to SafeNet's first quarter 2005 SEC Form 10-Q for its full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 216.

217.     Paragraph 217 does not allege any conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo refers to SafeNet's

first quarter 2005 SEC Form 10-Q for its full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 217.

218.    Paragraph 218 does not allege any conduct by Mr. Caputo, therefore no response is required.  Furthermore, paragraph 218 sets forth allegations in support of claims that have been dismissed.  To the extent that a response is deemed required, Mr. Caputo refers to SafeNet's first quarter 2005 SEC Form 10-Q for its full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 218.

219.    Paragraph  219 does not allege any conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo refers to the 2005 Proxy Statement cited in paragraph 219 for its full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 219.

220.    Paragraph 220 does not allege any conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo refers to the 2005 Proxy Statement cited in paragraph 220 for its full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 220.

221.    Mr. Caputo admits that he signed the SafeNet 2005 Form 8-K cited in paragraph 221, refers to that 8-K for its full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 221.

222.    Paragraph 222 does not allege any conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo refers to the 2005 8-K cited in paragraph 222 for its full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 222.

223.    Mr. Caputo admits that he signed SafeNet's second quarter 2005 SEC Form 10-K. Mr. Caputo refers to that 10-K for its full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 223.

224.    Paragraph 224 does not allege any conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo refers to SafeNet's second quarter 2005 SEC Form 10-Q for its full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 224.

225.    Paragraph 225 does not allege any conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo refers to SafeNet's second quarter 2005 SEC Form 10-Q for its full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 225.

226.    Mr. Caputo admits that he signed SafeNet's third quarter 2005 SEC Form 10-K. Mr. Caputo refers to the cited 10-K for its full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 226.

227.    Paragraph 227 does not allege any conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo refers to SafeNet's third quarter 2005 SEC Form 10-Q for its full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 227.

228.    Paragraph 228 does not allege any conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo refers to SafeNet's third quarter 2005 SEC Form 10-Q for its full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 228.

229.    Paragraph 229 does not allege any conduct by Mr. Caputo, therefore no response is required.  Furthermore, paragraph 229 sets forth allegations in support of claims that have been dismissed.   To the extent that a response is deemed required, Mr. Caputo refers to SafeNet's third quarter 2005 SEC Form 10-Q for its full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 229.

230.    Mr. Caputo admits that he signed SafeNet's 2005 SEC Form 10-K, refers to that 10-K for its full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 230.

231.    Paragraph 231 does not allege any conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo refers to SafeNet's 2005 SEC Form 10-K for its full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 231.

232.    Paragraph 232 does not allege any conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo refers to SafeNet's 2005 SEC Form 10-K for its full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 232.

233.    Paragraph 233 does not allege any conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo refers to SafeNet's 2005 SEC Form 10-K for its full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 233.

234.    Paragraph 234 does not allege any conduct by Mr. Caputo, therefore no response is required.  Furthermore, paragraph 234 sets forth allegations in support of claims that have been dismissed.   To the extent that a response is deemed required, Mr. Caputo refers to

SafeNet's 2005 SEC Form 10-K for its full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 234.

235.    Mr. Caputo admits that he signed SafeNet's first quarter 2006 SEC Form 10-Q, refers to that 10-Q for its full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 235.

236.    Paragraph 236 does not allege any conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo refers to SafeNet's first quarter 2006 SEC Form 10-Q for its full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 236.

237.    Paragraph 237 does not allege any conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo refers to SafeNet's first quarter 2006 SEC Form 10-Q for its full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 237.

238.    Paragraph 238 does not allege any conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo refers to SafeNet's first quarter 2006 SEC Form 10-Q for its full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 238.

239.    Paragraph 239 does not allege any conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo refers to SafeNet's first quarter 2006 SEC Form 10-Q for its full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 239.

240.    Paragraph 240 does not allege any conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo refers to SafeNet's

first quarter 2006 SEC Form 10-Q for its full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 240.

241.    Paragraph 241 does not allege any conduct by Mr. Caputo, therefore no response is required.  Furthermore, paragraph 241 sets forth allegations in support of claims that have been dismissed.  To the extent that a response is deemed required, Mr. Caputo refers to SafeNet's first quarter 2006 SEC Form 10-Q for its full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 241.

242.    To the extent that paragraph 242 alleges conduct by Defendants other than Mr. Caputo, no response is required.  Furthermore, the portion of paragraph 242 that purports to characterize the requirements of the Sarbanes-Oxley Act of 2002 asserts legal conclusions to which no response is required.  To the extent that paragraph 242 alleges conduct by Mr. Caputo and a response is deemed required, Mr. Caputo admits that he signed certain SafeNet SEC Form 10-Qs and 10-Ks, refers to those 10-Ks and 10-Qs for their full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 242.

243.    Paragraph 243 does not allege any conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo refers to the SafeNet 8K and press release cited in paragraph 243 for their full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 243.

244.    Paragraph 244 does not allege any conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo refers to the Restatement Disclosure cited in paragraph 244 for its full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 244.

245.     Paragraph 245 does not allege any conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo refers to the Restatement Disclosure and GAAP rules cited in paragraph 245 for their full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 245.

246.     Paragraph 246 does not allege any conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo refers to the published article cited in paragraph 246 for its full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 246.

247.     Paragraph 247 does not allege any conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo refers to the Deutsche Bank report cited in paragraph 247 for its full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 247.

248.     Paragraph 248 does not allege any conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo denies the allegations in paragraph 248 except that to the extent that the stock price information cited in paragraph 248 appears in publicly available documents, Mr. Caputo refers to those documents for their full and complete contents and denies any allegations inconsistent therewith.

249.     To the extent that paragraph 249 alleges conduct by Defendants other than Mr. Caputo, no response is required.  To the extent that paragraph 249 alleges conduct by Mr. Caputo and a response is deemed required, Mr. Caputo admits that he signed the SafeNet third quarter SEC Form 10-Q, refers to that document for its full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 249.

250.    Paragraph 250 does not allege any conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo refers to the March 13, 2006 SafeNet press release and Form 8-K/A cited in paragraph 250 for their full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 250.

251.    Paragraph 251 does not allege any conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo denies the allegations in paragraph 251 except that to the extent that the stock price information cited in paragraph 251 appears in a SafeNet press release or Form 8-K, Mr. Caputo refers to those documents for their full and complete contents and denies any allegations inconsistent therewith.

252.    To the extent that paragraph 252 alleges conduct by Defendants other than Mr. Caputo, no response is required.  To the extent that paragraph 252 alleges conduct by Mr. Caputo and a response is deemed required, Mr. Caputo refers to the cited March 13, 2006 SEC Form 8-K/A and press release for their full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 252.

253.    Paragraph 253 does not allege any conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo refers to the SafeNet 2005 SEC Form 10-K for its full and complete contents, denies any allegation inconsistent therewith, and otherwise denies the allegations in paragraph 253.

254.    Paragraph 254 does not allege any conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo refers to the April 6, 2006 SafeNet press release and Form 8-K cited therein for their full and complete contents,

denies any allegation inconsistent therewith, and otherwise denies the allegations in paragraph 254.

255.    To the extent that paragraph 255 alleges conduct by Defendants other than Mr. Caputo, no response is required.  To the extent that paragraph 255 alleges conduct by Mr. Caputo and a response is deemed required, Mr. Caputo denies the allegations in paragraph 255.

256.    Paragraph 256 does not allege any conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo denies the allegations in paragraph 256 except that to the extent that the stock price information cited therein appears in publicly available documents, Mr. Caputo refers to those documents for their full and complete contents and denies any allegation inconsistent therewith.  Mr. Caputo also refers to the Associated Press report cited in paragraph 256 for its full and complete contents and denies any allegation inconsistent therewith.  Mr. Caputo otherwise denies the allegations in paragraph 256.

257.    Paragraph 257 sets forth allegations in support of claims that have been dismissed, therefore no response is required.  Further, to the extent that paragraph 257 alleges conduct by Defendants other than Mr. Caputo, no response is required.  However, to the extent that paragraph 257 alleges conduct by Mr. Caputo and a response is deemed required, Mr. Caputo admits that he signed SafeNet's Amended SEC Forms 10-Q for the second quarter of 2005, refers to that document for its full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 257.

258.    Paragraph 258 sets forth allegations in support of claims that have been dismissed, therefore no response is required.  Further, to the extent that paragraph 258 alleges conduct by Defendants other than Mr. Caputo, no response is required.  To the extent that

paragraph 258 alleges conduct by Mr. Caputo and a response is deemed required, Mr. Caputo admits that he signed SafeNet's Amended SEC Form 10-Q for the third quarter of 2005, refers to that document for its full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 258.

259.    Paragraph 259 sets forth allegations in support of claims that have been dismissed, therefore no response is required.  Further, paragraph 259 does not allege any conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo refers to the SEC's May 5, 2006 second letter request for production of documents cited in paragraph 259 for its full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 259.

260.    Paragraph 260 does not allege any conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo refers to the May 18, 2006 SafeNet press release cited therein for its full and complete contents, denies any allegation inconsistent therewith, and otherwise denies the allegations in paragraph 260.

261.    Paragraph 261 does not allege any conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo denies the allegations in paragraph 261 except that to the extent that the stock price information cited therein appears in publicly available documents, Mr. Caputo refers to those documents for their full and complete contents and denies any allegation inconsistent therewith.

262.    Paragraph 262 does not allege any conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo refers to the analyst report cited in paragraph 262 for its full and complete contents, denies any allegation inconsistent therewith, and otherwise denies the allegations in paragraph 262.

263.    Paragraph 263 does not allege any conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo refers to the analyst reports cited in paragraph 263 for their full and complete contents, denies any allegation inconsistent therewith, and otherwise denies the allegations in paragraph 263.

264.    Mr. Caputo denies the allegations in paragraph 264.

265.    Paragraph 265 does not allege any conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo refers to the press release cited in paragraph 265 for its full and complete contents, denies any allegation inconsistent therewith, and otherwise denies the allegations in paragraph 265.

266.    Paragraph 266 does not allege any conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo refers to the SafeNet SEC Form 8-K and Form 8K/A cited in paragraph 266 for their full and complete contents, denies any allegation inconsistent therewith, and otherwise denies the allegations in paragraph 266.

267.    Paragraph 267 does not allege any conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo refers to the SafeNet SEC Form 8-K cited in paragraph 267 for its full and complete contents, denies any allegation inconsistent therewith, and otherwise denies the allegations in paragraph 267.

268.    Paragraph 268 does not allege any conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo refers to the indictment and SEC complaint cited in paragraph 268 for their full and complete contents, denies any allegation inconsistent therewith, and otherwise denies the allegations in paragraph 268.

269.    Paragraph 269 does not allege any conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo refers to the transcript of plea allocution proceedings cited in paragraph 269 for its full and complete contents, denies any allegation inconsistent therewith, and otherwise denies the allegations in paragraph 269.

270.    Mr. Caputo denies the first sentence of paragraph 270, and denies the second sentence of paragraph 270 except that he refers to the cited Indictment for its full and complete contents and denies any allegations inconsistent therewith.  Upon information and belief, Mr. Caputo admits the next to last sentence of paragraph 270 and denies the last sentence of paragraph 270.

271.    Mr. Caputo refers to the SEC complaint, the allegations of which Mr. Caputo neither admitted nor denied, as well as the November 12, 2009, SEC press release cited in paragraph 271, for their full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 271.

272.    Paragraph 272 does not allege any conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo states that he lacks information sufficient to admit or deny the allegations in sentences one and two of paragraph 272, and therefore denies them.  Mr. Caputo denies the allegations in sentence three of paragraph 272 except that he refers to the FASB Concepts Statement cited therein for its full and complete contents and denies any allegation inconsistent therewith.

273.    Paragraph 273 does not allege any conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo denies the allegations in paragraph 273.

274.    Paragraph 274 asserts legal conclusions to which no response is required.

275.     Paragraph 275 does not allege any conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo lacks information sufficient to admit or deny the allegations in paragraph 275 and therefore denies them.

276.     Paragraph 276 does not allege any conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo refers to the cited APB and FASB rules for their full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 276.

277.     Paragraph 277 does not allege any conduct by Mr. Caputo, therefore no response is required.  Furthermore, the allegations in paragraph 277 relate to claims that have been dismissed, therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo refers to the GAAP rules cited in paragraph 277 for their full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 277.

278.     Paragraph 278 does not allege any conduct by Mr. Caputo, therefore no response is required.  Furthermore, paragraph 278 sets forth allegations in support of claims that have been dismissed.  To the extent that a response is deemed required, Mr. Caputo refers to the cited GAAP and SEC rules for their full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 278.

279.     Paragraph 279 does not allege any conduct by Mr. Caputo, therefore no response is required.  Furthermore, paragraph 279 sets forth allegations in support of claims that have been dismissed.  To the extent that a response is deemed required, Mr. Caputo refers to the cited GAAP rules for their full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 279.

280.    To the extent that paragraph 280 alleges conduct by Defendants other than Mr. Caputo, no response is required.   To the extent that paragraph 280 alleges conduct by Mr. Caputo and a response is deemed required, Mr. Caputo denies those allegations.

281.    To the extent that paragraph 281 alleges conduct by Defendants other than Mr. Caputo, no response is required.   To the extent that paragraph 281 alleges conduct by Mr. Caputo and a response is deemed required, Mr. Caputo denies the allegations in paragraph 281.

282.    Mr. Caputo refers to the SEC complaint cited in paragraph 282 for its full and complete contents, the allegations of which Mr. Caputo neither admitted nor denied, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 282.

283.    To the extent that paragraph 283 alleges conduct by Defendants other than Mr. Caputo, no response is required.   To the extent that paragraph 283 alleges conduct by Mr. Caputo and a response is deemed required, Mr. Caputo denies the allegations in paragraph 283.

284.    To the extent that paragraph 284 alleges conduct by Defendants other than Mr. Caputo, no response is required.   To the extent that paragraph 284 alleges conduct by Mr. Caputo and a response is deemed required, Mr. Caputo denies the allegations in paragraph 284.

285.    To the extent that paragraph 285 alleges conduct by Defendants other than Mr. Caputo, no response is required.   To the extent that paragraph 285 alleges conduct by Mr. Caputo and a response is deemed required, Mr. Caputo denies the allegations in paragraph 285.

286.    To the extent that paragraph 286 alleges conduct by Defendants other than Mr. Caputo, no response is required.  To the extent that paragraph 286 alleges conduct by Mr. Caputo and a response is deemed required, Mr. Caputo denies those allegations, except that to the extent that the SafeNet stock transaction information underlying the table in paragraph 286 appears in publicly available documents, Mr. Caputo refers to those documents for their full and complete contents and denies any allegation inconsistent therewith.

287.    To the extent that paragraph 287 alleges conduct by Defendants other than Mr. Caputo, no response is required.  To the extent that paragraph 287 alleges conduct by Mr. Caputo and a response is deemed required, Mr. Caputo denies those allegations, except that to the extent that the SafeNet transaction data cited in paragraph 287 appears in publicly available documents, Mr. Caputo refers to those documents for their full and complete contents and denies any allegation inconsistent therewith.

288.    To the extent that paragraph 288 alleges conduct by Defendants other than Mr. Caputo, no response is required.  To the extent that paragraph 288 alleges conduct by Mr. Caputo and a response is deemed required, Mr. Caputo denies the allegations in paragraph 288.

289.    Mr. Caputo admits the first sentence and denies the second and third sentences of paragraph 289.

290.    Mr. Caputo admits that SafeNet was awarded a contract by the United States government to supply KIV-7M units.  Mr. Caputo denies the remaining allegations in paragraph 290 except that he refers to the cited analyst report for its full and complete contents and denies any allegations inconsistent therewith.

291.    Paragraph 291 asserts legal conclusions to which no response is required.  To the extent that a response is deemed required, Mr. Caputo denies the allegations in paragraph 291.

292.    Paragraph 292 asserts legal conclusions to which no response is required.

293.    Mr. Caputo lacks information sufficient to admit or deny the allegations in paragraph 293 and therefore denies them.

294.    Paragraph 294 does not allege conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo admits that SafeNet's stock was at one time actively traded on NASDAQ, but that he lacks sufficient knowledge to admit or deny the remaining allegations in paragraph 294 and therefore denies them.

295.    Mr. Caputo denies the allegations in paragraph 295 except that to the extent that the data concerning the number of outstanding shares of SafeNet stock at various dates is contained in publicly available documents, Mr. Caputo refers to those documents for their full and complete contents and denies any allegations inconsistent therewith.

296.    Paragraph 296 asserts legal conclusions to which no response is required.  To the extent that a response is deemed required, Mr. Caputo denies the allegations in paragraph 296.

297.    Paragraph 297 asserts legal conclusions to which no response is required.  To the extent that a response is deemed required, Mr. Caputo denies the allegations in paragraph 297.

298.    Paragraph 298 asserts legal conclusions to which no response is required.  To the extent that a response is deemed required, Mr. Caputo denies the allegations in paragraph 298.

299.    Paragraph 299 asserts legal conclusions to which no response is required.  To the extent that a response is deemed required, Mr. Caputo denies the allegations in paragraph 299.

300.    Paragraph 300 asserts legal conclusions to which no response is required.  To the extent that a response is deemed required, Mr. Caputo denies the allegations in paragraph 300.

301.    Paragraph 301 asserts legal conclusions to which no response is required.  To the extent that a response is deemed required, Mr. Caputo denies the allegations in paragraph 301.

302.    Paragraph 302 asserts legal conclusions to which no response is required.  To the extent that a response is deemed required, Mr. Caputo denies the allegations in paragraph 302.

303.    Paragraph 303 asserts legal conclusions to which no response is required.  To the extent that a response is deemed required, Mr. Caputo denies the allegations in paragraph 303.

304.    Mr. Caputo repeats and reasserts his answer to each and every allegation set forth in ¶¶ 1 to 303 as if fully set forth herein.  Furthermore, paragraph 304 asserts legal conclusions to which no response is required.  To the extent that a response is deemed required, Mr. Caputo denies the allegations in paragraph 304.

305.    To the extent that paragraph 305 alleges conduct by Defendants other than Mr. Caputo, no response is required.  Furthermore, paragraph 305 asserts legal conclusions to which no response is required.  To the extent that paragraph 305 alleges conduct by Mr. Caputo and a response is deemed required, Mr. Caputo denies the allegations in paragraph 305.

306.    To the extent that paragraph 306 alleges conduct by Defendants other than Mr. Caputo, no response is required.  Furthermore, paragraph 306 asserts legal conclusions to which no response is required.  To the extent that paragraph 306 alleges conduct by Mr. Caputo and a response is deemed required, Mr. Caputo denies the allegations in paragraph 306.

307.    To the extent that paragraph 307 alleges conduct by Defendants other than Mr. Caputo, no response is required.  Furthermore, paragraph 307 asserts legal conclusions to which no response is required.  To the extent that paragraph 307 alleges conduct by Mr. Caputo and a response is deemed required, Mr. Caputo denies the allegations in paragraph 307.

308.     To the extent that paragraph 308 alleges conduct by Defendants other than Mr. Caputo, no response is required.  Furthermore, paragraph 308 asserts legal conclusions to which no response is required.  To the extent that paragraph 308 alleges conduct by Mr. Caputo and a response is deemed required, Mr. Caputo denies the allegations in paragraph 308.

309.     To the extent that paragraph 309 alleges conduct by Defendants other than Mr. Caputo, no response is required.  Furthermore, paragraph 309 asserts legal conclusions to which no response is required.  To the extent that paragraph 309 alleges conduct by Mr. Caputo and a response is deemed required, Mr. Caputo denies the allegations in paragraph 309.

310.     To the extent that paragraph 310 alleges conduct by Defendants other than Mr. Caputo, no response is required.  Furthermore, paragraph 310 asserts legal conclusions to which no response is required.  To the extent that paragraph 310 alleges conduct by Mr. Caputo and a response is deemed required, Mr. Caputo denies the allegations in paragraph 310.

311.     To the extent that paragraph 311 alleges conduct by Defendants other than Mr. Caputo, no response is required.  Furthermore, paragraph 311 asserts legal conclusions to which no response is required.  To the extent that paragraph 311 alleges conduct by Mr. Caputo and a response is deemed required, Mr. Caputo denies the allegations in paragraph 311.

312.     To the extent that paragraph 312 alleges conduct by Defendants other than Mr. Caputo, no response is required.  Furthermore, paragraph 312 asserts legal conclusions to which no response is required.  To the extent that paragraph 312 alleges conduct by Mr. Caputo and a response is deemed required, Mr. Caputo denies the allegations in paragraph 312.

313.     Paragraph 313 asserts legal conclusions to which no response is required.  To the extent that a response is deemed required, Mr. Caputo denies the allegations in paragraph 313.

314.    To the extent that paragraph 314 alleges conduct by Defendants other than Mr. Caputo, no response is required.  Furthermore, paragraph 314 asserts legal conclusions to which no response is required.  To the extent that paragraph 314 alleges conduct by Mr. Caputo and a response is deemed required, Mr. Caputo denies the allegations in paragraph 314.

315.    To the extent that paragraph 315 alleges conduct by Defendants other than Mr. Caputo, no response is required.  Furthermore, paragraph 315 asserts legal conclusions to which no response is required.  To the extent that paragraph 315 alleges conduct by Mr. Caputo and a response is deemed required, Mr. Caputo denies the allegations in paragraph 315.

316.    To the extent that paragraph 316 alleges conduct by Defendants other than Mr. Caputo, no response is required.  Furthermore, paragraph 316 asserts legal conclusions to which no response is required.  To the extent that paragraph 316 alleges conduct by Mr. Caputo and a response is deemed required, Mr. Caputo denies the allegations in paragraph 316.

317.    Mr. Caputo repeats and reasserts his answer to each and every allegation set forth ¶¶ 1-316 above as if fully set forth herein.

318.    To the extent that paragraph 318 alleges conduct by Defendants other than Mr. Caputo, no response is required.  Furthermore, paragraph 318 asserts legal conclusions to which no response is required.  To the extent that paragraph 318 alleges conduct by Mr. Caputo and a response is deemed required, Mr. Caputo denies the allegations in paragraph 318.

319.    To the extent that paragraph 319 alleges conduct by Defendants other than Mr. Caputo, no response is required.  Furthermore, paragraph 319 asserts legal conclusions to which no response is required.  To the extent that paragraph 319 alleges conduct by Mr. Caputo and a response is deemed required, Mr. Caputo denies the allegations in paragraph 319.

320.    To the extent that paragraph 320 alleges conduct by Defendants other than Mr. Caputo, no response is required.  Furthermore, paragraph 320 asserts legal conclusions to which no response is required.  To the extent that paragraph 320 alleges conduct by Mr. Caputo and a response is deemed required, Mr. Caputo denies the allegations in paragraph 320.

321.    Mr. Caputo repeats and reasserts his answers to each and every allegations set forth in ¶¶ 1 to 303 above as if fully set forth herein.

322.    Paragraph 322 sets forth allegations in support of claims that have been dismissed, therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo denies the allegations in paragraph 322.

323.    Paragraph 323 sets forth allegations in support of claims that have been dismissed, therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo denies the allegations in paragraph 323.

324.    Paragraph 324 sets forth allegations in support of claims that have been dismissed, therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo denies the allegations in paragraph 324.

325.    Paragraph 325 sets forth allegations in support of claims that have been dismissed, therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo denies the allegations in paragraph 325.

326.    Paragraph 326 sets forth allegations in support of claims that have been dismissed, therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo denies the allegations in paragraph 326.

327.    Paragraph 327 sets forth allegations in support of claims that have been dismissed, therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo denies the allegations in paragraph 327.

328.    Paragraph 328 sets forth allegations in support of claims that have been dismissed, therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo denies the allegations in paragraph 328.

329.    Paragraph 329 sets forth allegations in support of claims that have been dismissed, therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo denies the allegations in paragraph 329.

330.    Paragraph 330 sets forth allegations in support of claims that have been dismissed, therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo denies the allegations in paragraph 330.

331.    Mr. Caputo repeats and reasserts his answer to each and every allegations set forth in ¶¶ 1 to 303 and ¶¶ 321 to 330 above as if fully set forth herein.

332.    Paragraph 332 sets forth allegations in support of claims that have been dismissed, therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo denies the allegations in paragraph 332.

333.    Paragraph 333 sets forth allegations in support of claims that have been dismissed, therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo denies the allegations in paragraph 333.

334.    Paragraph 334 sets forth allegations in support of claims that have been dismissed, therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo denies the allegations in paragraph 334.

335.    Paragraph 335 sets forth allegations in support of claims that have been dismissed, therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo denies the allegations in paragraph 335.

336.    Paragraph 336 sets forth allegations in support of claims that have been dismissed, therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo denies the allegations in paragraph 336.

337.    Paragraph 337 sets forth allegations in support of claims that have been dismissed, therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo denies the allegations in paragraph 337.

338.    Paragraph 338 sets forth allegations in support of claims that have been dismissed, therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo denies the allegations in paragraph 338.

339.    Paragraph 339 sets forth allegations in support of claims that have been dismissed, therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo denies the allegations in paragraph 339.

340.    Paragraph 340 sets forth allegations in support of claims that have been dismissed, therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo denies the allegations in paragraph 340.

341.    Paragraph 341 sets forth allegations in support of claims that have been dismissed, therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo denies the allegations in paragraph 341.

342.    Paragraph 342 sets forth allegations in support of claims that have been dismissed, therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo denies the allegations in paragraph 342.

343.    Paragraph 343 asserts legal conclusions to which no response is required.  To the extent that a response is deemed required, Mr. Caputo denies the allegations in paragraph 343.

344.    Paragraph 344 states a legal conclusion to which no response is required.  To the extent that a response is deemed required, Mr. Caputo denies the allegations in paragraph 344.

345.    Paragraph 345 alleges conduct by Defendants other than Mr. Caputo to which no response is required.  Furthermore, paragraph 345 asserts legal conclusions to which no response is required.  To the extent that paragraph 345 alleges conduct by Mr. Caputo and a response is deemed required, Mr. Caputo denies the allegations in paragraph 345.

346.    Paragraph 346 alleges conduct by Defendants other than Mr. Caputo to which no response is required. Furthermore, paragraph 346 asserts legal conclusions to which no response is required.  To the extent that paragraph 346 alleges conduct by Mr. Caputo and a response is deemed required, Mr. Caputo repeats and reasserts his answer to each and every allegations set forth in ¶¶ 1 to 279 and ¶¶ 291 to 301 above as if fully set forth herein, and otherwise denies the allegations in paragraph 310.

347.    Paragraph 347 does not allege conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo refers to the press release cited in paragraph 347 for its full and complete contents and denies any allegations inconsistent therewith.  Further, to the extent that the cited SafeNet stock price information appears in publicly available documents, Mr. Caputo refers to those documents for their full and complete

contents and denies any allegations inconsistent therewith. Mr. Caputo otherwise denies the allegations in paragraph 347.

348.    Paragraph 348 alleges conduct by Defendants other than Mr. Caputo to which no response is required. To the extent that paragraph 348 alleges conduct by Mr. Caputo and a response is deemed required, Mr. Caputo refers to the SafeNet SEC filings cited in paragraph 348 for their full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 348.

349.    Paragraph 349 does not allege any conduct by Mr. Caputo, therefore no response is required. To the extent that a response is deemed required, Mr. Caputo refers to the SafeNet SEC filings cited in paragraph 349 for their full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 349.

350.    Paragraph 350 does not allege conduct by Mr. Caputo, therefore no response is required. To the extent that a response is deemed required, Mr. Caputo refers to the SafeNet SEC filings cited in paragraph 350 for their full and complete contents and denies any allegations inconsistent therewith. Further, to the extent that the cited SafeNet stock price information appears in publicly available documents, Mr. Caputo refers to those documents for their full and complete contents and denies any allegations inconsistent therewith. Mr. Caputo otherwise denies the allegations in paragraph 350.

351.    Paragraph 351 does not allege any conduct by Mr. Caputo, therefore no response is required. To the extent that a response is deemed required, Mr. Caputo refers to the Rainbow Proxy/Prospectus cited in paragraph 351 for its full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 351.

352.    Paragraph 352 does not allege any conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo states that he lacks information sufficient to admit or deny the allegations in the first two sentences of paragraph 352 and therefore denies them.  The third sentence of paragraph 352 states a legal conclusion to which no response is required, but to the extent that a response is deemed required, Mr. Caputo denies the allegations in the third sentence of paragraph 352.

353.    Paragraph 353 does not allege conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo denies the allegations in paragraph 353 except that to the extent that the cited SafeNet stock price information appears in publicly available documents, Mr. Caputo refers to those documents for their full and complete contents and denies any allegations inconsistent therewith.

354.    Paragraph 354 alleges conduct by Defendants other than Mr. Caputo to which no response is required.  Furthermore, paragraph 354 asserts legal conclusions to which no response is required.  To the extent that paragraph 354 alleges conduct by Mr. Caputo and a response is deemed required, Mr. Caputo denies the allegations in paragraph 354.

355.    Paragraph 355 does not allege conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo refers to the Rainbow Proxy/Prospectus cited in paragraph 355 for its full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 355.

356.    Paragraph 356 does not allege conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo refers to the Rainbow Proxy/Prospectus cited in paragraph 356 for its full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 356.

357.    Paragraph 357 does not allege conduct by Mr. Caputo, therefore no response is required.  To the extent that a response is deemed required, Mr. Caputo refers to the Rainbow Proxy/Prospectus and SEC filings cited in paragraph 357 for their full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 357.

358.    Paragraph 358 alleges conduct by Defendants other than Mr. Caputo to which no response is required.  Furthermore, paragraph 358 asserts legal conclusions to which no response is required.  To the extent that paragraph 358 alleges conduct by Mr. Caputo and a response is deemed required, Mr. Caputo denies the allegations in paragraph 358.

359.    Paragraph 359 does not allege conduct by Mr. Caputo, therefore no response is required.  Furthermore, paragraph 359 asserts legal conclusions to which no response is required.  To the extent that a response is deemed required, Mr. Caputo denies the allegations in paragraph 359.

360.    Paragraph 360 does not allege conduct by Mr. Caputo, therefore no response is required.  Furthermore, paragraph 360 asserts legal conclusions to which no response is required.  To the extent that a response is deemed required, Mr. Caputo denies the allegations in paragraph 360.

361.    Paragraph 361 alleges conduct by Defendants other than Mr. Caputo to which no response is required.  Furthermore, paragraph 361 asserts legal conclusions to which no response is required.  To the extent that paragraph 361 alleges conduct by Mr. Caputo and a response is deemed required, Mr. Caputo denies the allegations in paragraph 361.

362.    In response to sentence one of paragraph 362, Mr. Caputo repeats and reasserts his answer to each and every allegation set forth in ¶¶ 343 to 361 above as if set forth fully

herein.   The second two sentences of paragraph 362 assert legal conclusions to which no response is required.

363.     Paragraph 363 does not allege conduct by Mr. Caputo, therefore no response is required.  Furthermore, paragraph 363 asserts legal conclusions to which no response is required.  To the extent that a response is deemed required, Mr. Caputo refers to the Rainbow Registration Statement, Rainbow Proxy/Prospectus, and Stock Option Plan cited in paragraph 363 for their full and complete contents, denies any allegations inconsistent therewith, and otherwise denies the allegations in paragraph 363.

364.     Paragraph 364 alleges conduct by Defendants other than Mr. Caputo to which no response is required.  Furthermore, paragraph 364 asserts legal conclusions to which no response is required.  To the extent that paragraph 364 alleges conduct by Mr. Caputo and a response is deemed required, Mr. Caputo denies the allegations in paragraph 364.

365.     Paragraph 365 does not allege conduct by Mr. Caputo, therefore no response is required.  Furthermore, paragraph 365 asserts legal conclusions to which no response is required.  To the extent that a response is deemed required, Mr. Caputo denies the allegations in paragraph 365.

366.     Paragraph 366 alleges conduct by Defendants other than Mr. Caputo to which no response is required.  Furthermore, paragraph 366 asserts legal conclusions to which no response is required.  To the extent that paragraph 366 alleges conduct by Mr. Caputo and a response is deemed required, Mr. Caputo denies the allegations in paragraph 366.

367.     Paragraph 367 does not allege conduct by Mr. Caputo, therefore no response is required.  Furthermore, the first sentence of paragraph 367 asserts legal conclusions to which no response is required.   To the extent that a response is deemed required, Mr. Caputo denies the

allegation in the first sentence of paragraph 367 and, because he lacks information sufficient to admit or deny the allegations in the second sentence of paragraph 367, denies those allegations.

368.    Paragraph 368 alleges conduct by Defendants other than Mr. Caputo to which no response is required.  Furthermore, paragraph 368 asserts legal conclusions to which no response is required.  To the extent that paragraph 368 alleges conduct by Mr. Caputo and a response is deemed required, Mr. Caputo denies the allegations in paragraph 368.

369.    Paragraph 369 asserts legal conclusions to which no response is required.  To the extent that a response is deemed required, Mr. Caputo denies the allegations in paragraph 369.

370.    In response to the first sentence of paragraph 370, Mr. Caputo repeats and reasserts his answer to each and every allegations set forth in ¶¶ 343 to 381 above as if set forth fully herein.  The second and third sentences of paragraph 370 assert legal conclusions to which no response is required.  To the extent that a response is deemed required, Mr. Caputo denies the allegations in the second and third sentences of paragraph 370.

371.    Paragraph 371 alleges conduct by Defendants other than Mr. Caputo to which no response is required.  Furthermore, paragraph 371 asserts legal conclusions to which no response is required.  To the extent that paragraph 371 alleges conduct by Mr. Caputo and a response is deemed required, Mr. Caputo denies the allegations in paragraph 371.

372.    Paragraph 372 does not allege conduct by Mr. Caputo, therefore no response is required.  Furthermore, paragraph 372 asserts legal conclusions to which no response is required.  To the extent that a response is deemed required, Mr. Caputo denies the allegations in paragraph 372.

373.    Paragraph 373 does not allege conduct by Mr. Caputo, therefore no response is required.  Furthermore, paragraph 373 asserts legal conclusions to which no response is required.

To the extent that a response is deemed required, Mr. Caputo denies the allegations in paragraph 373.

374.    Paragraph 374 alleges conduct by Defendants other than Mr. Caputo to which no response is required.  Furthermore, paragraph 374 asserts legal conclusions to which no response is required.  To the extent that paragraph 374 alleges conduct by Mr. Caputo and a response is deemed required, Mr. Caputo denies the allegations in paragraph 374.

375.    Paragraph 375 does not allege conduct by Mr. Caputo, therefore no response is required.  Furthermore, paragraph 375 asserts legal conclusions to which no response is required.  To the extent that a response is deemed required, Mr. Caputo denies the allegations in paragraph 375.

376.    Paragraph 376 alleges conduct by Defendants other than Mr. Caputo to which no response is required.  Furthermore, paragraph 376 asserts legal conclusions to which no response is required.  To the extent that paragraph 376 alleges conduct by Mr. Caputo and a response is deemed required, Mr. Caputo denies the allegations in paragraph 376.

377.    Paragraph 377 asserts legal conclusions to which no response is required.

378.    In response to the first sentence of paragraph 378, Mr. Caputo repeats and reasserts his answers to each and every allegation set forth in ¶¶ 331 to 377 above as if set forth fully herein.  Sentences two and three of paragraph 378 state legal conclusions to which no response is required.

379.    Paragraph 379 states a legal conclusion to which no response is required.

380.    Paragraph 380 does not allege conduct by Mr. Caputo, therefore no response is required.  Furthermore, paragraph 380 and asserts legal conclusions to which no response is

required.  To the extent that a response is deemed required, Mr. Caputo denies the allegations in paragraph 380.

381.    Paragraph 381 alleges conduct by Defendants other than Mr. Caputo to which no response is required.  Furthermore, paragraph 381 asserts legal conclusions to which no response is required.  To the extent that paragraph 381 alleges conduct by Mr. Caputo and a response is deemed required, Mr. Caputo denies the allegations in paragraph 381.

382.    Paragraph 382 alleges conduct by Defendants other than Mr. Caputo to which no response is required.  To the extent that paragraph 382 alleges conduct by Mr. Caputo and a response is deemed required, Mr. Caputo refers to the Rainbow Registration Statement and Rainbow Proxy/Prospectus cited in paragraph 382 for their full and complete contents, denies any allegation inconsistent therewith, and otherwise denies the allegations in paragraph 382.

383.    Paragraph 383 alleges conduct by Defendants other than Mr. Caputo to which no response is required.  Furthermore, paragraph 383 asserts legal conclusions to which no response is required.  To the extent that paragraph 383 alleges conduct by Mr. Caputo and a response is deemed required, Mr. Caputo denies the allegations in paragraph 383.

384.    Paragraph 384 asserts legal conclusions to which no response is required.  To the extent that a response is deemed required, Mr. Caputo denies the allegations in paragraph 384.

385.    Paragraph 385 alleges conduct by Defendants other than Mr. Caputo to which no response is required.  Furthermore, paragraph 385 asserts legal conclusions to which no response is required.  To the extent that paragraph 385 alleges conduct by Mr. Caputo and a response is deemed required, Mr. Caputo denies the allegations in paragraph 385.

*    *    *

Plaintiffs' prayer for relief and demand for judgment contain no allegations to which a response is required. To the that extent a response is deemed required, Mr. Caputo denies that Plaintiffs are entitled to any of the relief requested in subparagraphs 1 through 7.

All allegations that are not expressly admitted above are denied, and Mr. Caputo reserves the right to withdraw, amend, or modify his answers to the Complaint as later circumstances may warrant.

## AFFIRMATIVE DEFENSES

Mr. Caputo sets forth below his affirmative defenses to the Complaint. By setting forth these defenses, Mr. Caputo does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiffs and/or the purported class members. Moreover, nothing stated herein is intended or shall be construed as an acknowledgement that any particular issue or subject matter is relevant to the allegations of Plaintiffs and/or the purported class members.

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted against Mr. Caputo.

### SECOND DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs lack standing to pursue the claims alleged against Mr. Caputo.

### THIRD DEFENSE

Plaintiffs cannot establish that Mr. Caputo's conduct caused them any injury.

### FOURTH DEFENSE

Plaintiffs were not damaged by Mr. Caputo's conduct.

### FIFTH DEFENSE

The Complaint is not sufficiently particularized to satisfy the requirements of the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act.

### SIXTH DEFENSE

This action is not properly maintainable as a class action.

## SEVENTH DEFENSE

Plaintiffs' claims are barred by the applicable statute of limitations and/or laches.

## EIGHTH DEFENSE

None of the conduct alleged in the Complaint was material to the investment decisions of reasonable investors.

## NINTH DEFENSE

The claims asserted in the Complaint are barred because Plaintiffs have sustained no legally cognizable damage by virtue of any misrepresentation or omission alleged in the Complaint.  Such alleged misrepresentations and omissions did not cause or were not a material causal factor in the drop in SafeNet's stock price or value of which Plaintiffs complain.

## TENTH DEFENSE

Under any theory of liability, Plaintiffs may not recover damages from Mr. Caputo based on depreciation in value of SafeNet stock that resulted from factors other than the allegedly material misstatements or omissions attributed to Mr. Caputo in the Complaint.

## ELEVENTH DEFENSE

Plaintiff's losses, if any, were caused by market factors, superseding or intervening causes, and other factors for which Mr. Caputo is not responsible, or acts of other persons for which Mr. Caputo is not responsible, and did not result from any acts or omissions of Mr. Caputo.

## TWELFTH DEFENSE

The claims asserted in the Complaint are barred in whole or in part because Plaintiffs did not actually or reasonably rely on Mr. Caputo's statements alleged in the Complaint to be materially false or misleading when made.

## THIRTEENTH DEFENSE

SafeNet's public filings contained meaningful cautionary statements that preclude Plaintiffs from prevailing on their claims.

## FOURTEENTH DEFENSE

Plaintiffs failed to exercise due care or mitigate their damages with respect to the transactions or purchases that allegedly form the basis of the claims against SafeNet.

## FIFTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that they would have purchased SafeNet securities even with full knowledge of the facts that they allege were misrepresented or omitted.

## SIXTEENTH DEFENSE

Mr. Caputo is not liable to Plaintiffs because he did not act with the required state of mind regarding any of the alleged conduct on which the Complaint is based.

## SEVENTEENTH DEFENSE

Plaintiffs are not entitled to any recovery or remedy for their purported claims against Mr. Caputo to the extent that they (or persons acting on their behalf) knew, or in the exercise of reasonable diligence or care should have known, the facts concerning the allegedly material misstatements or omissions cited in the Complaint.

## EIGHTEENTH DEFENSE

To the extent Plaintiffs seek to establish reliance based on a "fraud on the market" presumption of market efficiency, such a presumption is inapplicable to the extent the markets for the SafeNet securities upon which Plaintiffs base their claims were not efficient.

## NINETEENTH DEFENSE

Plaintiffs assumed the risk that the market value of the SafeNet securities they purchased might decline as a result of unforeseeable events beyond the control of Mr. Caputo.

## TWENTIETH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because of the lack of transaction causation and/or loss causation.

## TWENTY-FIRST DEFENSE

The claims asserted in the Complaint are barred to the extent that they have been settled, compromised, released, or otherwise discharged.

## TWENTY-SECOND DEFENSE

Mr. Caputo is not liable for Plaintiff's claims because he relied in good faith upon the professional judgments of SafeNet's internal and outside auditors as to matters which he reasonably believed to be within such persons' professional or expert competence.

## TWENTY-THIRD DEFENSE

Mr. Caputo is not liable for Plaintiff's claims because he relied in good faith upon the information, opinions, reports or statements prepared or presented by one or more officers or employees of the Company whom Mr. Caputo reasonably believed to be reliable and competent in the matters presented.

## TWENTY-FOURTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that the damages sought exceed those permitted under the 1933 Act, the 1934 Act, or any other applicable rule or regulation promulgated thereunder.

### TWENTY-FIFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs benefited in any manner from the alleged inflated market price of the SafeNet securities.

### TWENTY-SIXTH DEFENSE

Plaintiffs' claims for equitable relief are barred, in whole or in part, because Plaintiffs have adequate remedies at law.

### TWENTY-SEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by various doctrines, including estoppel, unclean hands, *in pari delicto,* waiver, laches, undue delay, ratification and affirmance.

### TWENTY-EIGHTH DEFENSE

To the extent the Complaint challenges any statements attributable to Mr. Caputo that were forward-looking statements, Plaintiffs' claims are barred, in whole or in part, because such statements are protected by the Safe Harbor provisions of the PSLRA and/or by the bespeaks caution doctrine. Such statements were made without actual knowledge that the statement was false or misleading, were accompanied by meaningful cautionary statements identifying important factors that could cause actual results to differ materially from those in the forward-looking statement, and constitute expressions of honest opinion or corporate optimism.

### TWENTY-NINTH DEFENSE

Plaintiffs' claims against Mr. Caputo are barred, in whole or in part, because the public filings and other public statements made by SafeNet and/or attributed to Mr. Caputo and which Plaintiffs allegedly relied upon did not contain any material misrepresentations or omissions or because the misrepresentations or omissions allegedly relied upon by Plaintiffs were not material.

## THIRTIETH DEFENSE

With respect to the alleged violation of Section 20(a) of the 1934 Act, the Complaint lacks sufficient allegations that Mr. Caputo culpably participated in any act by SafeNet or any other person alleged to give rise to liability under Section 10(b) of the 1934 Act.

## THIRTY-FIRST DEFENSE

While Mr. Caputo denies any wrongdoing or fault of any kind whatsoever, or that Plaintiffs incurred any damages or losses as a result of any conduct by SafeNet or Argo, in the event that Mr. Caputo, or of Defendants, are found liable for any damages pursuant to Plaintiffs' claim under Section 10(b) of the 1934 Act, Defendants are not jointly and severally liable for the conduct of any other defendant or for damages caused by any other defendant or person.

## THIRTY-SECOND DEFENSE

While Mr. Caputo denies any wrongdoing or fault of any kind whatsoever, or that Plaintiffs incurred any damages or losses as a result of any conduct by Defendants, in the event that Defendants, or any of them, is found liable for any damages pursuant to Plaintiffs' claim under Section 10(b) of the 1934 Act, each of the Defendants is entitled to have his liability eliminated or diminished due to the culpable conduct of other persons or entities.

## THIRTY-THIRD DEFENSE

Any award of punitive or exemplary damages would violate the procedural and/or substantive due process safeguards provided under the Fifth, Sixth, Eighth and/or Fourteenth Amendments to the Constitution of the United States and/or under the Constitution of the State of Maryland and/or various federal and state statutes and regulations.

## THIRTY-FOURTH DEFENSE

The claims asserted in the Complaint are barred because Mr. Caputo had, after a reasonable and diligent investigation, reasonable grounds to believe, and did believe, at the time the registration statements and prospectuses became effective, that certain of the representations in the registration statements and prospectuses that Plaintiffs challenge were true and that as to those representations there were no misstatements of material fact or omissions of material fact that were necessary to make the representations therein not misleading.

## THIRTY-FIFTH DEFENSE

Mr. Caputo is not liable to the extent the acts or omissions alleged in the Complaint relate to any portion of the referenced registration statements and prospectuses that were reviewed by experts retained to assist in preparing the registration statements and prospectuses, as to which Mr. Caputo conducted a reasonable and diligent investigation.

## THIRTY-SIXTH DEFENSE

Mr. Caputo hereby gives notice that he intends to rely upon such other and further defenses as may become available or apparent during pre-trial proceedings in this case and hereby reserves his rights to amend his answer to assert any such defenses, and cross-claims or third-party claims of which he may become aware through discovery or other investigation.

\*    \*    \*

WHEREFORE, Mr. Caputo prays for entry of judgment in his favor and against Plaintiffs as follows:

1.    That the Court enter judgment in favor of Mr. Caputo, dismissing each and every claim for relief of the Complaint as to him with prejudice;

2.    That Plaintiff take nothing by reason of the Complaint herein;

3.       That Mr. Caputo recover his expenses, costs, and attorneys' fees in connection

with this lawsuit; and

4.       For such other and further relief as this Court deems just and proper.


Dated: June 10, 2010                                    Respectfully submitted,


                                                        _____/s/ John A. Freedman_____
                                                        John A. Freedman
                                                        Joshua P. Wilson (admitted *pro hac vice*)
                                                        Elizabeth J. Betta (admitted *pro hac vice*)
                                                        ARNOLD & PORTER, LLP
                                                        555 Twelfth St., N.W.
                                                        Washington, D.C., 20004-1206
                                                        Tel: (202) 942-5000
                                                        Fax: (202) 942-5999
                                                        *Counsel for Defendant Anthony A. Caputo*

## CERTIFICATE OF SERVICE

I certify that on this 10th day of June, 2010, I caused the foregoing **DEFENDANT ANTHONY A. CAPUTO'S ANSWER TO THE SECOND CONSOLIDATED AMENDED CLASS ACTION COMPLAINT** to be filed electronically.  I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system.


   /s/ Anthony D. Boccanfuso
    Anthony D. Boccanfuso