the referenced SafeNet Form 10-Q, which contains a complete and accurate statement of its contents.

196.    With respect to Paragraph 196, Ms. Argo respectfully refers the Court to the referenced Form 10-Q, which contains a complete and accurate statement of its contents.

197.    Paragraph 197 sets forth legal and accounting conclusions to which no response is required. To the extent a response is required, Ms. Argo denies the allegations, except that she admits that she pleaded guilty to a single count of securities fraud in connection with SafeNet stock options granted in October 2001 and, in connection with her plea, acknowledged that SafeNet's accounting for certain other stock option grants was wrong.

198.    No response to Paragraph 198 is required because Plaintiffs' claims pertaining to accounting issues unrelated to stock option grants have been dismissed by the Court's Order and Opinion dated August 5, 2009.

199.    Ms. Argo admits that SafeNet issued a press release on February 1, 2005 and refers to the quoted document for a complete and accurate statement of its contents.

200.    Ms. Argo admits that SafeNet issued a press release on February 1, 2005 and refers to the quoted document for a complete and accurate statement of its contents.

201.    Ms. Argo admits that SafeNet issued a press release on February 1, 2005 and refers to the quoted document for a complete and accurate statement of its contents. Ms. Argo otherwise denies the allegations in Paragraph 201.

202.    Ms. Argo admits that SafeNet issued a press release on February 1, 2005 and refers to the quoted document for a complete and accurate statement of its contents.

203.    Ms. Argo admits that SafeNet filed a Form 10-K for the year ended December 31, 2004 on March 16, 2005. Otherwise, Paragraph 203 sets forth legal and accounting conclusions to which no response is required. To the extent a response is required, Ms. Argo

denies the allegations, except that she admits that she pleaded guilty to a single count of securities fraud in connection with SafeNet stock options granted in October 2001 and, in connection with her plea, acknowledged that SafeNet's accounting for certain other stock option grants was wrong.

204.    Ms. Argo avers that the allegations of Paragraph 204 relate to claims that have been dismissed and as to which no response is required. Paragraph 204 also sets forth legal and accounting conclusions to which no response is required. To the extent a response is required, Ms. Argo denies the allegations.

205.    Ms. Argo avers that the allegations of Paragraph 205 relate to claims that have been dismissed and as to which no response is required. To the extent a response is required, Ms. Argo denies the allegations, except she admits that SafeNet held a conference call with analysts on February 1, 2005 and refers to the transcript of that conference call for a complete and accurate statement of its contents.

206.    Ms. Argo avers that the allegations of Paragraph 206 relate to claims that have been dismissed and as to which no response is required. The allegations in this paragraph also consist of legal conclusions as to which no response is required or appropriate. To the extent a response is required, Ms. Argo denies the allegations.

207.    With respect to Paragraph 207, Ms. Argo admits that SafeNet filed a Form 10-K with the SEC for the year ended December 31, 2004 on March 16, 2005, and respectfully refers the Court to the referenced Form 10-K, which contains a complete and accurate statement of its contents.

208.    With respect to Paragraph 208, Ms. Argo respectfully refers the Court to the referenced Form 10-K, which contains a complete and accurate statement of its contents.

209.    With respect to Paragraph 209, Ms. Argo respectfully refers the Court to the referenced Form 10-K, which contains a complete and accurate statement of its contents.

210.    Paragraph 210 sets forth legal and accounting conclusions to which no response is required.  To the extent a response is required, Ms. Argo denies the allegations, except that she admits that she pleaded guilty to a single count of securities fraud in connection with SafeNet stock options granted in October 2001 and, in connection with her plea, acknowledged that SafeNet's accounting for certain other stock option grants was wrong.

211.    No response to Paragraph 211 is required because Plaintiffs' claims pertaining to accounting issues unrelated to stock option grants have been dismissed by the Court's Order and Opinion dated August 5, 2009.

212.    With respect to Paragraph 212, Ms. Argo admits that SafeNet filed an amendment to its 2004 Form 10-K with the SEC on April 29, 2005 and respectfully refers the Court to the referenced Form 10-K/A, which contains a complete and accurate statement of its contents.

213.    With respect to Paragraph 213, Ms. Argo respectfully refers the Court to the referenced Form 10K/A, which contains a complete and accurate statement of its contents.

214.    Paragraph 214 sets forth legal and accounting conclusions to which no response is required.  To the extent a response is required, Ms. Argo denies the allegations, except that she admits that she pleaded guilty to a single count of securities fraud in connection with SafeNet stock options granted in October 2001 and, in connection with her plea, acknowledged that SafeNet's accounting for certain other stock option grants was wrong.

215.    No response to Paragraph 215 is required because Plaintiffs' claims pertaining to accounting issues unrelated to stock option grants have been dismissed by the Court's Order and Opinion dated August 5, 2009.

216.    With respect to Paragraph 216, Ms. Argo admits that SafeNet filed its Form 10-Q for the first quarter of 2005 with the SEC on May 10, 2005, and respectfully refers the Court to the referenced Form 10-Q, which contains a complete and accurate statement of its contents.

217.    Paragraph 217 sets forth legal and accounting conclusions to which no response is required.  To the extent a response is required, Ms. Argo denies the allegations, except that she admits that she pleaded guilty to a single count of securities fraud in connection with SafeNet stock options granted in October 2001 and, in connection with her plea, acknowledged that SafeNet's accounting for certain other stock option grants was wrong.

218.    No response to Paragraph 218 is required because Plaintiffs' claims pertaining to accounting issues unrelated to stock option grants have been dismissed by the Court's Order and Opinion dated August 5, 2009.

219.    With respect to Paragraph 219, Ms. Argo admits that SafeNet issued a definitive proxy statement on Form 14A on July 6, 2005, and respectfully refers the Court to the referenced Form 14A, which contains a complete and accurate statement of its contents.  The fifth sentence of Paragraph 219 sets forth legal conclusions to which no response is required.  To the extent a response is required, Ms. Argo denies the allegations, except that she admits that she pleaded guilty to a single count of securities fraud in connection with SafeNet stock options granted in October 2001 and, in connection with her plea, acknowledged that SafeNet's accounting for certain other stock option grants was wrong.

220.    Paragraph 220 sets forth legal and accounting conclusions to which no response is required.  To the extent a response is required, Ms. Argo denies the allegations, except that she admits that she pleaded guilty to a single count of securities fraud in connection with SafeNet stock options granted in October 2001 and, in connection with her plea, acknowledged that SafeNet's accounting for certain other stock option grants was wrong.

221.    With respect to Paragraph 221, Ms. Argo admits that SafeNet filed a Form 8-K with the SEC on July 26, 2005, respectfully refers the Court to the referenced Form 8-K, which contains a complete and accurate statement of its contents, and otherwise denies the allegations.

222.    Paragraph 222 sets forth legal and accounting conclusions to which no response is required. To the extent a response is required, Ms. Argo denies the allegations, except that she admits that she pleaded guilty to a single count of securities fraud in connection with SafeNet stock options granted in October 2001 and, in connection with her plea, acknowledged that SafeNet's accounting for certain other stock option grants was wrong.

223.    With respect to Paragraph 223, Ms. Argo admits that SafeNet filed its Form 10-Q for the second quarter of 2005 with the SEC on August 9, 2005, and respectfully refers the Court to the referenced Form 10-Q, which contains a complete and accurate statement of its contents.

224.    No response to Paragraph 224 is required because Plaintiffs' claims pertaining to accounting issues unrelated to stock option grants have been dismissed by the Court's Order and Opinion dated August 5, 2009.

225.    To the extent the first sentence of Paragraph 225 purports to describe the content of certain SafeNet SEC filings, Ms. Argo respectfully refers the Court to the referenced filings, which contain a complete and accurate statement of their. The second sentence of Paragraph 225 sets forth legal and accounting conclusions to which no response is required. To the extent a response is required, Ms. Argo denies the allegations, except that she admits that she pleaded guilty to a single count of securities fraud in connection with SafeNet stock options granted in October 2001 and, in connection with her plea, acknowledged that SafeNet's accounting for certain other stock option grants was wrong.

226.      With respect to Paragraph 226, Ms. Argo admits that SafeNet filed a Form 10-Q for the third quarter of 2005 with the SEC on November 9, 2005, and respectfully refers the Court to the referenced Form 10-Q, which contains a complete and accurate statement of its contents.

227.      With respect to Paragraph 227, Ms. Argo respectfully refers the Court to the referenced Form 10-Q, which contains a complete and accurate statement of its contents.

228.      Paragraph 228 sets forth legal and accounting conclusions to which no response is required. To the extent a response is required, Ms. Argo denies the allegations, except that she admits that she pleaded guilty to a single count of securities fraud in connection with SafeNet stock options granted in October 2001 and, in connection with her plea, acknowledged that SafeNet's accounting for certain other stock option grants was wrong.

229.      No response is required to Paragraph 229 because Plaintiffs' claims pertaining to accounting issues unrelated to stock option grants have been dismissed by the Court's Order and Opinion dated August 5, 2009.

230.      With respect to Paragraph 230, Ms. Argo admits that SafeNet filed its Form 10-K for the year ended December 31, 2005 with the SEC on March 16, 2006, and respectfully refers the Court to the referenced Form 10-K, which contains a complete and accurate statement of its contents.

231.      With respect to Paragraph 231, Ms. Argo respectfully refers the Court to the referenced Form 10-K, which contains a complete and accurate statement of its contents.

232.      With respect to Paragraph 232, Ms. Argo respectfully refers the Court to the referenced Form 10-K, which contains a complete and accurate statement of its contents.

233.      Paragraph 233 sets forth legal and accounting conclusions to which no response is required. To the extent a response is required, Ms. Argo denies the allegations, except that she

admits that she pleaded guilty to a single count of securities fraud in connection with SafeNet stock options granted in October 2001 and, in connection with her plea, acknowledged that SafeNet's accounting for certain other stock option grants was wrong.

234.    No response is required to Paragraph 234 because Plaintiffs' claims pertaining to accounting issues unrelated to stock option grants have been dismissed by the Court's Order and Opinion dated August 5, 2009.

235.    With respect to Paragraph 235, Ms. Argo admits that SafeNet filed a Form 10-Q for the first quarter of 2006 with the SEC on May 10, 2006, and respectfully refers the Court to the referenced Form 10-Q, which contains a complete and accurate statement of its contents.

236.    With respect to Paragraph 236, Ms. Argo respectfully refers the Court to the referenced Form 10-Q, which contains a complete and accurate statement of its contents.

237.    With respect to Paragraph 237, Ms. Argo respectfully refers the Court to the referenced Form 10-Q, which contains a complete and accurate statement of its contents.

238.    With respect to Paragraph 238, Ms. Argo respectfully refers the Court to the referenced Form 10-Q, which contains a complete and accurate statement of its contents.

239.    With respect to Paragraph 239, Ms. Argo respectfully refers the Court to the referenced Form 10-Q, which contains a complete and accurate statement of its contents.

240.    Paragraph 240 sets forth legal and accounting conclusions to which no response is required.  To the extent a response is required, Ms. Argo denies the allegations, except that she admits that she pleaded guilty to a single count of securities fraud in connection with SafeNet stock options granted in October 2001 and, in connection with her plea, acknowledged that SafeNet's accounting for certain other stock option grants was wrong.

241.    No response is required to Paragraph 241 because Plaintiffs' claims pertaining to accounting issues unrelated to stock option grants have been dismissed by the Court's Order and Opinion dated August 5, 2009.

242.    Ms. Argo admits that she signed, or caused her signature to appear on, certain SafeNet SEC filings and certifications, and Ms. Argo respectfully refers the Court to such documents, which contain a complete and accurate statement of their contents. The third and fifth sentences of Paragraph 242 set forth legal and accounting conclusions to which no response is required. To the extent a response is required, Ms. Argo denies the allegations, except that she admits that she pleaded guilty to a single count of securities fraud in connection with SafeNet stock options granted in October 2001 and, in connection with her plea, acknowledged that SafeNet's accounting for certain other stock option grants was wrong.

243.    No response is required to Paragraph 243 because Plaintiffs' claims pertaining to accounting issues unrelated to stock option grants have been dismissed by the Court's Order and Opinion dated August 5, 2009. To the extent a response is required, Ms. Argo denies the allegations, except she admits that SafeNet issued a press release on February 2, 2006, which was later filed with the SEC as an exhibit to a Form 8-K, and refers to that document for a complete and accurate statement of its content.

244.    Ms. Argo incorporates by reference her answer to Paragraph 243.

245.    Ms. Argo incorporates by reference her answer to Paragraph 243.

246.    No response is required to Paragraph 246 because Plaintiffs' claims pertaining to accounting issues unrelated to stock option grants have been dismissed by the Court's Order and Opinion dated August 5, 2009. To the extent a response is required, Ms. Argo denies the allegations, except she admits that the referenced analyst report was issued on the date indicated and refers to that document for a complete and accurate statement of its content.

- 46 -

247.    Ms. Argo incorporates by reference her answer to Paragraph 246.

248.    No response is required to Paragraph 248 because Plaintiffs' claims pertaining to accounting issues unrelated to stock option grants have been dismissed by the Court's Order and Opinion dated August 5, 2009.  To the extent a response is required, Ms. Argo denies the allegations, except admits that SafeNet's stock price closed at the referenced per share prices on February 2 and 3, 2006, and that the reported volume of SafeNet shares traded on February 3, 2006 was 5,860,500 shares.

249.    No response is required to Paragraph 249 because Plaintiffs' claims pertaining to accounting issues unrelated to stock option grants have been dismissed by the Court's Order and Opinion dated August 5, 2009.  To the extent a response is required, Ms. Argo denies the allegations, except admits that SafeNet filed a Form 10-Q/A on February 27, 2006, and refers to that document for a complete and accurate statement of its contents.

250.    No response is required to Paragraph 250 because Plaintiffs' claims pertaining to accounting issues unrelated to stock option grants have been dismissed by the Court's Order and Opinion dated August 5, 2009.  To the extent a response is required, Ms. Argo denies the allegations, except admits that SafeNet issued a press release and filed a Form 8-K/A on March 13, 2006, and refers to those documents for a complete and accurate statement of their contents.

251.    No response is required to Paragraph 251 because Plaintiffs' claims pertaining to accounting issues unrelated to stock option grants have been dismissed by the Court's Order and Opinion dated August 5, 2009.  To the extent a response is required, Ms. Argo denies the allegations and refers to SafeNet's March 13, 2006 Form 8-K/A for the effect of the restatement on SafeNet's second quarter 2005 results.

252.    No response is required to Paragraph 252 because Plaintiffs' claims pertaining to accounting issues unrelated to stock option grants have been dismissed by the Court's Order

and Opinion dated August 5, 2009. To the extent a response is required, Ms. Argo denies the allegations, except admits that SafeNet filed Form 8-K/A on March 13, 2006, and refers to that document for a complete and accurate statement of its contents.

253.    Ms. Argo admits that SafeNet issued a Form 10-K for the year 2005 on March 16, 2005. Otherwise, Paragraph 253 sets forth legal conclusions to which no response is required. To the extent a response is required, Ms. Argo denies the allegations, except that she admits that she pleaded guilty to a single count of securities fraud in connection with SafeNet stock options granted in October 2001 and, in connection with her plea, acknowledged that SafeNet's accounting for certain other stock option grants was wrong.

254.    No response is required to Paragraph 254 because Plaintiffs' claims pertaining to accounting issues unrelated to stock option grants have been dismissed by the Court's Order and Opinion dated August 5, 2009. To the extent a response is required, Ms. Argo denies the allegations, except admits that SafeNet issued a press release and filed a Form 8-K on April 6, 2006, and refers to those documents for a complete and accurate statement of their contents.

255.    Ms. Argo denies the allegations in the first sentence of Paragraph 255. With respect to the second sentence, Ms. Argo lacks information or knowledge sufficient to form a belief as to the date when the SEC served its first document request on SafeNet, and otherwise denies the allegations.

256.    No response is required to Paragraph 256 because Plaintiffs' claims pertaining to accounting issues unrelated to stock option grants have been dismissed by the Court's Order and Opinion dated August 5, 2009. To the extent a response is required, Ms. Argo denies the allegations, except admits that SafeNet's stock price closed at the referenced prices on April 6 and 7, 2006, that the reported volume of SafeNet shares on April 7, 2006 was 6,199,500, and refers to the quoted Associated Press report for a complete and accurate statement of its contents.

257.    No response is required to Paragraph 257 because Plaintiffs' claims pertaining to accounting issues unrelated to stock option grants have been dismissed by the Court's Order and Opinion dated August 5, 2009.  To the extent a response is required, Ms. Argo denies the allegations, except admits that SafeNet filed a Form 10-Q/A for the third quarter of 2005 on May 1, 2006, and refers to that document for a complete and accurate statement of its contents.

258.    Ms. Argo avers that no response is required to Paragraph 258 because Plaintiffs' claims pertaining to accounting issues unrelated to stock option grants have been dismissed by the Court's Order and Opinion dated August 5, 2009.  Paragraph 258 also sets forth legal and accounting conclusions to which no response is required.   To the extent a response is required, Ms. Argo denies the allegations, except admits that SafeNet filed a Form 10-Q/A for the third quarter of 2005 on May 1, 2006 and refers to that document for a complete and accurate statement of its contents.

259.    Ms. Argo avers that no response is required to Paragraph 259 because Plaintiffs' claims pertaining to accounting issues unrelated to stock option grants have been dismissed by the Court's Order and Opinion dated August 5, 2009.  To the extent a response is required, Ms. Argo denies the allegations, except admits that the SEC conducted an investigation of SafeNet, issued certain document requests to SafeNet in connection with that investigation, and refers to those document requests for a complete and accurate statement of their contents.

260.    With respect to Paragraph 260, Ms. Argo admits that SafeNet issued a press release on May 18, 2006, respectfully refers the Court to the referenced press release, which contains a complete and accurate statement of its contents, and otherwise denies the allegations.

261.    Ms. Argo denies the allegations of the first and third sentences of Paragraph 261, except that she admits that SafeNet's stock price closed at $19.21 per share on May 18, 2006, $14.93 per share on May 19, 2006 and $32.72 per share on February 2, 2006, and avers

that she lacks knowledge or information sufficient to form a belief as to the truth of the

allegations of the second sentence of Paragraph 261 and denies the allegations on that basis.

262.    With respect to Paragraph 262, Ms. Argo lacks information or knowledge

sufficient to form a belief as to the truth of the allegations concerning the reaction of analysts to

SafeNet's May 18, 2006 disclosure and, on that basis, the allegations are denied.  With respect to

the second sentence, Ms. Argo respectfully refers the Court to the referenced analyst report,

which contains a complete and accurate statement of its contents.

263.    With respect to Paragraph 263, Ms. Argo respectfully refers the Court to the

referenced analyst reports, which contain a complete and accurate statement of their contents.

264.    Paragraph 264 sets forth arguments, rather than factual allegations, to which no

response is required.  To the extent a response is required, Ms. Argo denies the allegations.

265.    With respect to Paragraph 265, Ms. Argo respectfully refers the Court to the

referenced press release, which contains a complete and accurate statement of its contents.

266.    With respect to Paragraph 266, Ms. Argo respectfully refers the Court to the

referenced SafeNet SEC filings, which contain a complete and accurate statement of their

contents.

267.    No response is required to Paragraph 267 because Plaintiffs' claims pertaining

to accounting issues unrelated to stock option grants have been dismissed by the Court's Order

and Opinion dated August 5, 2009.

268.    Ms. Argo admits that the United States Attorney for the Southern District of

New York filed a criminal indictment against her on July 25, 2007, that the SEC filed a civil

injunctive action against her on August 1, 2007, and she respectfully refers the Court to those

documents, which contain a complete and accurate statement of their contents.  Ms. Argo

otherwise denies the allegations in Paragraph 268.

269.    With respect to Paragraph 269, Ms. Argo admits that, on October 5, 2007 she pleaded guilty to a single count of securities fraud in connection with SafeNet stock options granted in October 2001. Ms. Argo respectfully refers the Court to the transcript of her plea allocution.

270.    With respect to the first two sentences of Paragraph 270, Ms. Argo respectfully refers the Court to the referenced documents, which contain a complete and accurate statement of their contents. The first sentence sets forth legal and accounting conclusions for which no response is required. To the extent a response is required, Ms. Argo denies the allegations, except she admits that she pleaded guilty to a single count of securities fraud in connection with SafeNet stock options granted in October 2001 and, in connection with her plea, acknowledged that SafeNet's accounting for certain other stock option grants was wrong. To the extent the allegations are directed to defendants other than Ms. Argo, no response is required. To the extent a response is required, Ms. Argo lacks knowledge or sufficient information to form a belief as to the truth of such allegations and, on that basis, such allegations are denied. With respect to the third sentence, Ms. Argo admits that, on January 28, 2008, she was sentenced to six months in prison and fined $1 million in connection with her plea before the United States District Court for the Southern District of New York, and admits that, as of the date of the Amended Complaint, the SEC's charges against her were still pending.

271.    Ms. Argo denies the allegations in Paragraph 271, except (a) admits that on November 10, 2009 the SEC filed a complaint against SafeNet and others, (b) admits that on November 12, 2009, the SEC issued a press release concerning a settlement with SafeNet and others, and (c) refers to those documents for a complete and accurate statement of their contents.

272.    With respect to the first and second sentences of Paragraph 272, Ms. Argo avers that she lacks sufficient knowledge or information to form a belief as to the truth of the

- 51 -

allegations and, on that basis, the allegations are denied. Ms. Argo also denies that the allegations in Paragraph 272 provide a complete and accurate description of GAAP, and refers to the quoted and referenced documents for a complete and accurate statement of their contents.

273.    To the extent Paragraph 273 relates to Plaintiffs' claims pertaining to accounting issues unrelated to stock option grants that have been dismissed by the Court's Order and Opinion dated August 5, 2009, no response is required. With respect to the remainder of the allegations, Paragraph 273 sets forth legal and accounting conclusions for which no response is necessary. To the extent a response is required, Ms. Argo denies the allegations, except that she admits that she pleaded guilty to a single count of securities fraud in connection with SafeNet stock options granted in October 2001 and, in connection with her plea, acknowledged that SafeNet's accounting for certain other stock option grants was wrong. To the extent the allegations are directed to defendants other than Ms. Argo, no response is required. To the extent a response is required, Ms. Argo lacks knowledge or sufficient information to form a belief as to the truth of such allegations and, on that basis, such allegations are denied.

274.    Ms. Argo denies that the allegations of Paragraph 274 provide a complete or accurate description of SEC rules regulations and the Sarbanes-Oxley Act of 2002, and refers to the SEC rules and regulations and the Sarbanes-Oxley Act for a complete and accurate statement of their contents.

275.    Ms. Argo admits that, prior to 2006, if a publicly traded company issued options with an exercise price less than the market price of the company's stock on the measurement date for the options, the company was required to recognize compensation expense in its financial statements, and refers to the applicable SEC rules and regulations and APB 25 for a complete and accurate statement of their contents. Ms. Argo respectfully refers the Court to SafeNet's financial statements filed with the SEC for a complete and accurate statement of their

contents. With respect to the remainder of the allegations, Paragraph 275 sets forth legal and

accounting conclusions for which no response is necessary. To the extent a response is required,

Ms. Argo denies the allegations, except that she admits that she pleaded guilty to a single count

of securities fraud in connection with SafeNet stock options granted in October 2001 and, in

connection with her plea, acknowledged that SafeNet's accounting for certain other stock option

grants was wrong.

276.    Paragraph 276 relates to Plaintiffs' claims pertaining to accounting issues

unrelated to stock option grants that have been dismissed by the Court's Order and Opinion

dated August 5, 2009 and no response is required. To the extent a response is required, Ms.

Argo respectfully refers the court to the referenced documents for a complete and accurate

statement of their contents and otherwise denies the allegations.

277.    Ms. Argo incorporates by reference her answer to Paragraph 276.

278.    Ms. Argo incorporates by reference her answer to Paragraph 276.

279.    Ms. Argo incorporates by reference her answer to Paragraph 276.

280.    Ms. Argo denies the allegations in Paragraph 280, except that she admits that

she pleaded guilty to a single count of securities fraud in connection with SafeNet stock options

granted in October 2001 and, in connection with her plea, acknowledged that SafeNet's

accounting for certain other stock option grants was wrong. To the extent the allegations are

directed to defendants other than Ms. Argo, no response is required. To the extent a response is

required, Ms. Argo lacks knowledge or sufficient information to form a belief as to the truth of

such allegations and, on that basis, such allegations are denied.

281.    Ms. Argo denies the allegations Paragraph 281, except that she admits that her

compensation was, in part, based on SafeNet's financial performance, that stock options are a

form of employee compensation and that the value of stock options depends in part on their strike price.

282.    Ms. Argo denies the allegations in Paragraph 282, except (a) admits that on November 10, 2009 the SEC filed a complaint against SafeNet and others, and (b) refers to that document for a complete and accurate statement of its contents.

283.    To the extent the allegations in Paragraph 283 are directed to parties other than Ms. Argo, no response is required. To the extent a response is required, Ms. Argo lacks knowledge or sufficient information to form a belief as to the truth of such allegations and, on that basis, such allegations are denied. To the extent the allegations in Paragraph 283 directed to Ms. Argo relate to non-option allegations which have been dismissed, no response is required. To the extent a response is required, Ms. Argo denies the allegations in Paragraph 283.

284.    To the extent the allegations in Paragraph 284 are directed to parties other than Ms. Argo, no response is required. To the extent a response is required, Ms. Argo lacks knowledge or sufficient information to form a belief as to the truth of such allegations and, on that basis, such allegations are denied. To the extent the allegations in Paragraph 284 directed to Ms. Argo relate to non-option allegations which have been dismissed, no response is required. To the extent a response is required, Ms. Argo denies the allegations in Paragraph.

285.    To the extent the allegations in Paragraph 285 relate to non-option allegations which have been dismissed, no response is required. To the extent a response is required, Ms. Argo denies the allegations.

286.    With respect to Paragraph 286, Ms. Argo admits that she sold 30,000 shares of SafeNet stock on November 30, 2004 at $36.01, but otherwise denies the description of her sale. Ms. Argo lacks information or knowledge sufficient to form a belief as to the truth of the allegations and, on that basis, the allegations are denied.

- 54 -

287.    To the extent the allegations in Paragraph 287 are directed to parties other than Ms. Argo, no response is required.  To the extent a response is required, Ms. Argo lacks knowledge or sufficient information to form a belief as to the truth of such allegations and, on that basis, such allegations are denied.  To the extent the allegations in Paragraph 287 directed to Ms. Argo relate to non-option allegations which have been dismissed, no response is required.  Ms. Argo otherwise denies the allegations in Paragraph 287, except she admits that SafeNet acquired Rainbow Technologies on March 15, 2004 and MediaSentry, Inc. on June 1, 2005.

288.    To the extent the allegations in Paragraph 288 are directed to parties other than Ms. Argo, no response is required.  To the extent a response is required, Ms. Argo lacks knowledge or sufficient information to form a belief as to the truth of such allegations and, on that basis, such allegations are denied.  Ms. Argo otherwise denies the allegations in Paragraph 288 directed to her.

289.    Ms. Argo admits the allegations in the first and second sentences of Paragraph 289, and denies the allegations in the third sentence of Paragraph 289.

290.    Ms. Argo denies the allegations in Paragraph 290, except admits that on September 29, 2005, the Company announced that it had been awarded a $150 million contract by the Department of Defense for its KIV-7M link encryptor, and respectfully refers the Court to the referenced report, which contains a complete and accurate statement of its contents.

291.    With respect to Paragraph 291, Ms. Argo admits that Plaintiffs brought this action on their own behalf and purportedly as a Class pursuant to Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure.

292.    Paragraph 292 states legal conclusions as to which no response is required.  To the extent a response is necessary, Ms. Argo denies the allegations.

293.     With respect to Paragraph 293, Ms. Argo admits that Plaintiffs purport to exclude the listed persons and entities from their definitions of the Class.

294.     With respect to Paragraph 294, Ms. Argo admits that prior to its acquisition, SafeNet was traded on the NASDAQ electronic exchange, respectfully refers the Court to trading records published by NASDAQ that reflect purported volumes of shares traded, and further admits that securities analysts published reports about SafeNet during the Class Period. Ms. Argo lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 294, and denies the allegations on that basis.

295.     Paragraph 295 sets forth legal conclusions as to which no response is required, and Ms. Argo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 295, and on this basis the allegations are denied. Ms. Argo respectfully refers the Court to SafeNet's records and documents with respect to the allegations in Paragraph 295 relating to shares of SafeNet, Inc. and Rainbow Technologies.

296.     Paragraph 296 sets forth legal conclusions as to which no response is required. To the extent a response is necessary, Ms. Argo denies the allegations.

297.     Paragraph 297 sets forth legal conclusions as to which no response is required, and Ms. Argo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 297, and the allegations are denied on this basis.

298.     Paragraph 298 sets forth legal conclusions to which no response is required, and to the extent a response is required, Ms. Argo denies that any Class or Subclass member suffered damages as a result of SafeNet's conduct, and otherwise denies the allegations in this Paragraph.

299.     Paragraph 299 sets forth legal conclusions to which no response is required. To the extent a response is necessary, Ms. Argo denies the allegations.

300.     Ms. Argo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 300, which purport to relate to Plaintiffs' state of mind, and the allegations are denied on this basis.

301.     Ms. Argo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 301, and denies the allegations on this basis.

302.     The first two lines of Paragraph 302 set forth a legal conclusion to which no response is required.  To the extent a response is necessary, Ms. Argo denies the allegations.  With respect to subparts (a) through (d) Ms. Argo admits that SafeNet traded on the NASDAQ listing, made periodic filings with the SEC, issued press releases and was followed by analysis, and otherwise denies the allegations.

303.     Ms. Argo denies the allegations in Paragraph 303.

## COUNT I

304.     Ms. Argo incorporates her responses to Paragraphs 1 through 303 as though fully set forth herein.

305.     To the extent the allegations in Paragraph 305 are directed to parties other than Ms. Argo, no response is required.  To the extent a response is required, Ms. Argo lacks knowledge or sufficient information to form a belief as to the truth of such allegations and, on that basis, such allegations are denied.   Otherwise, the allegations in Paragraph 305 set forth legal conclusions for which no response is required.  To the extent a response is required, Ms. Argo denies the allegations in Paragraph 305, except that she admits that SafeNet engaged in certain acts and conduct alleged in the Complaint and not denied herein, and that she pleaded guilty to a single count of securities fraud in connection with SafeNet stock options granted in October 2001 and, in connection with her plea, acknowledged that SafeNet's accounting for certain other stock option grants was wrong.

306.     To the extent the allegations in Paragraph 306 are directed to parties other than Ms. Argo, no response is required.  To the extent a response is required, Ms. Argo lacks knowledge or sufficient information to form a belief as to the truth of such allegations and, on that basis, such allegations are denied.  Otherwise, the allegations in Paragraph 306 set forth legal conclusions to which no response is required.  To the extent a response is necessary, Ms. Argo denies the allegations, except that she admits that SafeNet engaged in certain acts and conduct alleged in the Complaint and not denied herein, and that she pleaded guilty to a single count of securities fraud in connection with SafeNet stock options granted in October 2001 and, in connection with her plea, acknowledged that SafeNet's accounting for certain other stock option grants was wrong.

307.     Ms. Argo incorporates by reference her answer to Paragraph 306.

308.     Ms. Argo incorporates by reference her answer to Paragraph 306.

309.     Ms. Argo incorporates by reference her answer to Paragraph 306.

310.     Ms. Argo incorporates by reference her answer to Paragraph 306.

311.     Ms. Argo denies the allegations in Paragraph 311 as it relates to her.

312.     Ms. Argo denies the allegations in Paragraph 312.

313.     Paragraph 313 states legal conclusions for which no response is required.  To the extent a response is required, Ms. Argo denies the allegations in Paragraph 313.

314.     Ms. Argo denies the allegations in Paragraph 314.

315.     Ms. Argo denies the allegations in Paragraph 315.

316.     Ms. Argo denies the allegations in Paragraph 316.

## COUNT II

317.     Ms. Argo incorporates her responses to Paragraphs 1 through 316 as though fully set forth herein.

318.    Paragraph 318 states legal conclusions for which no response is required.  To the extent a response is required, Ms. Argo denies the allegations, except that she admits that she was an officer at SafeNet and that she pleaded guilty to a single count of securities fraud in connection with SafeNet stock options granted in October 2001 and, in connection with her plea, acknowledged that SafeNet's accounting for certain other stock option grants was wrong.

319.    Ms. Argo denies the allegations in Paragraph 319.

320.    Ms. Argo denies the allegations in Paragraph 320.

## COUNT III

321.    No response is required to this Paragraph because Plaintiffs' claims with respect to Count III were  dismissed by the Court's Opinion and Order dated August 5, 2009.

322.    Ms. Argo incorporates by reference her answer to Paragraph 321.

323.    Ms. Argo incorporates by reference her answer to Paragraph 321.

324.    Ms. Argo incorporates by reference her answer to Paragraph 321.

325.    Ms. Argo incorporates by reference her answer to Paragraph 321.

326.    Ms. Argo incorporates by reference her answer to Paragraph 321.

327.    Ms. Argo incorporates by reference her answer to Paragraph 321.

328.    Ms. Argo incorporates by reference her answer to Paragraph 321.

329.    Ms. Argo incorporates by reference her answer to Paragraph 321.

330.    Ms. Argo incorporates by reference her answer to Paragraph 321.

## COUNT IV

331.    No response is required to this Paragraph because Plaintiffs' claims with respect to Count IV were dismissed by the Court's Opinion and Order dated August 5, 2009.

332.    Ms. Argo incorporates by reference her answer to Paragraph 331.

333.    Ms. Argo incorporates by reference her answer to Paragraph 331.

334.    Ms. Argo incorporates by reference her answer to Paragraph 331.

**COUNT V**

335.    No response is required to this Paragraph because Ms. Argo is not named as a defendant in Count V and Plaintiffs' claims with respect to Count V were dismissed by the Court's order dated August 5, 2009.

336.    Ms. Argo incorporates by reference her answer to Paragraph 335.

337.    Ms. Argo incorporates by reference her answer to Paragraph 335.

338.    Ms. Argo incorporates by reference her answer to Paragraph 335.

339.    Ms. Argo incorporates by reference her answer to Paragraph 335.

340.    Ms. Argo incorporates by reference her answer to Paragraph 335.

341.    Ms. Argo incorporates by reference her answer to Paragraph 335.

342.    Ms. Argo incorporates by reference her answer to Paragraph 335.

**COUNT VI**

343.    Ms. Argo denies Paragraph 343, other than to admit that it purports to describe the claim Plaintiffs allege.  The second sentence of Paragraph 343 sets forth a legal conclusion for which no response is required.

344.    Paragraph 344 sets forth a legal conclusion to which no response is required. To the extent a response is necessary, Ms. Argo denies the allegations.

345.    To the extent Paragraph 345 incorporates allegations pertaining to accounting issues unrelated to stock option grants that have been dismissed by the Court's Order and Opinion dated August 5, 2009, no response is required.  Ms. Argo denies the remainder of the allegations in Paragraph 345.

346.    To the extent Paragraph 346 incorporates allegations pertaining to accounting issues unrelated to stock option grants that have been dismissed by the Court's Order and

Opinion dated August 5, 2009, no response is required. Paragraph 346 also sets forth legal conclusions as to which no response is required. To the extent a response is required, Ms. Argo incorporates by reference her responses to Paragraphs 1 to 279 and Paragraphs 291 to 303, and otherwise denies the allegations.

347.     With respect to Paragraph 347, Ms. Argo admits that SafeNet issued a press release on October 22, 2003 and that its stock price closed at $41.02 that same day. Ms. Argo respectfully refers the Court to the referenced press release, which contains a complete and accurate statement of its contents, and otherwise denies the allegations.

348.     The first, second and third sentences of Paragraph 348 refer to filings made by SafeNet with the SEC, and Ms. Argo respectfully refers the Court to these filings, which contain a complete and accurate statement of their contents. To the extent the fourth sentence incorporates allegations pertaining to accounting issues unrelated to stock option grants that have been dismissed by the Court's Order and Opinion dated August 5, 2009, no response is required. To the extent the fourth sentence sets forth legal conclusions, no response is required. To the extent a response is required, Ms. Argo denies the allegation.

349.     Paragraph 349 refers to filings made by SafeNet with the SEC, and Ms. Argo respectfully refers the Court to these filings, which contain a complete and accurate statement of their contents. To the extent the third sentence incorporates allegations pertaining to accounting issues unrelated to stock option grants that have been dismissed by the Court's Order and Opinion dated August 5, 2009 or sets forth legal conclusions, no response is required. To the extent a response is required, Ms. Argo denies the allegation.

350.     The first, second, third and fourth sentences of Paragraph 350 refer to filings made by SafeNet with the SEC, and Ms. Argo respectfully refers the Court to these filings,

which contain a complete and accurate statement of their contents. Ms. Argo admits that

SafeNet's stock price closed at $39.99 on February 9, 2004, and otherwise denies the allegations.

351.    With respect to Paragraph 351, Ms. Argo respectfully refers the Court to the

referenced SEC filing, which contains a complete and accurate statement of its contents.

352.    Ms. Argo admits that the shareholders of Rainbow approved SafeNet's

acquisition of Rainbow. The third sentence of Paragraph 352 sets forth a legal conclusion for

which no response is required. To the extent a response is required, Ms. Argo denies the

allegation.

353.    With respect to Paragraph 353, Ms. Argo admits that SafeNet acquired

Rainbow Technologies and that SafeNet's stock price closed at $37.34 on March 16, 2004. Ms.

Argo respectfully refers the Court to the documents related to the Rainbow acquisition, which

contain a complete and accurate statement of the terms of the acquisition, and otherwise denies

the allegations.

354.    To the extent Paragraph 354 incorporates allegations pertaining to accounting

issues unrelated to stock option grants that have been dismissed by the Court's Order and

Opinion dated August 5, 2009, no response is required. Paragraph 354 also sets forth legal

conclusions as to which no response is required. To the extent a response is required, Ms. Argo

denies the allegations.

355.    To the extent Paragraph 355 incorporates allegations pertaining to accounting

issues unrelated to stock option grants that have been dismissed by the Court's Order and

Opinion dated August 5, 2009, no response is required. The remaining allegations in Paragraph

355 set forth legal conclusions to which no response is required. To the extent a response is

necessary, Ms. Argo denies the allegations, except that she admits that she pleaded guilty to a

single count of securities fraud in connection with SafeNet stock options granted in October

2001 and, in connection with her plea, acknowledged that SafeNet's accounting for certain other stock option grants was wrong and states that she is aware that SafeNet has concluded that the accounting for certain option grants was incorrect. Ms. Argo respectfully refers the Court to the referenced SafeNet SEC filing, which contains a complete and accurate statement of its contents.

356.    With respect to Paragraph 356, Ms. Argo respectfully refers the Court to the referenced SafeNet SEC filing, which contains a complete and accurate statement of its contents. Otherwise, the allegations in Paragraph 356 set forth legal conclusions to which no response is required. To the extent a response is necessary, Ms. Argo denies the allegations, except that she admits that she pleaded guilty to a single count of securities fraud in connection with SafeNet stock options granted in October 2001 and, in connection with her plea, acknowledged that SafeNet's accounting for certain other stock option grants was wrong.

357.    To the extent Paragraph 357 incorporates allegations pertaining to accounting issues unrelated to stock option grants that have been dismissed by the Court's Order and Opinion dated August 5, 2009, no response is required. Otherwise, the allegations in Paragraph 357 set forth legal conclusions to which no response is required. To the extent a response is necessary, Ms. Argo denies the allegations, except that she admits that she pleaded guilty to a single count of securities fraud in connection with SafeNet stock options granted in October 2001 and, in connection with her plea, acknowledged that SafeNet's accounting for certain other stock option grants was wrong. Ms. Argo respectfully refers the Court to the referenced SafeNet SEC filing, which contains a complete and accurate statement of its contents.

358.    Paragraph 358 sets forth legal conclusions for which no response is required. To the extent a response is required, Ms. Argo denies the allegations, except she admits that she participated in the preparation of the referenced proxy and prospectus and recommended that the Rainbow shareholders approve the acquisition.

- 63 -

359.    To the extent Paragraph 359 incorporates allegations pertaining to accounting issues unrelated to stock option grants that have been dismissed by the Court's Order and Opinion dated August 5, 2009, no response is required.  Otherwise, Paragraph 359 sets forth legal conclusions for which no response is required.  To the extent a response is required, Ms. Argo denies the allegations.

360.    To the extent Paragraph 360 incorporates allegations pertaining to accounting issues unrelated to stock option grants that have been dismissed by the Court's Order and Opinion dated August 5, 2009, no response is required.  Otherwise, Paragraph 360 sets forth legal conclusions for which no response is required.  To the extent a response is required, Ms. Argo denies the allegations.

361.    To the extent Paragraph 361 incorporates allegations pertaining to accounting issues unrelated to stock option grants that have been dismissed by the Court's Order and Opinion dated August 5, 2009, no response is required.  Otherwise, Paragraph 361 sets forth legal conclusions for which no response is required.  To the extent a response is required, Ms. Argo denies the allegations.

## COUNT VII

362.    To the extent Paragraph 362 incorporates allegations pertaining to accounting issues unrelated to stock option grants that have been dismissed by the Court's Order and Opinion dated August 5, 2009, no response is required.  Paragraph 362 also sets forth legal conclusions as to which no response is required.  To the extent a response is required, Ms. Argo incorporates by reference her responses to Paragraphs 343 to 361, and otherwise denies the allegations.

363.    To the extent Paragraph 363 incorporates allegations pertaining to accounting issues unrelated to stock option grants that have been dismissed by the Court's Order and

Opinion dated August 5, 2009, no response is required. The remaining allegations in Paragraph 363 set forth legal conclusions for which no response is required. To the extent a response is required, Ms. Argo denies the allegations.

364.     To the extent Paragraph 364 incorporates allegations pertaining to accounting issues unrelated to stock option grants that have been dismissed by the Court's Order and Opinion dated August 5, 2009, no response is required. The remaining allegations in Paragraph 364 set forth legal conclusions for which no response is required. To the extent a response is required, Ms. Argo denies the allegations, except that she admits that she pleaded guilty to a single count of securities fraud in connection with SafeNet stock options granted in October 2001 and, in connection with her plea, acknowledged that SafeNet's accounting for certain other stock option grants was wrong.

365.     Ms. Argo lacks knowledge or sufficient information to form a belief as to the truth of the allegations of Paragraph 365 relating to the state of mind of Plaintiff Golde or any other purported Class member, and otherwise denies the allegations.

366.     Ms. Argo admits the allegations in Paragraph 366.

367.     With respect to Paragraph 367, Ms. Argo admits that Plaintiffs brought this claim within three years after SafeNet common stock was issued to Rainbow Subclass members in connection with the Rainbow acquisition, and admits that Plaintiff Golde and other members of the purported Rainbow Subclass obtained their shares before SafeNet made available to its shareholders an earnings statement covering a period of at least twelve months after the effective date of the Rainbow Registration Statement. Ms. Argo lacks knowledge or sufficient information to form a belief as to the truth the allegation that this claim was brought within one year after the purported discovery of any untrue statements in the Rainbow Registration Statement or Rainbow Proxy/Prospectus, and on that basis denies the allegation.

- 65 -

368.     To the extent Paragraph 368 incorporates allegations pertaining to accounting issues unrelated to stock option grants that have been dismissed by the Court's Order and Opinion dated August 5, 2009, no response is required.  Otherwise, Paragraph 368 sets forth legal conclusions for which no response is required.  To the extent a response is required, Ms. Argo denies the allegations.

369.     To the extent Paragraph 369 incorporates allegations pertaining to accounting issues unrelated to stock option grants that have been dismissed by the Court's Order and Opinion dated August 5, 2009, no response is required.  Otherwise, Paragraph 369 sets forth legal conclusions for which no response is required.  To the extent a response is required, Ms. Argo denies the allegations.

## COUNT VII

370.     To the extent Paragraph 370 incorporates allegations pertaining to accounting issues unrelated to stock option grants that have been dismissed by the Court's Order and Opinion dated August 5, 2009, no response is required.  Paragraph 370 also sets forth legal conclusions as to which no response is required.  To the extent a response is required, Ms. Argo incorporates by reference her responses to Paragraphs 343 to 369, and otherwise denies the allegations.

371.     Ms. Argo denies the allegations in Paragraph 371, except she admits that she participated in the preparation of the referenced proxy and prospectus, including attending meetings with senior management of Rainbow, negotiating certain terms of the merger agreement on SafeNet's behalf, including the exchange ratio; soliciting shareholder approval and market support for the acquisition via contacts with investors; and drafting, revising and approving the proxy and prospectus.

372.     To the extent Paragraph 372 incorporates allegations pertaining to accounting issues unrelated to stock option grants that have been dismissed by the Court's Order and Opinion dated August 5, 2009, no response is required.  The remaining allegations in Paragraph 372 set forth legal conclusions for which no response is required.  To the extent a response is required, Ms. Argo incorporates the answers above to the other allegations in the Complaint as if set forth fully herein and otherwise denies the allegations.

373.     Ms. Argo lacks knowledge or sufficient information to form a belief as to the truth of the allegations of Paragraph 373 regarding the knowledge or Plaintiff Golde or any other purported Class member, and otherwise denies the allegations.

374.     To the extent Paragraph 374 incorporates allegations pertaining to accounting issues unrelated to stock option grants that have been dismissed by the Court's Order and Opinion dated August 5, 2009, no response is required.  The remaining allegations in Paragraph 374 set forth legal conclusions for which no response is required.  To the extent a response is required, Ms. Argo denies the allegations, except that she admits that she pleaded guilty to a single count of securities fraud in connection with SafeNet stock options granted in October 2001 and, in connection with her plea, acknowledged that SafeNet's accounting for certain other stock option grants was wrong.

375.     With respect to Paragraph 375, Ms. Argo admits that Plaintiffs brought this claim within three years after SafeNet common stock was issued to Rainbow Subclass members in connection with the Rainbow acquisition, and admits that Plaintiff Golde and other members of the purported Rainbow Subclass obtained their shares before SafeNet made available to its shareholders an earnings statement covering a period of at least twelve months after the effective date of the Rainbow Registration Statement.  Ms. Argo lacks knowledge or sufficient information to form a belief as to the truth the allegation that this claim was brought within one

year after the purported discovery of any untrue statements in the Rainbow Registration Statement or Rainbow Proxy/Prospectus, and on that basis denies the allegation.

376.     To the extent Paragraph 376 incorporates allegations pertaining to accounting issues unrelated to stock option grants that have been dismissed by the Court's Order and Opinion dated August 5, 2009, no response is required.  Otherwise, Paragraph 376 sets forth legal conclusions for which no response is required.  To the extent a response is required, Ms. Argo denies the allegations.

377.     Ms. Argo denies that any member of the Rainbow Subclass continues to hold SafeNet stock, and thus denies the allegations in Paragraph 377.

### COUNT VIII

378.     To the extent Paragraph 378 incorporates allegations pertaining to accounting issues unrelated to stock option grants that have been dismissed by the Court's Order and Opinion dated August 5, 2009, no response is required.  Paragraph 378 also sets forth legal conclusions as to which no response is required.  To the extent a response is required, Ms. Argo incorporates by reference her responses to Paragraphs 343 to 377, and otherwise denies the allegations.

379.     Paragraph 379 sets forth  legal conclusions as to which no response by Ms. Argo is required.  To the extent a response is required, Ms. Argo denies the allegations.

380.     To the extent Paragraph 380 incorporates allegations pertaining to accounting issues unrelated to stock option grants that have been dismissed by the Court's Order and Opinion dated August 5, 2009, no response is required.  The remainder of the allegations in Paragraph 380 set forth legal conclusions for which no response is required.  To the extent a response is required, Ms. Argo incorporates the answers above to the other allegations in the Complaint as if set forth fully herein and otherwise denies the allegations.

381.     Paragraph 381 sets forth legal conclusions as to which no response by Ms. Argo is required. To the extent a response is required, Ms. Argo denies the allegations.

382.     Ms. Argo admits that she participated in the negotiation of the terms of the Rainbow Acquisition, that she attended meetings related to the acquisition, and that SafeNet retained outside advisors in connection therewith. Ms. Argo otherwise denies the allegations in Paragraph 382.

383.     To the extent Paragraph 383 incorporates allegations pertaining to accounting issues unrelated to stock option grants that have been dismissed by the Court's Order and Opinion dated August 5, 2009, no response is required. The remaining allegations in Paragraph 383 set forth legal conclusions for which no response is required. To the extent a response is required, Ms. Argo denies the allegations, except that she admits that she pleaded guilty to a single count of securities fraud in connection with SafeNet stock options granted in October 2001 and, in connection with her plea, acknowledged that SafeNet's accounting for certain other stock option grants was wrong.

384.     With respect to Paragraph 384, Ms. Argo admits that Plaintiffs brought this claim within three years after SafeNet common stock was issued to Rainbow Subclass members in connection with the Rainbow acquisition. Ms. Argo lacks knowledge or information sufficient to form a belief as to the truth the allegation that this claim was brought within one year after the purported discovery of any untrue statements in the Rainbow Registration Statement or Rainbow Proxy/Prospectus, and on that basis denies the allegation.

385.     Paragraph 385 sets forth legal conclusions as to which no response by Ms. Argo is required. To the extent a response is required, Ms. Argo denies the allegations.

Unnumbered. No response is required to Plaintiffs' prayer for relief, but Ms. Argo denies said prayer to the extent a response is required.

Ms. Argo denies all of the allegations of the Complaint not specifically admitted above.

## DEFENSES

In asserting the following defenses, Ms. Argo does not assume any burden of proof with respect to any issue where the applicable law places the burden upon Plaintiffs. Ms. Argo sets forth her defenses as follows:

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted against Ms. Argo and, as noted above, many of the claims in the Complaint were dismissed for failure to state a claim by the Court's order dated August 5, 2009.

## SECOND DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs lack standing to pursue the claims alleged against Ms. Argo.

## THIRD DEFENSE

Plaintiffs cannot establish that Ms. Argo's conduct caused them any injury.

## FOURTH DEFENSE

Plaintiffs were not damaged by Ms. Argo's conduct.

## FIFTH DEFENSE

The Complaint is not sufficiently particularized to satisfy the requirements of the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act.

## SIXTH DEFENSE

This action is not properly maintainable as a class action.

## SEVENTH DEFENSE

Plaintiffs' claims are barred by the applicable statute of limitations.

## EIGHTH DEFENSE

None of the conduct alleged in the Complaint was material to the investment decisions of reasonable investors.

## NINTH DEFENSE

The claims asserted in the Complaint are barred because Plaintiffs have sustained no legally cognizable damage by virtue of any misrepresentation or omission alleged in the Complaint. Such alleged misrepresentations and omissions did not cause or were not a material causal factor in the drop in SafeNet's stock price or value of which Plaintiffs complain.

## TENTH DEFENSE

Under any theory of liability, Plaintiffs may not recover damages based on depreciation in value of SafeNet stock that resulted from factors other than the allegedly material misstatements or omissions cited in the Complaint.

## ELEVENTH DEFENSE

Plaintiff's losses, if any, were caused by market factors, superseding or intervening causes, and other factors for which Ms. Argo is not responsible, or acts of other persons for which Ms. Argo is not responsible, and did not result from any acts or omissions of Ms. Argo.

## TWELFTH DEFENSE

The claims asserted in the Complaint are barred in whole or in part because Plaintiffs did not actually or reasonably rely on SafeNet's relevant public filings and press releases alleged in the Complaint to be materially false or misleading when made.

## THIRTEENTH DEFENSE

To the extent the Complaint challenges any statements attributable to Ms. Argo that were forward-looking statements or other cautionary statements, Plaintiffs' claims are barred, in whole or in part, because such statements are protected by the Safe Harbor provisions of the PSLRA

and/or by the bespeaks caution doctrine.  Such statements were made without actual knowledge

that the statement was false or misleading, were accompanied by meaningful cautionary

statements identifying important factors that could cause actual results to differ materially from

those in the forward-looking statement, and constitute expressions of honest opinion or corporate

optimism.

### FOURTEENTH DEFENSE

Plaintiffs failed to exercise due care or mitigate their damages with respect to the

transactions or purchases that allegedly form the basis of the claims against SafeNet.

### FIFTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that they would have

purchased SafeNet securities even with full knowledge of the facts that they allege were

misrepresented or omitted.

### SIXTEENTH DEFENSE

Plaintiffs are not entitled to any recovery from Ms. Argo because the actions or inactions

of Ms. Argo were not the sole or partial cause of any decision by any Plaintiffs to purchase

SafeNet securities.

### SEVENTEENTH DEFENSE

Plaintiffs are not entitled to any recovery or remedy for their purported claims against

Ms. Argo to the extent that they (or persons acting on their behalf) knew, or in the exercise of

reasonable diligence or care should have known, the facts concerning the allegedly material

misstatements or omissions cited in the Complaint.

### EIGHTEENTH DEFENSE

To the extent Plaintiffs seek to establish reliance based on a "fraud on the market" presumption of market efficiency, such a presumption is inapplicable to the extent the markets for the SafeNet securities upon which Plaintiffs base their claims were not efficient.

### NINETEENTH DEFENSE

Plaintiffs assumed the risk that the market value of the SafeNet securities they purchased might decline as a result of unforeseeable events beyond the control of Ms. Argo.

### TWENTIETH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because of the lack of transaction causation and/or loss causation.

### TWENTY-FIRST DEFENSE

The claims asserted in the Complaint are barred to the extent that they have been settled, compromised, released, or otherwise discharged.

### TWENTY-SECOND DEFENSE

The claims asserted in the Complaint are barred because Ms. Argo had, after a reasonable and diligent investigation, reasonable grounds to believe, and did believe, at the time its registration statements and prospectuses became effective, that certain of the representations in the registration statements and prospectuses that Plaintiffs challenge were true and that as to those representations there were no misstatements of material fact or omissions of material fact that were necessary to make the representations therein not misleading.

### TWENTY-THIRD DEFENSE

Ms. Argo is not liable for Plaintiff's claims, and Plaintiffs claims are barred in whole or in part, because, with respect to certain matters, she relied in good faith upon the professional judgments of SafeNet's internal and outside auditors as to issues which she reasonably believed

- 73 -

to be within such persons' professional or expert competence, and to detect, discover, audit, and correct any allegedly material misstatements or omissions cited in the Complaint.

### TWENTY-FOURTH DEFENSE

Ms. Argo is not liable for Plaintiff's claims because, with respect to certain matters, she relied in good faith upon the information, opinions, reports or statements prepared or presented by one or more officers or employees of the Company whom Ms. Argo reasonably believed to be reliable and competent in the matters presented.

### TWENTY-FIFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that the damages sought exceed those permitted under the 1933 Act, the 1934 Act, or any other applicable rule or regulation promulgated thereunder.

### TWENTY-SIXTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs benefited in any manner from the alleged inflated market price of the SafeNet securities.

### TWENTY-SEVENTH DEFENSE

Plaintiffs' claims for equitable relief are barred, in whole or in part, because Plaintiffs have adequate remedies at law.

### TWENTY-EIGHTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by various doctrines, including estoppel, unclean hands, *in pari delicto,* waiver, laches, undue delay, ratification and affirmance.

### TWENTY-NINTH DEFENSE

Ms. Argo hereby gives notice that she intends to rely upon such other and further defenses as may become available or apparent during pre-trial proceedings in this case and hereby reserves her rights to amend her answer and assert such defenses.

## THIRTIETH DEFENSE

Ms. Argo is entitled to receive contribution and/or indemnity from others for any liability she incurs.

## THIRTY-FIRST DEFENSE

Plaintiffs are not entitled to attorneys' fees under any act or theory upon which the Plaintiffs' claims are based.

## THIRTY-SECOND DEFENSE

Any award of punitive or exemplary damages would violate the procedural and/or substantive due process safeguards provided under the Fifth, Sixth, Eighth and/or Fourteenth Amendments to the Constitution of the United States and/or under the Constitution of the State of Maryland and/or various federal and state statutes and regulations.

## THIRTY-THIRD DEFENSE

Ms. Argo is not liable to the extent the acts or omissions alleged in the Complaint relate to any portion of the referenced registration statements and prospectuses that were reviewed by experts retained to assist in preparing the registration statements and prospectuses, as to which Ms. Argo conducted a reasonable and diligent investigation.

\* \* \* \* \*

Ms. Argo reserves the right to amend her Answer to add any additional defenses, cross-claims, and third-party claims not asserted herein of which she may become aware through discovery or other investigation.

## PRAYER FOR RELIEF

WHEREFORE, Ms. Argo prays (a) that judgment be entered dismissing the Second Consolidated Amended Complaint on the merits, in its entirety and with prejudice, (b) that Plaintiffs take nothing by reason of the Complaint herein, (c) that Ms. Argo recover her

expenses, costs, and attorneys' fees in connection with this lawsuit, (d) for a jury of 12 persons

on any triable issues, and (e) that this Court grant such other relief as it deems just and

appropriate.

Dated: June 11, 2010                         Respectfully Submitted

                                             By: ___/s/ Matthew B. Holmwood_____
                                             Matthew B. Holmwood (pro hac vice)
                                             WILMER CUTLER PICKERING HALE AND
                                             DORR LLP
                                             1875 Pennsylvania Avenue NW
                                             Washington, D.C. 20006
                                             Telephone: (202) 663-6000
                                             matthew.holmwood@wilmerhale.com

                                             Paul A. Engelmayer
                                             WILMER CUTLER PICKERING HALE AND
                                             DORR LLP
                                             399 Park Avenue
                                             New York, NY 10022
                                             Telephone: (212) 230-8800
                                             paul.engelmayer@wilmerhale.com

                                             Benjamin C. Brown (pro hac vice)
                                             WILMER CUTLER PICKERING HALE AND
                                             DORR LLP
                                             1875 Pennsylvania Avenue NW
                                             Washington, D.C. 20006
                                             Telephone: (202) 663-6000
                                             ben.brown@wilmerhale.com

                                             *Attorneys for Defendant*
                                             *Carole D. Argo*

## CERTIFICATE OF SERVICE

I certify that on this 11th day of June 2010, I caused the foregoing **DEFENDANT CAROLE D. ARGO'S ANSWER TO THE SECOND CONSOLIDATED AMENDED CLASS ACTION COMPLAINT** to be filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

By: ___/s/ Matthew B. Holmwood_____
Matthew B. Holmwood (pro hac vice)
WILMER CUTLER PICKERING HALE
AND DORR LLP
1875 Pennsylvania Avenue NW
Washington, D.C. 20006
Telephone: (202) 663-6000
matthew.holmwood@wilmerhale.com