**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| POLICE AND FIRE RETIREMENT SYSTEM OF THE CITY OF DETROIT, PLYMOUTH COUNTY RETIREMENT SYSTEM, STATE-BOSTON RETIREMENT SYSTEM, and MICHAEL GOLDE, On Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>SAFENET, INC., ANTHONY A. CAPUTO, KENNETH A. MUELLER, CAROLE D. ARGO, THOMAS A. BROOKS, IRA A. HUNT, Jr., BRUCE R. THAW, ARTHUR L. MONEY, SHELLEY A. HARRISON and ANDREW E. CLARK,<br><br>Defendants. | Lead Case No. 06-cv-5797 (PAC) |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
(A) LEAD PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION
SETTLEMENT AND PLAN OF ALLOCATION, (B) LEAD COUNSEL'S MOTION
FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF
LITIGATION EXPENSES AND (C) THE CLASS REPRESENTATIVES' REQUEST
FOR AN AWARD OF EXPENSES UNDER 15 U.S.C. § 78u-4(a)(4)**

**LABATON SUCHAROW LLP**
140 Broadway
New York, New York 10005
(212) 907-0700

**BERNSTEIN LITOWITZ BERGER
& GROSSMANN LLP**
1285 Avenue of the Americas
New York, New York 10019
(212) 554-1400

*Lead Counsel for Lead Plaintiffs, the Settlement Class and Subclass*

The Court-appointed Class Representatives – the Police and Fire Retirement System of the City of Detroit ("Detroit P&F") and the Plymouth County Retirement System ("Plymouth") – and the Court-appointed Subclass Representative Michael Golde ("Golde") (collectively "Lead Plaintiffs") and the undersigned Court-appointed Lead Counsel respectfully submit this reply memorandum of law in further support of (i) Lead Plaintiffs' motion for final approval of the proposed Settlement and the proposed Plan of Allocation of the net settlement proceeds; (ii) Lead Counsel's motion for an award of attorneys' fees and reimbursement of litigation expenses, and (iii) the Lead Plaintiffs' respective applications for an award of their reasonable costs and expenses pursuant to 15 U.S.C. § 78u-4(a)(4).[1]

## PRELIMINARY STATEMENT

Lead Plaintiffs and Lead Counsel are pleased to advise the Court that there is ***not a single objection*** to the proposed Settlement, the proposed Plan of Allocation, Lead Counsel's motion for an award of attorneys' fees and reimbursement of expenses, or Lead Plaintiffs' applications for awards of reasonable costs and expenses. Additionally, there have been no requests for exclusion by any Class Member.

As set forth in the Affidavit of Michelle M. La Count, Esq., dated November 19, 2010 (Dkt. No. 136-2) (the "La Count Mailing Affidavit"), the Court-appointed Claims Administrator in this matter – A.B. Data, Ltd. – provided notice of the proposed Settlement in accordance with the directions set forth in the Court's Preliminary Approval Order. *See* La Count Mailing Affidavit at ¶¶ 5-9. As of November 18, 2010, a total of 52,217 copies of the Notice Packet –

---

[1] Unless otherwise noted, capitalized terms shall have the meanings set out in the Stipulation and Agreement of Settlement dated September 13, 2010 (Dkt. No. 130, Ex. 1).

consisting of the Notice of Pendency and Proposed Settlement of Class Action (the "Notice")

and the Proof of Claim form (the "Claim Form") – had been mailed to potential members of the

Settlement Class and nominees. *Id.* at ¶ 8.   As of December 9, 2010, an additional 1,357 copies

of the Notice Packet have been mailed, for a total of 53,574 mailings of the Notice Packet.[2]   *See*

Supplemental Affidavit of Michelle M. La Count, Esq. Regarding (A) Mailing of the Notice and

Proof of Claim; and (B) Report on Requests for Exclusion Received, dated December 9, 2010

(the "La Count Supplemental Affidavit", filed herewith), at ¶¶ 4-5.   In addition, the Summary

Notice was published in *Investor's Business Daily* and released over the *Business Wire* on

October 20, 2010, in accordance with the Preliminary Approval Order.   *See* La Count Mailing

Affidavit at ¶¶ 13-14.

The Notice set out the essential terms of the Settlement and informed potential Settlement

Class members of their rights to opt out of the Settlement Class or to object.   *See* Notice attached

as Exhibit A to the La Count Mailing Affidavit, at ¶¶ 13, 18.   As set forth in the Notice and

directed by the Court in the Preliminary Approval Order, (1) any objections to the Settlement,

the Plan of Allocation, Lead Counsel's motion for an award of attorneys' fees and

reimbursement of expenses and/or Lead Plaintiffs' respective applications for expenses under 15

U.S.C. §78u-4(a)(4); and (2) any requests for exclusion from the Settlement, were all required to

be submitted so as to be received no later than 21 calendar days prior to the December 20, 2010

final approval hearing – *i.e.*, by November 29, 2010.   *Id.*   That deadline has now passed.   As set

forth above, there are no objections to any aspect of the Settlement or to any of the applications

---

[2] Of the total 53,574 Notice Packets mailed, 4,073 were returned as undeliverable by the United States Postal Service; of those returned, the Claims Administrator was able to obtain updated addresses for 291 and these Notice Packets were re-mailed to the new address.   *See* La Count Supplemental Affidavit ¶ 6.

for an award of fees or expenses.   *See* Reply Declaration of William C. Fredericks, dated December 13, 2010, at ¶¶ 3-4, filed herewith (the "Fredericks Reply Declaration"). Additionally, there are no requests for exclusion by any Class Member.   *See* La Count Supplemental Affidavit at ¶ 7; Fredericks Reply Declaration at ¶¶ 3-4.

**THE SETTLEMENT CLASS'S REACTION SUPPORTS APPROVAL OF THE SETTLEMENT, THE PLAN OF ALLOCATION, THE REQUESTED ATTORNEYS' FEE AND EXPENSE AWARD AND THE REQUESTED 15 U.S.C. § 78u-4(a)(4) AWARDS TO LEAD PLAINTIFFS**

Lead Plaintiffs and Lead Counsel respectfully submit that their opening papers in support of the proposed Settlement, the proposed Plan of Allocation, the application for attorneys' fees and reimbursement of litigation expenses, and Lead Plaintiffs' respective applications for an award of reasonable costs and expenses, demonstrate why approval of each motion is warranted. Now that the time for objecting or requesting exclusion from the Settlement Class has passed, the reaction of the Settlement Class clearly supports that conclusion.   The fact that there are ***no*** objections or requests for exclusion from the Settlement is a very strong indication that the Settlement is fair and in the best interests of the Settlement Class, that the proposed Plan of Allocation of the net proceeds of the Settlement is equitable, and that Lead Counsel's fee and expense request and Lead Plaintiffs' requests under 15 U.S.C. §78u-4(a)(4) are reasonable.

In considering approval of a proposed class action settlement, the reaction of the class is the second factor listed by the Second Circuit in *City of Detroit v. Grinnell Corp*., 495 F.2d 448, 463 (2d Cir. 1974).  Similarly, as stated in *Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 119 (2d Cir. 2005), "the favorable reaction of the overwhelming majority of class members to the Settlement is perhaps the most significant factor in our *Grinnell* inquiry."  *See also In re Veeco Instruments Inc. Sec. Litig.*, No. 05 MDL 01695 (CM), 2007 WL 4115809, at *7

(S.D.N.Y. Nov. 7, 2007) ("The strong favorable reaction of the class is overwhelming evidence that the Settlement is fair, reasonable and adequate."); *Maley v. Del. Global Techs. Corp.*, 186 F. Supp. 2d 358, 374 (S.D.N.Y. 2002) (the "overwhelmingly positive response by the Class attests to the approval of the Class with respect to the Settlement and the fee and expense application"). Courts are particularly inclined to approve a class action settlement where, as here, not a single objection is received.  *See Maley*, 186 F. Supp. 2d at 362 (that "not a single objection to the Settlement was received" and that there were very few requests for exclusion from the class was "strong evidence that the Settlement is fair, reasonable, and adequate"); *Veeco*, 2007 WL 4115809, at *7 ("The lack of objections provides effective evidence of the fairness of the Settlement."); *In re EVCI Career Colls. Holding Corp. Sec. Litig.*, No. 05 Civ. 10240, 2007 WL 2230177, at *6 (S.D.N.Y. July 27, 2007) (approving settlement with no objections).

With respect to approval of the proposed Plan of Allocation, courts give great weight to the opinion of experienced counsel.  *See* Memorandum of Law in Support of Lead Plaintiffs' Motion for Final Approval, at 16.  However, the uniform approval of the Settlement Class here is additional strong support for approval of the proposed Plan of Allocation.  *See EVCI*, 2007 WL 2230177, at *11 (noting that courts should "consider the reaction of a class to a plan of allocation" and that, where no objections are received "the Plan of Allocation should be approved"); *Maley*, 186 F. Supp. 2d at 367 (finding that "the favorable reaction of the Class supports approval of the proposed Plan of Allocation" where "no Class member ha[d] objected to the Plan"); *In re Am. Bank Note Holographics, Inc. Sec. Litig.,* 127 F. Supp. 2d 418, 430 (S.D.N.Y. 2001) ("the lack of any objections suggests that approval of the Plan of Allocation is warranted").

Finally, with respect to Lead Counsel's motion for an award of attorneys' fees and reimbursement of litigation expenses and Lead Plaintiffs' applications for reimbursement of their reasonable costs and expenses, in addition to the bases for approval set forth in Lead Counsel's opening memorandum and in the supporting declarations of Lead Counsel and the representatives of Lead Plaintiffs, the fact that there are **no objections** from Class Members to the requested attorneys' fees or expense applications strongly supports approval.[3]   The reaction of class members to fee and expense requests "is entitled to great weight by the Court" and the absence of any objection "suggests that [a] fee request is fair and reasonable."  *In re Veeco Instruments Inc. Sec. Litig.*, No. 05 MDL 01695 (CM), 2007 WL 4115808, at *10 (S.D.N.Y. Nov. 7, 2007).  *See also In re Flag Telecom Holdings, Ltd. Sec. Litig.*, No. 02-CV-3400, 2010 WL 4537550, at *29, *31 (S.D.N.Y. Nov. 8, 2010) (noting the absence of any objections to lead counsel's fee and expense request or to lead plaintiffs' requests for expenses under the PSLRA, and finding that this "overwhelmingly positive reaction . . . attests to the approval of the Class"); *Maley*, 186 F. Supp. 2d at 374 (the lack of any objection to the fee request or expense reimbursement represented an "overwhelmingly positive response by the Class" and supported approval of fee and expense application).

## CONCLUSION

For the reasons set forth herein and in Lead Plaintiffs' and Lead Counsel's initial memoranda of law, Lead Plaintiffs and Lead Counsel respectfully request that the Court approve

---

[3] Lead Counsel's initial papers stated that the general counsel of Lead Plaintiff Detroit P&F had found Lead Counsel's requested fee to be fair and reasonable, subject to approval by Detroit P&F's board of trustees.  Following the filing of those papers, on November 23, 2010, Detroit P&F's board met and unanimously approved (by a 10-0 vote) Lead Counsel's requested 28.5% fee award.  *See* Fredericks Reply Declaration at ¶ 6.

the proposed Settlement as fair, reasonable and adequate, approve the proposed Plan of Allocation, and approve Lead Counsel's request for attorneys' fees and reimbursement of expenses and Lead Plaintiffs' respective applications for an award of reasonable costs and expenses.

Dated: New York, New York
      December 13, 2010

Respectfully submitted,

**BERNSTEIN LITOWITZ BERGER**
**& GROSSMANN LLP**

/s/ William C. Fredericks
William C. Fredericks
Jeremy P. Robinson
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 544-1400
Facsimile:  (212) 554-1444

**LABATON SUCHAROW LLP**

Lawrence Sucharow
Jonathan Gardner
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile:  (212) 818-0477

*Lead Counsel for Lead Plaintiffs, the*
*Settlement Class and Subclass*

#499738