UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| POLICE AND FIRE RETIREMENT SYSTEM OF THE CITY OF DETROIT, PLYMOUTH COUNTY RETIREMENT SYSTEM, STATE-BOSTON RETIREMENT SYSTEM, and MICHAEL GOLDE, On Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>SAFENET, INC., ANTHONY A. CAPUTO, KENNETH A. MUELLER, CAROLE D. ARGO, THOMAS A. BROOKS, IRA A. HUNT, Jr., BRUCE R. THAW, ARTHUR L. MONEY, SHELLEY A. HARRISON, and ANDREW E. CLARK,<br><br>Defendants. | Lead Case No. 06-cv-5797 (PAC)<br><br>USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #: _____<br>DATE FILED: 20 DEC 2010 |

## [PROPOSED] ORDER AWARDING ATTORNEYS' FEES AND EXPENSES

This matter came for hearing on December 20, 2010 (the "Settlement Hearing") (a) on the application of Lead Counsel for an award of attorneys' fees and reimbursement of litigation expenses and (b) on the Applications of the Court-appointed Class Representatives (Police and Fire Retirement System of the City of Detroit ("Detroit P&F") and Plymouth County Retirement System ("Plymouth")) and Subclass Representative (Michael Golde) (collectively "Lead Plaintiffs") for awards of their respective costs and expenses pursuant to 15 U.S.C. § 78u-4(a)(4).

Having considered all matters presented to it at the Settlement Hearing and otherwise; and it appearing that notice of the Settlement Hearing in the form approved by the Court were mailed to all Class Members that could be identified with reasonable effort, and that summary notices of the

hearing in the form approved by the Court were published in *Investor's Business Daily* and over the *Business Wire,* and the Court having duly considered the above-referenced applications,,

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement dated September 13, 2010 (the "Stipulation"), and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation unless otherwise specified.

2. The Court has jurisdiction to enter this Order, and has jurisdiction over the subject matter of this Litigation and all parties thereto, including all Class Members.

3. Notice of Lead Counsel's application for attorneys' fees and reimbursement of expenses (and of the Lead Plaintiffs' respective applications) was given to all Class Members who could be identified with reasonable effort, and the form and method of notifying the Settlement Class of the applications constituted due, adequate, and sufficient notice to all persons or entities entitled to receive notice of the motion and satisfied the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and the Private Securities Litigation Reform Act of 1995 (as codifed at 15 U.S.C. §77z-1(a)(7) and 15 U.S.C. §78u-4(a)(7)).

4. Lead Counsel are hereby awarded attorneys' fees in the amount of _28.5_ % of the Settlement Fund, which award the Court finds to be fair and reasonable, and $ _447,817.37_ in reimbursement of litigation expenses, with interest on such expenses at the same rate as earned by the Settlement Fund from the dates it was funded to the date of payment, to be paid from the Settlement Fund. Lead counsel shall allocate the attorneys' fees award between their two firms consistent with the terms of the Stipulation.

5. Class Representative Detroit P&F is awarded $ _13,800.00_ as reimbursement for its costs and expenses directly relating to its services in representing the Settlement Class.

6. Class Representative Plymouth is awarded $ _10,000.00_ as reimbursement for its costs and expenses directly relating to its services in representing the Settlement Class.

7. Subclass Representative Michael Golde is awarded $ _14,250.00_ as reimbursement for his costs and expenses directly relating to his services in representing the Settlement Class and Subclass.

8. In making the foregoing awards of attorneys' fees and reimbursement of expenses to be paid from the Settlement Fund, the Court has considered and found as follows:

(a) The Settlement has created an all-cash settlement fund of $25 million that is already on deposit and earning interest, and numerous Class Members who submit acceptable Proofs of Claim will benefit from the Settlement created by Lead Counsels' efforts;

(b) The requested attorneys' fee award has been reviewed and approved as fair and reasonable by Lead Plaintiffs Detroit P&F and Plymouth (who are sophisticated institutional investors that were directly involved in the prosecution and resolution of the Litigation and who have a substantial interest in insuring that any fees paid to Lead Counsel are duly earned and not excessive), and by Subclass Representative Golde (who is an experienced investor and attorney who was also directly involved in the prosecution of the Litigation).

(c) Over 49,000 copies of the Notice have been disseminated to putative Class Members stating that Lead Counsel would apply for attorneys' fees equal to 28.5% of the Settlement Fund, and for reimbursement of expenses incurred in connection with the prosecution and resolution of this Litigation of not more than $675,000 (including Lead Plaintiffs' respective applications for costs and expenses), and no Class Member has objected to any of the fee or expense applications;

(d) Lead Counsel have conducted the Litigation and achieved the Settlement with skill, perseverance and diligent advocacy;

(e) The Litigation involves complex factual and legal issues and, in the absence of settlement, would involve lengthy proceedings whose resolution would be uncertain;

(f) Had the Settlement not been achieved, there was significant risk that Lead Plaintiffs and the Settlement Class would have recovered less or nothing in this action; and

(g) The amounts of the attorneys' fees awarded and expenses reimbursed are fair and reasonable, and consistent with awards in similar cases.

9. Any appeal or any challenge affecting this Court's approval of any application for attorneys' fees and expense application (including the Lead Plaintiffs' expense applications) shall in no way disturb or affect the finality of the Judgment entered with respect to the Settlement.

10. The Court retains exclusive jurisdiction over the parties and the Class Members for all matters relating to this Litigation, including the administration and the distribution of the settlement proceeds to the members of the Settlement Class.

11. If the Settlement is terminated or does not become Final or the Effective Date does not occur pursuant to the terms of the Stipulation, this Order shall be rendered null and void to the extent provided by the Stipulation, and shall be vacated in accordance with the terms thereof.

12. There is no just reason for delay in the entry of this Order, and immediate entry by the Clerk of the Court is expressly directed.

Dated: New York, NY
December 20, 2010

_____
Honorable Paul A. Crotty
UNITED STATES DISTRICT JUDGE

# 501742

4