Crotty, J

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| POLICE AND FIRE RETIREMENT SYSTEM OF THE CITY OF DETROIT, PLYMOUTH COUNTY RETIREMENT SYSTEM, STATE-BOSTON RETIREMENT SYSTEM, and MICHAEL GOLDE, On Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>SAFENET, INC., ANTHONY A. CAPUTO, KENNETH A. MUELLER, CAROLE D. ARGO, THOMAS A. BROOKS, IRA A. HUNT, Jr., BRUCE R. THAW, ARTHUR L. MONEY, SHELLEY A. HARRISON, and ANDREW E. CLARK,<br><br>Defendants. | Lead Case No. 06-cv-5797 (PAC)<br><br><br>USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #:<br>DATE FILED: 12-11-12 |

## [PROPOSED] ORDER APPROVING DISTRIBUTION PLAN

Lead Plaintiffs, on notice to Settling Defendants' Counsel, moved this Court for an order approving a distribution plan for the Net Settlement Fund, and the Court having considered all the materials and arguments submitted in support of the motion, including the Declaration of Anya Verkhovskaya in Support of Lead Plaintiffs' Motion for Approval of Distribution Plan (the "Verkhovskaya Declaration") and Lead Plaintiffs' Memorandum in Support of Motion for Approval of Distribution Plan, submitted therewith;

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement dated September 13, 2010 (the "Stipulation") and the Verkhovskaya Declaration and all

terms used herein shall have the same meanings as set forth in the Stipulation and the Verkhovskaya Declaration.

2. This Court has jurisdiction over the subject matter of the action and over all parties to the action, including all Class Members.

3. Lead Plaintiffs' plan for distribution of the Net Settlement Fund to Authorized Claimants is **APPROVED**. Accordingly,

    a. The administrative recommendations of the Court-approved Claims Administrator, A.B. Data, Ltd. ("A.B. Data"), to accept the timely filed and valid claims set forth in Exhibit B to the Verkhovskaya Declaration and the untimely filed but otherwise valid claims set forth in Exhibit C to the Verkhovskaya Declaration, are adopted;

    b. The Claims Administrator's administrative recommendations to reject wholly ineligible or otherwise deficient claims, as set forth in Exhibit D to the Verkhovskaya Declaration, are adopted;

    c. A.B. Data is directed to distribute 100% of the available balance of the Net Settlement Fund, after deducting the payments previously allowed and approved herein, and after payment of any estimated taxes and the costs of preparing appropriate tax returns and any escrow fees, to the Authorized Claimants who would receive at least $10.00 based on their Recognized Claims in comparison to the total Recognized Claims of all Authorized Claimants (the "Distribution"), as further detailed in paragraph 32 of the Verkhovskaya Declaration;

    d. In order to encourage Authorized Claimants to cash their Distribution checks promptly and to avoid or reduce future expenses relating to unpaid Distribution checks, all Distribution checks shall bear the following notation: *"CASH PROMPTLY, VOID AND*

SUBJECT TO RE-DISTRIBUTION IF NOT CASHED BY [DATE 120 DAYS AFTER ISSUE DATE]";

     e.    Authorized Claimants who do not cash their Distribution checks within the time allotted or on the conditions set forth in paragraph 32(b) footnote 4 of the Verkhovskaya Declaration will irrevocably forfeit all recovery from the Settlement. The funds allocated to all such uncashed checks will be available for re-distribution to other Authorized Claimants. Similarly, Authorized Claimants who do not cash subsequent distributions within the time allotted or on the conditions set forth in paragraph 32(b) footnote 4 of the Verkhovskaya Declaration will irrevocably forfeit any further recovery from the Settlement.

     f.    If any funds remain in the Net Settlement Fund after the Distribution because of returned or uncashed checks or other reasons, then, after A.B. Data has made reasonable efforts to have Authorized Claimants cash their Distribution checks, the balance remaining in the Net Settlement Fund subsequent to the passage of six (6) months from the Distribution shall be re-distributed to Authorized Claimants who have cashed their Distribution checks and who would receive at least $10.00 from such re-distribution, after payment of any unpaid costs or fees incurred in administering the Net Settlement Fund (including for such re-distribution), if Lead Counsel, in consultation with A.B. Data, determine that such re-distribution is cost-effective. Additional re-distributions to Authorized Claimants who have cashed their previous distribution checks and who would receive at least $10.00 from such re-distribution may occur thereafter in six (6)-month intervals if Lead Counsel, in consultation with A.B. Data, determine that additional re-distribution is cost-effective. At such time as it is determined that the re-distribution of funds remaining in the Net Settlement

Fund is not cost-effective, the remaining balance of the Net Settlement Fund shall be contributed to non-sectarian, not-for-profit 501(c)(3) organizations recommended by Lead Counsel and approved by the Court;

  g. All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Claim Forms submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund, are hereby released and discharged from any and all claims arising out of such involvement, and all Class Members, whether or not they receive payment from the Net Settlement Fund, are hereby barred from making any further claims against the Net Settlement Fund, Lead Plaintiffs, Lead Counsel, the Claims Administrator, the Escrow Agent or any other agent retained by Lead Plaintiffs or Lead Counsel in connection with the administration or taxation of the Settlement Fund or the Net Settlement Fund beyond the amount allocated to Authorized Claimants;

  h. No Claim Forms received after November 28, 2012 may be accepted for payment and no adjustments to Claim Forms received may be made after November 28, 2012, subject to the following exception. If claims are received or modified after November 28, 2012 that would have been eligible for payment or additional payment under the Court-approved Plan of Allocation if they had been timely received, then, at the time that Lead Counsel and A.B. Data agree that a redistribution is not cost effective as provided in subparagraph f. above, such claims may be paid the distribution amounts or additional distribution amounts on a *pro rata* basis to bring them into parity with other Authorized Claimants who have cashed all their prior distributions to the extent possible;

i.  All of the fees and expenses incurred and to be incurred by A.B. Data in connection with its administration of the settlements are approved; Lead Counsel shall direct payment of $7,828.23 out of the Settlement Fund to A.B. Data for the unpaid balance of such fees and expenses; and

j.  Paper copies of the Claim Forms and other physical media submitted by claimants may be destroyed one year after the Distribution, and electronic copies of claim records may be destroyed three years after the final distribution.

4.  This Court retains jurisdiction to consider any further applications concerning the administration of the Settlement, and such other and further relief as this Court deems appropriate.

SO ORDERED:

Dated: New York, New York
 December 11, 2012

_____
PAUL A. CROTTY
United States District Judge